# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| VIDEOSHARE, LLC | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION No. 6:19-cv-00663-ADA |
| | § | JURY TRIAL DEMANDED |
| GOOGLE LLC and YOUTUBE, LLC | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS
## BASED ON CLAIM PRECLUSION

**TABLE OF CONTENTS**

Page

I. FACTS ........................................................................................................................... 2

II. LEGAL STANDARD .................................................................................................... 3

III. VIDEOSHARE'S LAWSUIT AGAINST GOOGLE AND YOUTUBE IS BARRED BY CLAIM PRECLUSION ................................................................................ 4

    A. The Parties In The Two Actions Are Identical ....................................................... 4

    B. The Original Judgment Was Rendered In A Court With Proper Jurisdiction.......... 4

    C. There Was A Final Judgment On The Merits ......................................................... 4

    D. The Two Actions Involve The Same Cause Of Action .......................................... 5

        1. The accused products and processes are the same ...................................... 6

        2. The scope of the asserted patent claims are essentially the same ............... 6

IV. CONCLUSION ............................................................................................................. 10

## TABLE OF AUTHORITIES

Page

**CASES**

*Abbvie Inc. v. Mathilda & Terence Kennedy Inst. of Rheumatology Tr.*,
764 F.3d 1366 (Fed. Cir. 2014) .................................................................................................. 6

*Acumed LLC v. Stryker Corp.*,
525 F.3d 1319 (Fed. Cir. 2008) .................................................................................................. 5

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ................................................................................................................... 3

*Aspex Eyewear, Inc. v. Marchon Eyewear, Inc.*,
672 F.3d 1335 (Fed. Cir. 2012) ......................................................................................... 6, 7, 9

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ................................................................................................................... 3

*Brain Life, LLC v. Elekta, Inc.*,
746 F.3d 1045 (Fed. Cir. 2014) .................................................................................................. 5

*Brown v. Felsen*,
442 U.S. 127 (1979) ................................................................................................................... 5

*Duffie v. United States*,
600 F.3d 362 (5th Cir. 2010) .................................................................................................. 3, 5

*Federated Dep't Stores Inc. v. Moitie*,
42 U.S. 394 (1981) ..................................................................................................................... 3

*Phil-Insul Corp. v. Airlite Plastics Co.*,
854 F.3d 1344 (Fed. Cir. 2017) .................................................................................................. 4

*Roche Palo Alto LLC v. Apotex, Inc.*,
531 F.3d 1372 (Fed. Cir. 2008) .................................................................................................. 3

*Senju Pharm. Co. v. Apotex Inc.*,
746 F.3d 1344 (Fed. Cir. 2014) ................................................................................ 3, 5, 6, 7, 9, 10

*SimpleAir, Inc. v. Google LLC*,
884 F.3d 1160 (Fed. Cir. 2018) ....................................................................................... 3, 5, 6, 7, 9

*VideoShare, LLC v. Google Inc.*,
695 F. App'x 577 (Fed. Cir. 2017) ......................................................................................... 2, 4

*VideoShare, LLC v. Google, Inc. and YouTube, LLC*,
No. 13-cv-990 (GMS) ............................................................................................................ 2, 6

*VideoShare, LLC v. Google, Inc.*,
2016 WL 4137524 (D. Del. Aug. 2, 2016) ............................................................................. 2, 4

# TABLE OF AUTHORITIES
## (continued)

**Page**

**STATUTES**

28 U.S.C. § 1295 ............................................................................................................... 4

28 U.S.C. § 1338 ............................................................................................................... 4

Del. Code tit. 8, § 266(h) .................................................................................................. 4

**OTHER AUTHORITIES**

Restatement (Second) of Judgments ................................................................................ 5

This case should be immediately dismissed because the plaintiff, VideoShare, LLC ("VideoShare"), previously filed and lost on the merits the same cause of action (patent infringement) against the same Defendants in this case (Google LLC and YouTube, LLC) on the same product (YouTube) asserting essentially the same patent. Specifically, in 2016, a federal court in Delaware held that the previously litigated patent was invalid under § 101. The Federal Circuit summarily affirmed that decision. The patent asserted in this litigation, U.S. Patent No. 10,362,341 ("the '341 Patent"), is a continuation of that previously litigated patent, U.S. Patent No. 8,464,302 ("the '302 Patent").

