**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| VIDEOSHARE, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION No. 6:19-cv-663-ADA |
| GOOGLE LLC and YOUTUBE, LLC | § | JURY TRIAL DEMANDED |
| | § | |
| Defendants. | § | |

**DEFENDANTS GOOGLE LLC AND YOUTUBE, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**

Defendants Google LLC ("Google") and YouTube, LLC ("YouTube") answer Plaintiff's Petition for Declaratory Judgment for Validity and Original Complaint for Patent Infringement and Jury Demand ("Complaint") of Plaintiff VideoShare, LLC ("Plaintiff" or "VideoShare") as follows:

### I. PLAINTIFF'S ALLEGATIONS REGARDING PARTIES

1.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1, and therefore deny them.

2.  Defendants admit that Google is a Delaware limited liability company with a principal place of business at 1600 Amphitheatre Parkway, Mountain View, California 94043. Google admits that Google has an office with a physical address at 500 West 2nd Street, Austin, Texas 78701. Defendants admit that Google has a registered agent, the Corporation Service Company, with an address of 211 East 7th Street, Suite 620, Austin, Texas 78701. Google admits that it is registered to do business in the State of Texas and has been since at least November 17, 2006. Except as expressly admitted, Defendants deny all remaining allegations in paragraph 2.

3.     Defendants admit that YouTube, LLC is wholly owned by Google LLC and is a Delaware limited liability company.  Defendants admit that YouTube LLC has a registered agent, the Corporation Service Company, with an address of 251 Little Falls Drive, Wilmington, Delaware 19808.  Except as expressly admitted, Defendants deny all remaining allegations in paragraph 3.

## II.  PLAINTIFF'S ALLEGATIONS REGARDING JURISDICTION FOR DECLARATORY JUDGMENT ACTION

4.     Defendants admit that Plaintiff's Complaint purports to state an action for a declaration that the claims of U.S. Patent No. 10,362,341 ("the '341 Patent") are valid.  Except as expressly admitted, Defendants deny all remaining allegations in paragraph 4.

5.     Defendants do not contest personal jurisdiction in this District solely for the purpose of this action.  Except as expressly admitted, Defendants deny all remaining allegations in paragraph 5.

6.     Defendants deny all allegations in paragraph 6.

7.     Defendants admit that Google received a letter purportedly from VideoShare, LLC postmarked November 2, 2019 that identifies the '341 Patent and asserts its validity.  Except as expressly admitted, Defendants deny all remaining allegations in paragraph 7.

8.     The allegations in Paragraph 8 set forth legal conclusions that require no response.  To the extent that a response is required, Defendants deny all allegations in paragraph 8.

9.     The allegations in Paragraph 9 set forth legal conclusions that require no response.  To the extent that a response is required, Defendants deny all allegations in paragraph 9.

## III.  PLAINTIFF'S ALLEGATIONS REGARDING JURISDICTION FOR PATENT INFRINGEMENT

10.    Defendants admit that Plaintiff's Complaint purports to state an action under the patent laws of the United States and that this Court has subject matter jurisdiction over such claims

under 28 U.S.C. §§ 1331 and 1338.  Except as expressly admitted, Defendants deny all remaining allegations in paragraph 10.

11.   Defendants do not contest personal jurisdiction in this District solely for the purpose of this action.  Defendants specifically deny that they have committed or are committing any acts of patent infringement within this District or any other District.  Except as expressly admitted, Defendants deny all remaining allegations in paragraph 11.

12.   Defendants do not contest personal jurisdiction in this District solely for the purpose of this action.  Except as expressly admitted, Defendants deny all remaining allegations in paragraph 12, and specifically deny that they have committed or are committing any acts of patent infringement in this District or any other jurisdiction.

### IV.  PLAINTIFF'S ALLEGATIONS REGARDING VENUE

13.   The allegations in Paragraph 13 set forth legal conclusions that require no response. To the extent that a response is required, Defendants admit that Google has a physical place located in the District.  Defendants further admit that venue is proper in this District for purposes of this particular action but not convenient or in the interest of justice.  Except as expressly admitted, Defendants deny the allegations in paragraph 13, and specifically deny that that they have committed or are committing any acts of patent infringement in this District or any other jurisdiction.

14.   Defendants admit that Google is registered to do business in the State of Texas. Except as expressly admitted, Defendants deny all remaining allegations in paragraph 14.

15.   Defendants admit that Google has offices at 500 West 2nd Street, Austin, Texas 78701.  The allegations in Paragraph 15 also set forth legal conclusions that require no response. Except as expressly admitted, Defendants deny all remaining allegations in paragraph 15, including because they are vague and ambiguous.