Res judicata, also known as claim preclusion, provides that a judgment on the merits involving the same parties bars a second suit based on the same cause of action. That doctrine bars VideoShare's current suit against Defendants. Federal courts have repeatedly applied this doctrine to reject serial attempts to litigate continuation and other related patents. Because the cause of action in this litigation has already been resolved in Defendants' favor, Defendants are entitled to judicial finality and repose.

Defendants recognize that the Court denied the parties' joint motion to stay the litigation pending the outcome of Defendants' Rule 12(b)(6) motion challenging § 101 eligibility, which Defendants intended to raise in the present motion along with their claim preclusion ground. Dkt. 15. To be clear, this motion does not address the issue of § 101 eligibility on the merits. Indeed, the Court need not and should not reach that merits question when deciding this procedural motion as to whether claim preclusion applies.[1] Defendants request that the Court grant this motion to dismiss and hold that VideoShare's claims are barred by claim preclusion.

---

[1] Defendants reserve the right to argue that, on the merits, the '341 Patent is invalid under § 101.

I.  **FACTS**

On June 4, 2013, VideoShare filed suit in the District of Delaware asserting that Defendants infringed the '302 Patent and an additional patent. *VideoShare, LLC v. Google, Inc. and YouTube, LLC*, No. 13-cv-990 (GMS). VideoShare identified "Defendants' infringing products and services" as "products and services for receiving, converting, and sharing streaming video, including those marketed as YouTube." *Id.*, Dkt. 47 ¶ 11 (D. Del. June 9, 2015). On December 18, 2015, Defendants filed a Rule 12(c) motion, asserting lack of patentable subject matter of both patents-in-suit. On August 2, 2016, the district court issued an Order finding both patents-in-suit invalid under § 101. *VideoShare, LLC v. Google, Inc.*, 2016 WL 4137524 (D. Del. Aug. 2, 2016) ("*VideoShare I*"). On August 16, 2017, the Federal Circuit affirmed the Order. *VideoShare, LLC v. Google Inc.*, 695 F. App'x 577 (Fed. Cir. 2017) ("*VideoShare II*").

On January 23, 2019, VideoShare filed the patent application that would later issue as the '341 Patent, reciting seven claims. The '341 Patent is a continuation of the '302 Patent, which means that it shares an identical specification except for the '341 Patent's more extensive listing of related patent applications. The patents have the same title and identify the same three named inventors.

On April 4, 2019, the examiner issued a rejection of all claims for nonstatutory double patenting, finding that the claims of the '341 Patent were not patentably distinct from the claims of the '302 Patent. Declaration of Bill Trac ("Trac Decl.") Ex. A at 147. VideoShare did not dispute the examiner's conclusions. *See* Trac Decl. Ex. A. On April 23, 2019, VideoShare filed a terminal disclaimer in response to the double patenting rejection. *Id*. at 190. The '341 Patent issued on July 23, 2019.

On November 16, 2019, VideoShare filed its current complaint against Defendants, asserting the '341 Patent. In this case, VideoShare identifies "Defendants' infringing products and

services" as "products and services for receiving, converting, and sharing streaming video, including those distributed through YouTube." Dkt. 1 ("Compl.") ¶ 9. The '341 Patent expired no later than yesterday, February 3, 2020.

## II.     LEGAL STANDARD

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.*

Whether a cause of action is barred by claim preclusion is a question of law. *SimpleAir, Inc. v. Google LLC*, 884 F.3d 1160, 1165 (Fed. Cir. 2018). Thus, claim preclusion (also known as res judicata) is appropriately addressed in a motion to dismiss. *Senju Pharm. Co. v. Apotex Inc.*, 746 F.3d 1344 (Fed. Cir. 2014) (affirming dismissal on claim preclusion grounds). In the Fifth Circuit, a showing of claim preclusion requires four elements: (1) the parties in the later action are identical to, or in privity with, the parties in the earlier action; (2) the judgment in the earlier case was rendered by a court with proper jurisdiction; (3) there has been a final judgment on the merits; and (4) the earlier case and later case involve the same cause of action. *Id.*, *citing Duffie v. United States*, 600 F.3d 362, 372 (5th Cir. 2010). In patent cases, the fourth element—whether the earlier and later cases involve the "same cause of action"—is governed by Federal Circuit law. *SimpleAir*, 884 F.3d at 1165.