16.     The allegations in Paragraph 16 set forth legal conclusions that require no response. To the extent that a response is required, Defendants deny the allegations in paragraph 16.

17.     The allegations in Paragraph 17 set forth legal conclusions that require no response. To the extent that a response is required, Defendants deny the allegations in paragraph 17.

## V. PLAINTIFF'S ALLEGATIONS REGARDING U.S. PATENT NO. 10,362,341

18.     Defendants admit that Exhibit A to Plaintiff's Complaint purports to be a copy of the '341 Patent. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 18, and therefore deny them.

19.     Defendants admit that the cover page of the '341 Patent states that it was filed on Jan. 23, 2019. Defendants further admit that the cover page of '341 Patent states that it was a continuation of application No. 15/618,304, filed on Jun. 9, 2017, now Pat. No. 10,225,584, which is a continuation of application No. 15/094,411, filed on Apr. 8, 2016, now abandoned, which is a continuation of application No. 14/597,491, filed on Jan. 15, 2015, now abandoned, which is a continuation of application No. 13/909,876, filed on Jun. 4, 2013, now Pat. No. 8,966,522, which is a continuation of application No. 09/631,583, filed on Aug. 3, 2000, now Pat. No. 8,464,302, which is a continuation-in-part of application No. 09/497,587, filed on Feb. 3, 2000, now abandoned. Defendants further admit that the cover page of '341 Patent claims priority to Provisional Patent application No. 60/147,029, filed on Aug. 3, 1999. Defendants deny that the '341 Patent was duly and legally issued. Except as expressly admitted, Defendants deny all remaining allegations in paragraph 19.

20.     Defendants admit that Plaintiff previously asserted U.S. Patent Nos. 8,464,302 and 8,438,608 against Defendants in the United States District Court for the District of Delaware. Except as expressly admitted, Defendants deny all remaining allegations in paragraph 20.

21.     Defendants deny all allegations in paragraph 21.

22. Defendants deny all allegations in paragraph 22.

23. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23, and therefore deny them.

24. Defendants deny all allegations in paragraph 24.

**A. Plaintiff's Allegations Regarding Background of the '341 Patent.**

25. Defendants admit that the cover page of '341 Patent lists inventors Gad Liwerant, Christopher Dodge, and Guillaume Boissiere. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 25, and therefore deny them.

26. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26, and therefore deny them.

27. Defendants deny all allegations in paragraph 27.

28. Defendants deny all allegations in paragraph 28.

29. Defendants deny all allegations in paragraph 29.

30. Defendants deny all allegations in paragraph 30.

31. Defendants deny all allegations in paragraph 31.

32. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32, and therefore deny them.

**B. Plaintiff's Allegations Regarding the '341 Patent Claims.**

33. Defendants deny all allegations in paragraph 33.

34. Defendants admit that Claim 1 of the '341 Patent states:

> A method for sharing video over a structured hierarchical network comprising:
>
> a first server system receiving a first video file in a first format from a first client via the structured hierarchical network;

the first server system creating a second video file in a second format by converting at least a portion of the first video file from the first format to the second format, independent from receiving a command from the first client to perform such conversion;

the first server system storing the first video file and the second video file;

the first server system generating an identifier for video content corresponding to the first video file and the second video file;

the first server system receiving a request to stream the identified video content to a second server system or a second client via the structured hierarchical network;

the first server system sending the stored first video file or the stored second video file corresponding to the identified video content to the second server system or the second client via the structured hierarchical network depending on a compatibility of the second server system or a compatibility of the second client with the first format or the second format; and

the first server system sending an advertisement for display with the identified video content sent in the stored first video file or the stored second video file.

Except as expressly admitted, Defendants deny all remaining allegations in paragraph 34.

35. Defendants deny all allegations in paragraph 35.

36. Defendants deny all allegations in paragraph 36.

37. Defendants deny all allegations in paragraph 37.

38. Defendants deny all allegations in paragraph 38.

## VI. PLAINTIFF'S ALLEGATIONS REGARDING DECLARATORY JUDGMENT OF VALIDITY OF THE '341 PATENT

39. Defendants deny all allegations in paragraph 39.

40. The allegations in Paragraph 40 set forth legal conclusions that require no response. To the extent that a response is required, Defendants deny all allegations in paragraph 40.

41. Defendants admit that Plaintiff's Complaint purports to request a judicial determination regarding the validity of the '341 Patent. Except as expressly admitted, Defendants deny all remaining allegations in paragraph 41.

### VII.  PLAINTIFF'S ALLEGATIONS REGARDING DIRECT INFRINGEMENT OF THE '341 PATENT

42. Defendants deny all allegations in paragraph 42, and specifically deny that they infringe or have infringed the '341 Patent, either directly or indirectly.