This Court need not—indeed, should not—examine the underlying merits of the prior final judgment to examine whether claim preclusion should apply. *Roche Palo Alto LLC v. Apotex, Inc.*, 531 F.3d 1372, 1380 (Fed. Cir. 2008) (citing *Federated Dep't Stores Inc. v. Moitie*, 42 U.S. 394, 398 (1981)). To reopen litigation on the merits of the original decision "would be to nullify the doctrine of res judicata." *Roche*, 531 F.3d at 1380.

### III. VIDEOSHARE'S LAWSUIT AGAINST GOOGLE AND YOUTUBE IS BARRED BY CLAIM PRECLUSION

Each of the four elements of claim preclusion is met here—(1) the parties in the two actions are identical or in privity, (2) the original judgment was rendered in a court with proper jurisdiction (*VideoShare I*, 2016 WL 4137524), (3) there has been a final judgment on the merits (*id.*; *VideoShare II*, 695 F. App'x 577), and (4) the earlier case and later case involve the same cause of action. There is no need to examine the merits of the prior litigation, disturb the final judgment in that action, or waste the resources of the Court and the parties by litigating this issue once more. VideoShare's Complaint should be dismissed with prejudice.

#### A. The Parties In The Two Actions Are Identical

The parties in the later action are identical to the parties in the earlier action. The decisions in *VideoShare I* and *II* involved VideoShare LLC against Google Inc. (now Google LLC[2]) and YouTube, LLC. *VideoShare I*, 2016 WL 4137524; *VideoShare II*, 695 F. App'x 577.

#### B. The Original Judgment Was Rendered In A Court With Proper Jurisdiction

The district courts have jurisdiction over patent suits. 28 U.S.C. § 1338. The Federal Circuit has jurisdiction over appeals relating to patents. 28 U.S.C. § 1295. Thus, judgment was rendered by courts with proper jurisdiction.

#### C. There Was A Final Judgment On The Merits

*VideoShare I* concluded with a final, appealable judgment on the merits holding the '302 Patent ineligible under § 101, 2016 WL 4137524, which was concluded in *VideoShare II* with a Rule 36 summary affirmance. 695 F. App'x 577. A Rule 36 summary affirmance is a valid final judgment of an appellate court. *Phil-Insul Corp. v. Airlite Plastics Co.*, 854 F.3d 1344, 1354 (Fed. Cir. 2017).

---

[2] On September 30, 2017, Google Inc. converted from a Delaware corporation to a Delaware limited liability company named Google LLC. Under Delaware law, Google LLC is "deemed to be the same entity" as Google Inc. Del. Code tit. 8, § 266(h).

### D. The Two Actions Involve The Same Cause Of Action

"Claim preclusion bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Duffie*, 600 F.3d at 372; *see Brain Life, LLC v. Elekta, Inc.*, 746 F.3d 1045, 1053 (Fed. Cir. 2014). Claim preclusion is founded on two fundamental policies: "judicial economy and fairness to the parties." *SimpleAir*, 884 F.3d at 1169 (citation omitted). By enforcing finality of disputes between parties, claim preclusion "encourages reliance on judicial decisions, bars vexatious litigation, and frees the courts to resolve other disputes." *Id.*, *quoting Brown v. Felsen*, 442 U.S. 127, 131 (1979).

Grounded in the purpose of ensuring judicial economy and fairness, the question of whether a cause of action is the same is viewed broadly. To determine whether causes of action are the same for claim preclusion purposes, the Federal Circuit has adopted the "transactional test" articulated in the Restatement (Second) of Judgments ("Restatement"). *Acumed LLC v. Stryker Corp.*, 525 F.3d 1319, 1323-24 (Fed. Cir. 2008). The transactional test asks whether the later cause of action forms "all or any part of the transaction, or series of connected transactions, out of which the [earlier] action arose." Restatement § 24. "What factual grouping constitutes a 'transaction', and what groupings constitute a 'series', are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Id.* "If the overlap between the transactional facts of the suits is substantial, the later action should ordinarily be precluded." *SimpleAir*, 884 F.3d at 1165.

Applying the pragmatic transaction test, Federal Circuit law focuses on two factors when addressing claim preclusion in the context of patent cases: whether the accused "products or processes are essentially the same," *Senju*, 746 F.3d at 1349, and whether the "scope of the asserted

patent claims in the two suits are essentially the same," *SimpleAir*, 884 F.3d at 1167.  Both factors are present here.