43. Defendants deny all allegations in paragraph 43, and specifically deny that they infringe or have infringed the '341 Patent, either directly or indirectly.

### VIII.  PLAINTIFF'S ALLEGATIONS REGARDING INDIRECT INFRINGEMENT OF THE '341 PATENT

44. Defendants deny all allegations in paragraph 44, and specifically deny that they infringe or have infringed the '341 Patent, either directly or indirectly

45. Defendants deny all allegations in paragraph 45, and specifically deny that they infringe or have infringed the '341 Patent, either directly or indirectly.

46. Defendants deny all allegations in paragraph 46, and specifically deny that they infringe or have infringed the '341 Patent, either directly or indirectly.

### IX.  PLAINTIFF'S ALLEGATIONS REGARDING WILLFUL PATENT INFRINGEMENT

47. Defendants deny all allegations in paragraph 47.

48. Defendants deny all allegations in paragraph 48, and specifically deny that they infringe or have infringed the '341 Patent.

49. Defendants deny all allegations in paragraph 49, and specifically deny that they infringe or have infringed the '341 Patent.

### X.  RESPONSE TO JURY DEMAND

50. Plaintiff's demand for a trial by jury for all issues triable to a jury does not state any allegation, and Defendants therefore are not required to respond.  To the extent a responsive pleading is deemed to be required, Defendants deny all allegations in paragraph 50.

## XI.  RESPONSE TO PRAYER FOR RELIEF

Paragraphs 51.A–I include Plaintiff's prayer for relief and contain no allegations, and Defendants therefore are not required to respond.  To the extent a responsive pleading is deemed to be required, Defendants deny all allegations in Plaintiff's prayer for relief and specifically deny that Plaintiff is entitled to any relief.

## GENERAL DENIAL

52. To the extent that any allegations of Plaintiff's Complaint are not specifically admitted, Defendants deny them.

## DEFENSES

53. Subject to the responses above, Defendants allege and assert the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.  In addition to the affirmative defenses described below, subject to its responses above, Defendants specifically reserve all rights to allege additional affirmative and other defenses that become known through the course of discovery.

### First Defense – No Patent Infringement

54. Defendants do not infringe and have not infringed (not directly, contributorily, or by inducement), either literally or under the doctrine of equivalents, and are not liable for infringement of any valid and enforceable claim of any of the '341 Patent (the "Patent-in-Suit").

### Second Defense – Patent Invalidity

55. The claims of the Patent-in-Suit are invalid and unenforceable under 35 U.S.C. § 101 because the claims are directed to abstract ideas or other non-statutory subject matter.

56. The claims of the Patent-in-Suit are invalid and unenforceable under 35 U.S.C. § 102 because the claims lack novelty, and are taught and suggested by the prior art.

57. The claims of the Patent-in-Suit are invalid and unenforceable under 35 U.S.C. § 103 because the claims are obvious in view of the prior art.

58. One or more claims of the Patent-in-Suit are invalid due to obviousness-type double patenting.

59. The claims of the Patent-in-Suit are invalid and unenforceable for failure to satisfy the conditions set forth in 35 U.S.C. § 112, including failure of written description, lack of enablement, and claim indefiniteness.

60. The claims of the Patent-in-Suit are invalid and unenforceable for failure to satisfy the conditions set forth in 35 U.S.C. § 111.

61. The claims of the Patent-in-Suit are invalid and unenforceable for failure to satisfy the conditions set forth in 35 U.S.C. § 116.

### Third Defense – Limitation on Patent Damages

62. Plaintiff's claim for damages, if any, against Defendants for alleged infringement of the Patent-in-Suit are limited by 35 U.S.C. §§ 286, 287 and/or 288.

### Fourth Defense – Patent Misuse

63. Plaintiff's claims against Defendants for alleged infringement of the Patent-in-Suit are barred by the doctrine of misuse.

### Fifth Defense – Substantial Non-Infringing Uses

64. Any and all products or actions accused of infringement have substantial uses that do not infringe and do not induce or contribute to the alleged infringement of the claims of the Patent-in-Suit.

### Sixth Defense – Use by the United States

65. Plaintiff's claims for relief against Defendants are barred by 35 U.S.C. § 1498 in that, upon information and belief, the accused subject matter is used or manufactured by or for the United States.

### Seventh Defense – Failure to State a Claim

66. Plaintiff's Complaint fails to state a claim upon which relief can be granted, including, but not limited to, failure of Plaintiff's Complaint to meet the standard for pleading set by the United States Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

### Eighth Defense – Lack of Standing

67. Plaintiff lacks standing to assert the claims in the Complaint and its claims are thus barred because it does not own the Patent-in-Suit and lacks the capacity to sue in this Court.