### 1. The accused products and processes are the same

The accused products and processes in *VideoShare I* and in this action are the same.  In *VideoShare I*, VideoShare identified "Defendants' infringing products and services" as "products and services for receiving, converting, and sharing streaming video, including those marketed as YouTube."  *VideoShare*, No. 1:13-cv-00990-GMS, Dkt. 47 ¶ 11 (D. Del. June 9, 2015).  In this case, VideoShare identifies "Defendants' infringing products and services" in almost the exact same way: "products and services for receiving, converting, and sharing streaming video, including those distributed through YouTube."  Dkt. 1 ("Compl.") ¶ 9.

### 2. The scope of the asserted patent claims are essentially the same

The question of whether patent claims are the same does not and cannot require strict identity of the claims, as that would be impossible because one patent claim cannot be identical to another.  Instead, the question is whether the claims are ***essentially*** the same.  Courts have answered this question in the affirmative in many instances.  For example, "claims which are patentably indistinct are essentially the same." *SimpleAir*, 884 F.3d at 1167.  Two claims are patentably indistinct when one claim is anticipated by, or would not have been obvious over, the other claim.  *Abbvie Inc. v. Mathilda & Terence Kennedy Inst. of Rheumatology Tr.*, 764 F.3d 1366, 1374 (Fed. Cir. 2014).  As another example, claims that are narrower versions of the originally asserted claim are also essentially the same because they do not create new legal rights to assert infringement that differ from the rights asserted in the original patent.  *Aspex Eyewear, Inc. v. Marchon Eyewear, Inc.*, 672 F.3d 1335, 1342 (Fed. Cir. 2012); *Senju*, 746 F.3d at 1353 ("it can be assumed that the reexamined claims will be a subset of the original claims and that no new cause of action will be created").  These examples are not exhaustive; the emphasis is on whether

"the overlap between the transactional facts of the suits is substantial," which justifies preclusion. *SimpleAir*, 884 F.3d at 1165. And it is of no consequence that the later-issued claims did not exist at the time of the initial lawsuit. *See Aspex*, 672 F.3d at 1339 (precluding claim issued six years after initial lawsuit); *Senju*, 746 F.3d at 1347 (precluding claim issued four years after initial lawsuit).

The claims of the '341 Patent are essentially the same as the claims of the '302 Patent, and the only differences narrow the claim limitations. This can be seen in the following comparison of claim 1 of the '341 Patent to claim 9 of the '302 Patent (with the limitations labeled and certain limitations reordered).

| US 8,464,302 | US 10,362,341 | Substantial Similarity |
|---|---|---|
| [1P] A method of sharing a streaming video and associated advertisement over a network, comprising:<br>    [1a] executing, by a first computer: | [1P] A method for sharing video over a structured hierarchical network comprising: | Both recite a "method" for "sharing video" over a "network" in the preamble. Like the '302 Patent, the '341 Patent makes reference to computers (e.g., "first server system" and advertisements (e.g., '341 Patent, limitation [1g]) |
|     [1d] receiving a video file;<br>    [9] The method of claim 1, wherein the video file is a streaming video file in streaming video format. |     [1a] a first server system receiving a first video file in a first format from a first client via the structured hierarchical network; | Both recite "receiving a video." The received video is in a "format." |
|     [1e] converting the video file into a streaming video file comprising a streaming video format, independent from receiving a command to perform such conversion; |     [1b] the first server system creating a second video file in a second format by converting at least a portion of the first video file from the first format to the second format, independent from receiving a command from the first client to perform such conversion; | Both recite "converting" a video file into another "format," "independent from receiving a command to perform such conversion." |