### Ninth Defense – Equitable Doctrines

68. Plaintiff's claims are barred, in whole or in part, by equitable doctrines, including the doctrines of waiver, laches, acquiescence, and/or equitable estoppel.

### Tenth Defense – Prosecution History Estoppel

69. Plaintiff is barred, under the doctrine of prosecution history estoppel, from construing the claims of the Patent-in-Suit in such a way as to cover any accused products by reasons of statements made to the United States Patent and Trademark Office during the prosecution of the applications that led to the issuance of the Patent-in-Suit.

### Eleventh Defense – License and/or Exhaustion

70. Plaintiff's claims for relief are barred in whole or in part by an express or implied license, and/or the patent exhaustion doctrine.

**Twelfth Defense – Not an Exceptional Case Entitling Plaintiff to Relief**

71. If Plaintiff is entitled to any remedy, Plaintiff is not entitled to a finding that this case is exceptional warranting attorneys' fees under 35 U.S.C. § 285, or pursuant to the Court's inherent power.

**Thirteenth Defense – Patent Unenforceability (Unclean Hands)**

72. The claims of the Patent-in-Suit are unenforceable, in whole or in part, due to unclean hands.

**Fourteenth Defense – Ensnarement of Prior Art**

73. Plaintiff's claims for relief are barred under the ensnarement doctrine, which bars Plaintiff from asserting an infringement theory that encompasses or ensnares the prior art.

**Fifteenth Defense – Dedication to the Public**

74. Plaintiff's claims for relief are barred under the disclosure-dedication doctrine, because Plaintiff has dedicated to the public all methods, systems, and products disclosed in the Patents-in-Suit but not literally claimed therein.

**Sixteenth Defense – Claim Preclusion**

75. Plaintiff's claims for relief are barred in whole or in part by the doctrine of claim preclusion, or res judicata, based on the final judgment of invalidity in *VideoShare, LLC v. Google, Inc.*, 13-CV-990 (GMS), 2016 WL 4137524 (D. Del. Aug. 2, 2016), *aff'd*, 695 Fed. Appx. 577 (Fed. Cir. 2017).

**Seventeenth Defense – Issue Preclusion**

76. Plaintiff's claims for relief are barred in whole or in part by the doctrine of issue preclusion, or collateral estoppel, based on issues adjudicated in *VideoShare, LLC v. Google, Inc.*, 13-CV-990 (GMS), 2016 WL 4137524 (D. Del. Aug. 2, 2016), *aff'd*, 695 Fed. Appx. 577 (Fed. Cir. 2017).

**Reservation of Additional Defenses**

77.  Defendants reserve the right to assert any additional defenses or counterclaims which may now exist or in the future may be available based on discovery and further factual investigation in this case.

## DEFENDANTS' PRAYER FOR RELIEF

78.  WHEREFORE, Defendants pray for judgment as follows:

   a.  a judgment dismissing Plaintiff's Complaint against Defendants with prejudice;

   b.  a declaration that Defendants have not infringed, contributed to the infringement of, or induced others to infringe, either directly or indirectly, any valid and enforceable claim of the Patent-in-Suit;

   c.  a declaration that every asserted claim of the Patent-in-Suit is invalid and unenforceable;

   d.  a judgment declaring this case exceptional under 35 U.S.C. § 285 and awarding Defendants their attorneys' fees and prejudgment interest, and an award to Defendants of all of their costs of this action;

   e.  a judgment limiting or barring Plaintiff's ability to enforce the Patent-in-Suit in equity; and

   f.  such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Fed. R. Civ. P. 38(b), Defendants demand a trial by jury on all issues so triable.

Dated: June 11, 2020                    */s/ J. Mark Mann*

                                          J. Mark Mann
                                          State Bar No. 12926150
G. Blake Thompson
State Bar No. 24042033
MANN | TINDEL | THOMPSON
300 West Main Street
Henderson, Texas 75652
(903) 657-8540
(903) 657-6003 (fax)

David S. Almeling (*Pro Hac Vice*)
dalmeling@omm.com
Bill Trac (*Pro Hac Vice*)
btrac@omm.com
Amy Liang (*Pro Hac Vice*)
aliang@omm.com
**O'MELVENY & MYERS LLP**
Two Embarcadero Center
28th Floor
San Francisco, CA 94111-3823
Telephone: 415-984-8700
Facsimile: 415-984-8701

***Attorneys for Defendants Google LLC and YouTube, LLC***

## CERTIFICATE OF SERVICE

    Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on June 11, 2020, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

                                            */s/ J. Mark Mann*
                                            J. Mark Mann