| US 8,464,302 | US 10,362,341 | Substantial Similarity |
|---|---|---|
| [1f] storing the streaming video file to a storage device; | [1c] the first server system storing the first video file and the second video file; | Both recite "storing the . . . video file." |
| [1g] generating an identification tag identifying the stored streaming video file; [1i] embedding the identification tag into a web page accessible to a plurality of users on the network; | [1d] the first server system generating an identifier for video content corresponding to the first video file and the second video file; | Both recite "generating an identifier" or "identification tag" for one or more video files. |
| [1j] receiving, via a web page, a request to transmit the streaming video file; and | [1e] the first server system receiving a request to stream the identified video content to a second server system or a second client via the structured hierarchical network; | Both recite "receiving a request" to stream a video via a network. |
| [1k] transmitting, via a web page, the streaming video file and the advertisement to a second computer on the network. | [1f] the first server system sending the stored first video file or the stored second video file corresponding to the identified video content to the second server system or the second client via the structured hierarchical network depending on a compatibility of the second server system or a compatibility of the second client with the first format or the second format; and | Both recite transmitting/sending the video file. |
| [1b] receiving an advertisement; [1c] storing the advertisement; [1h] associating the streaming video file with the advertisement; | [1g] the first server system sending an advertisement for display with the identified video content sent in the stored first video file or the stored second video file. | Both recite transmitting or sending an advertisement in conjunction with the video file. *See* '302 Patent, limitation [1k]. |

Claim preclusion applies if the overlap between the transactional facts of the suits is substantial, which can occur if the claims are patentably indistinct (*SimpleAir*) or if the newly asserted claims are narrower in scope (*Aspex/Senju*). The claims of the '341 Patent fail both tests. First, the claims of the '341 Patent are not patentably distinct from those of the '302 Patent, because they cover the same concept of converting a video file in a second file format for sharing over a computer network. The '341 Patent additionally requires storing the first original file and delivering one of the first or second file formats. But the patent office has already confirmed that such a minor change is obvious, rejecting all claims for double patenting because "the outstanding application implies the first and second formats are streaming formats . . . rather than explicitly stating the conversion to a streaming format as claimed in U.S. Patent No. 8,464,302." Trac Decl. Ex. A at 147. VideoShare made no effort to dispute the examiner's findings, instead filing a terminal disclaimer. *Id*. at 190. That concession, although not dispositive, is compelling evidence that the claims of the '302 Patent are not patentably distinct. *SimpleAir*, 884 F.3d at 1168.

Second, the claims of the '341 Patent are narrower than those of the '302 Patent, covering the same concept but sending one of two different files, instead of just sending the converted file. A party attempting to assert a narrower version of the same claim will be precluded from doing so, because the narrower claim does not create new legal rights to assert infringement that differ from the rights asserted in the original patent. *Senju*, 746 F.3d at 1353; *Aspex*, 672 F.3d at 1342. The differences between the patents confirm that the '341 claims are narrower and not patentably distinct. The "structured hierarchical network" of the '341 Patent is both a narrower and an obvious variant on the "network" of the '302 Patent. And while the '341 Patent does not explicitly recite a webpage, it requires the intertwined concept of a structured hierarchical network. A web page exists on the Internet, which is an example of a structural hierarchical network.

Finally, the tests in *SimpleAir* and *Senju/Aspex* are not exhaustive, and any of the minor differences between the claims cannot change the ultimate conclusion that the claims are essentially the same.

## IV. CONCLUSION

VideoShare's new lawsuit asserts essentially the same patents against the same parties and the same product from its prior lawsuit. That prior lawsuit ended with a final judgment on the merits in district court, affirmed on appeal, thus precluding VideoShare from prosecuting a continuation patent to obtain patentably indistinct, narrower claims for use in a follow-on lawsuit. Claim preclusion prevents VideoShare from attempting to "obtain a second bite at the apple" by asserting essentially the same patent against essentially the same product. *Senju*, 746 F.3d at 1353. Defendants respectfully ask the Court to dismiss VideoShare's Complaint with prejudice.

Dated:  February 4, 2020 /s/ J. Mark Mann

J. Mark Mann
State Bar No. 12926150
mark@themannfirm.com
G. Blake Thompson
State Bar No. 24042033
blake@themannfirm.com
MANN | TINDEL | THOMPSON
300 West Main Street
Henderson, Texas 75652
(903) 657-8540
(903) 657-6003 (fax)

David S. Almeling (*Pro Hac Vice*)
dalmeling@omm.com
Bill Trac (*Pro Hac Vice*)
btrac@omm.com
Amy Liang (*Pro Hac Vice*)
aliang@omm.com
**O'MELVENY & MYERS LLP**
Two Embarcadero Center
28th Floor
San Francisco, CA 94111-3823 Telephone: 415-984-8700
Facsimile: 415-984-8701

***Attorneys for Defendants Google LLC and YouTube, LLC***

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on February 4, 2020, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

                                        */s/ J. Mark Mann*
                                        J. Mark Mann