**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| VIDEOSHARE, LLC, | CIVIL ACTION NO. 6:19-CV-00663-ADA |
| Plaintiff, | |
| v. | |
| | JURY TRIAL DEMANDED |
| GOOGLE LLC and YOUTUBE, LLC, | |
| Defendants. | |

**PROTECTIVE ORDER**

In order to expedite the flow of discovery materials, facilitate the prompt resolution of disputes over confidentiality of discovery materials, adequately protect information the parties are entitled to keep confidential, ensure that only materials the parties are entitled to keep confidential are subject to such treatment, and ensure that the parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial, pursuant to Fed. R. Civ. P. 26(c), it is hereby ORDERED THAT:

**1.     INFORMATION SUBJECT TO THIS ORDER**

Discovery materials produced in the above-captioned actions (collectively, the "Action") may be labeled as one of three categories: CONFIDENTIAL, CONFIDENTIAL OUTSIDE COUNSEL ONLY and RESTRICTED CONFIDENTIAL - SOURCE CODE, as set forth in Items A through C below.  All three of the identified categories of information shall be identified collectively in this Order by the title "Protected Information."

**A.     Information Designated as Confidential Information**

1.     For purposes of this Order, "CONFIDENTIAL INFORMATION" shall mean all information or material produced for or disclosed in connection with this action to a receiving

party that a producing party, including any party to this action and any non-party producing information or material voluntarily or pursuant to a subpoena or a court order in connection with this action, considers to comprise confidential or proprietary technical, sales, marketing, financial, or other or business information that is not generally known, that would not normally be revealed to third parties, and for which its disclosure would be detrimental to the conduct of the designating party's business, whether embodied in physical objects, documents, or the factual knowledge of persons, and which has been so designated by the producing party.  Any CONFIDENTIAL INFORMATION obtained by any party from any person pursuant to discovery in this litigation may be used only for purposes of this litigation, and not for any other purpose whatsoever, including without limitation any other litigation, patent prosecution or acquisition, or any other business or competitive function.

2.      Any document or tangible thing containing or including any CONFIDENTIAL INFORMATION may be designated as such by the producing party by marking it "CONFIDENTIAL" prior to or at the time copies are furnished to the receiving party.

3.      All CONFIDENTIAL INFORMATION not reduced to documentary, tangible or physical form or which cannot be conveniently designated as set forth in paragraph A.1.2, shall be designated by the producing party by informing the receiving party of the designation in writing.

4.      Any documents (including physical objects) made available for inspection by counsel for the receiving party prior to producing copies of selected items shall initially be considered, as a whole, to constitute CONFIDENTIAL INFORMATION (unless otherwise designated at the time of inspection) and shall be subject to this Order.  Thereafter, the producing party shall have a reasonable time to review and designate the appropriate documents as

CONFIDENTIAL INFORMATION (or otherwise as appropriate) prior to furnishing copies to the receiving party.

5.      The following information is not CONFIDENTIAL INFORMATION:

a.      Any information that is or, after its disclosure to a receiving party, becomes part of the public domain as a result of publication not involving a violation of this Order or other obligation to maintain the confidentiality of such information;

b.      Any information that the receiving party can show was already publicly known prior to the disclosure; and

c.      Any information that the receiving party can show by written records was received by it from a source who obtained the information lawfully and under no obligation of confidentiality to the producing party.

6.      Documents designated CONFIDENTIAL and information contained therein shall be available only to:

a.      Outside litigation counsel of record and supporting personnel employed in the law firm(s) of outside litigation counsel of record, such as attorneys, paralegals, legal translators, legal secretaries, legal clerks and shorthand reporters, as well as outside copy or document processing services assisting such counsel;

b.      Technical advisers and their necessary support personnel, subject to the provisions of paragraphs 4.A-4.F herein, and who have signed the form attached hereto as Attachment A; the term "technical adviser" shall mean independent outside expert witnesses or consultants (*i.e.*, not employees of a party) with whom counsel may deem it necessary to consult and who comply with paragraph 4;

c.      Up to and including two (2) designated representatives of each of the

parties to the extent reasonably necessary for the litigation of this Action, provided that before access is given, the designated representative has signed the form attached hereto as Attachment A hereto and the same is served upon the producing party, and provided that defendants' designated representatives under this paragraph shall not have access to any co-defendants' CONFIDENTIAL INFORMATION.  Either party may in good faith request the other party's consent to designate one or more additional representatives, the other party shall not unreasonably withhold such consent, and the requesting party may seek leave of Court to designate such additional representative(s) if the requesting party believes the other party has unreasonably withheld such consent;

       d.    The Court, its personnel and stenographic reporters (under seal or with other suitable precautions determined by the Court);

       e.    Independent legal translators retained to translate in connection with this action; independent stenographic reporters and videographers retained to record and transcribe testimony in connection with this action; graphics, translation, or design services retained by counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in the actions; non-technical jury or trial consulting services; and mock jurors, provided they execute Attachment A to this Protective Order, thereby agreeing to be bound by its terms; and

       f.    Any other person with the prior written consent of the producing party.

**B.**    **Information Designated Confidential Outside Counsel Only**

1.    The CONFIDENTIAL OUTSIDE COUNSEL ONLY designation is reserved for CONFIDENTIAL INFORMATION that constitutes (a) marketing, financial, sales, web traffic, research and development, or technical, data or information; (b) commercially sensitive

competitive information, including, without limitation, information obtained from a nonparty

pursuant to a current Nondisclosure Agreement ("NDA"); (c) information or data relating to

future products not yet commercially released and/or strategic plans; and, (d) commercial

agreements, settlement agreements or settlement communications, the disclosure of which is

likely to cause harm to the competitive position of the producing party.  Documents marked

CONFIDENTIAL OUTSIDE ATTORNEYS' EYES ONLY, HIGHLY CONFIDENTIAL or

RESTRICTED CONFIDENTIAL shall be treated as if designated CONFIDENTIAL OUTSIDE

COUNSEL ONLY.  In determining whether information should be designated as

CONFIDENTIAL OUTSIDE COUNSEL ONLY, each party agrees to use such designation only

in good faith.

2.    Documents designated CONFIDENTIAL OUTSIDE COUNSEL ONLY and

information contained therein shall be available only to the persons or entities listed in

paragraphs 1.A.6.a, b, d, e, and f subject to any terms set forth or incorporated therein and not

any person or entity listed in paragraph 1.A.6.c.

**C.    Information Designated Restricted Confidential - Source Code**

1.    The RESTRICTED CONFIDENTIAL - SOURCE CODE designation is reserved

for CONFIDENTIAL INFORMATION that contains or substantively relates to a party's

"Source Code," which shall mean documents containing or constituting human-readable

programming language text that defines software, firmware, or electronic hardware descriptions.

The following conditions shall govern the production, review and use of source code or design

documentation information.

2.    All such Source Code, and any other Protected Information designated as

"RESTRICTED CONFIDENTIAL —SOURCE CODE," shall be subject to the following

provisions:

a.      Source Code shall ONLY be made available for inspection, not produced except as provided for below, and shall be made available in electronic format that is computer searchable at one of the following locations chosen at the sole discretion of the producing party: (1) the offices of the producing party's counsel of record in this action; (2) if mutually convenient for the parties, a single, third-party site located within any judicial district in which the Source Code is stored in the ordinary course of business (e.g., an escrow company); or (3) a location mutually agreed upon by the receiving and producing parties.  Any location under (1), (2) or (3) above shall be in the continental United States.  Source Code will be loaded on a single, non-networked computer that is password protected and maintained in a secure, locked area.  Use or possession of any input/output device (*e.g.*, USB memory stick, cameras or any camera-enabled device, CDs, floppy disk, portable hard drive, laptop, or any devices that can access the Internet or any other network or external system, etc.) is prohibited while accessing the computer containing the Source Code.  All persons entering the locked room containing the Source Code must agree to submit to reasonable security measures to insure they are not carrying any prohibited items before they will be given access to the locked room.  The computer containing Source Code will be made available for inspection during regular business hours (which for purposes of this paragraph shall be 8:00 a.m. through 6:00 p.m.) upon reasonable notice to the producing party, which shall not be less than 5 business days in advance of the requested inspection.  However, upon reasonable notice from the receiving party, the producing party shall make reasonable efforts to accommodate the receiving party's request for access outside of normal business hours.

b.      No later than three (3) business days in advance of the production of

source code for inspection, the producing party will identify the software tools available for viewing and searching source code on the secured computer. The receiving party's outside counsel and/or experts may request that software tools for viewing and searching Source Code be installed on the secured computer. The receiving party must provide the producing party with the CD or DVD containing such software tool(s) at least four business days in advance of the inspection.

      c.     The receiving party must give at least 10 days' notice to the counsel for the producing party that it will be sending individual(s) authorized to review the source code made available on the secured computer for any initial reviews and 3 days' notice for additional reviews of the same, previously inspected code. The producing party will test the computer and its tools before each scheduled inspection and confirm that the secured computer and all agreed-upon tools are working and available and that all requested code that has been agreed to be produced is on the secured computer and fully searchable.

      d.     Upon request by the receiving party, the producing party shall provide the receiving party with information explaining how to start, log on to, and operate the secured computer in order to access the produced source code on the secured computer and will explain what source code projects and files are provided on the secured computer and how they have been labeled and organized (including, for example, to identify any internal names or code names that are used to group, organize, or label the files on the computer);

      e.     The receiving party's outside counsel and/or expert shall be entitled to take notes relating to the Source Code but may not copy any portion of the Source Code into the notes. No copies of all or any portion of the Source Code may leave the room in which the Source Code is inspected except as otherwise provided herein. Further, no other written or

electronic record of the Source Code is permitted except as otherwise provided herein.

f.     The receiving party may designate a reasonable number of pages of Source Code to be produced by the producing party, but only if and to the extent necessary for use in this action.  Absent approval by the producing party (which shall not be unreasonably withheld), the producing party will produce no more than 50 consecutive pages, or an aggregate total of more than 500 pages, of Source Code during the duration of the Action.  The producing party shall make one electronic copy and one paper copy of the designated portions on watermarked or colored paper bearing Bates numbers and the legend designated "RESTRICTED CONFIDENTIAL - SOURCE CODE" and produce it to the receiving party within five business days of the request.  The electronic copy will be in a format suitable for viewing and searching using commonly available search tools.  The receiving party may make up to two additional copies of the paper copy and two additional copies of the electronic copy.  The electronic copies may only be viewed on a stand-alone computer (that is, the computer may not be linked to any network, including a local area network, an intranet, or the Internet).

g.     No person shall copy, e-mail, transmit, upload, download, print, photograph or otherwise duplicate any portion of the designated Source Code, except as otherwise provided herein.

h.     Except for the copying explicitly allowed under paragraph f, any printed pages of Source Code, and any other documents or things reflecting Source Code that have been designated by the producing party as "RESTRICTED CONFIDENTIAL - SOURCE CODE" may not be copied, digitally imaged or otherwise duplicated, except in limited excerpts necessary to attach as exhibits to depositions, expert reports, or court filings as discussed below.

i.     Any paper or electronic copies designated "RESTRICTED

8

CONFIDENTIAL - SOURCE CODE" shall be stored or viewed only at (i) the offices of outside counsel for the receiving party, (ii) the offices of outside experts or consultants who have been approved to access Source Code; (iii) the site where any deposition is taken (iv) the Court; or (v) any intermediate location necessary to transport the information to a hearing, trial or deposition. Any such copies shall be maintained at all times in secure location under the direct control of counsel or its outside experts and consultants who are responsible for maintaining the security and confidentiality of the designated materials.

       j.      A list of names of persons who will view the Source Code will be provided to the producing party in conjunction with any written (including email) notice requesting inspection.  The receiving party shall maintain a daily log of the names of persons who enter the locked room to view the Source Code and when they enter and depart.  The producing party shall be entitled to have a person observe all entrances and exits from the Source Code viewing room, and to a copy of the log.

       k.      Unless otherwise agreed in advance by the parties in writing, following each inspection, the receiving party's outside counsel and/or experts shall remove all notes, documents, and all other materials from the room that may contain work product and/or attorney-client privileged information.  The producing party shall not be responsible for any items left in the room following each inspection session.

       l.      The receiving party will not copy, remove, or otherwise transfer any portion of the Source Code from the Source Code Computer including, without limitation, copying, removing, or transferring any portion of the Source Code onto any other computers or peripheral equipment.  The receiving party will not transmit any portion of the Source Code in any way from the location of the Source Code inspection.

m.     Only the following individuals shall have access to "RESTRICTED CONFIDENTIAL - SOURCE CODE" materials, absent the express written consent of the Producing Party or further court order:

i.     Outside counsel of record for the parties to this action, including any attorneys, paralegals, technology specialists and clerical employees of their respective law firms;

ii.     Up to three (3) outside experts or consultants per party, pre-approved in accordance with Paragraphs 4.A-4.F and specifically identified as eligible to access Source Code;

iii.     The Court, its technical adviser (if one is appointed), the jury, court personnel, and court reporters or videographers recording testimony or other proceedings in this action.  Court reporters and/or videographers shall not retain or be given copies of any portions of the Source Code.  If used during a deposition, the deposition record will identify the exhibit by its production numbers;

iv.     While testifying at deposition or trial in this action only:  (i) any current or former officer, director or employee of the producing party or original source of the information; (ii) any person designated by the producing party to provide testimony pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure; and/or (iii) any person who authored, previously received, or was directly involved in creating, modifying, or editing the Source Code, as evident from its face or reasonably certain in view of other testimony or evidence.  Persons authorized to view Source Code pursuant to this sub-paragraph shall not retain or be given copies of the Source Code except while so testifying.

n.     The Receiving Party's outside counsel shall maintain a log of all copies of

the Source Code (received from a Producing Party) that are delivered by the Receiving Party to any qualified person under Paragraph g above.  The log shall include the names of the recipients and reviewers of copies and locations where the copies are stored.  Upon request by the producing party, the receiving party shall provide reasonable assurances and/or descriptions of the security measures employed by the receiving party and/or qualified person that receives a copy of any portion of the Source Code.

        o.      Except as otherwise provided herein, the Receiving Party may not create electronic images, or any other images, of the Source Code from the paper or electronic copy for use on a computer (*e.g.*, may not scan the source code to a PDF, or photograph the code), except that the Receiving Party may create an electronic copy or image of limited excerpts of Source Code only to the extent necessary in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, or any drafts of these documents ("SOURCE CODE DOCUMENTS").  The receiving party shall only include such excerpts as are reasonably necessary for the purposes for which such part of the Source Code is used.  Images or copies of Source Code shall not be included in correspondence between the parties (references to production numbers shall be used instead) and shall be omitted from pleadings and other papers except to the extent permitted herein.  The communication and/or disclosure of electronic files containing any portion of Source Code shall at all times be limited to individuals who are authorized to see Source Code under the provisions of this Protective Order.  The receiving party shall maintain a log of all electronic images and paper copies of Source Code in its possession or in the possession of its retained consultants, including the names of the recipients and reviewers of any electronic or paper copies and the locations where the copies are stored.  Additionally, all electronic copies must be labeled "RESTRICTED CONFIDENTIAL - SOURCE CODE."

p.      To the extent portions of Source Code are quoted in a SOURCE CODE
DOCUMENT, either (1) the entire document will be stamped and treated as RESTRICTED
CONFIDENTIAL-SOURCE CODE or (2) those pages containing quoted Source Code will be
separately bound, and stamped and treated as RESTRICTED CONFIDENTIAL-SOURCE
CODE.

q.      All copies of any portion of the Source Code in whatever form shall be
securely destroyed if they are no longer in use.  Copies of Source Code that are marked as
deposition exhibits shall not be provided to the Court Reporter or attached to deposition
transcripts; rather, the deposition record will identify the exhibit by its production numbers.

r.      The receiving party's outside counsel may only disclose a copy of the
Source Code to individuals specified in Paragraph m above (*e.g.*, Source Code may not be
disclosed to in-house counsel).

## D.      Use of Protected Information in Court Hearings

Protected Information may be used during any court hearing, provided that the party intending to
use the Protected Information gives reasonable advance notice to counsel for the party or person
that designated the information as Protected Information, provided that such notice shall not be
less than one business day before the intended use of Protected Information.  Before such
materials are disclosed, any party or third-person may move the Court for an order that the
evidence be received in camera or under other conditions to prevent public disclosure.  The
Court will then determine whether the proffered evidence should continue to be treated as
confidential information and, if so, what protection, if any, may be afforded to such information
at the hearing.

**2.**   **PROSECUTION BAR**

**A.**   Any person who reviews any of another party's technical Confidential Materials, Confidential Outside Counsel Only Materials or Source Code (all of which shall also be automatically designated as "Prosecution Bar Materials") shall not, for a period commencing upon receipt of such information and ending one year following the conclusion of this Action (including any appeals), engage in any activity related to the competitive business decisions involving: (1) preparation or prosecution (for any person or entity) of patent applications relating to field of invention of the patents-in-suit; or (2) supervising, assisting, advising, or otherwise counseling in the drafting or amending of patent claims of any patent application directed to the particular information disclosed in the Prosecution Bar Materials.  This provision does not prohibit a Party's counsel of record or experts from participating in reexamination proceedings, Post-Grant Review proceedings, Inter Partes Review proceedings, Covered Business Method Review proceedings, or any other proceedings at the U.S. Patent and Trademark Office involving any of the party's patents, provided, however, that such counsel and/or experts (who reviewed Prosecution Bar Materials) do not participate in supervising, assisting, advising, or otherwise counseling in the drafting or amending of any patent claims.  The duration of this section may be terminated earlier by agreement of the parties (e.g., in the case of settlement).  Nothing in this paragraph shall prevent any attorney from sending non-confidential prior art to an attorney involved in patent prosecution for purposes of ensuring that such prior art is submitted to the U.S. Patent and Trademark Office (or any similar agency of a foreign government) to assist a patent applicant in complying with its duty of candor.  Nothing in this provision shall prohibit any attorney of record in this litigation from discussing any aspect of this case that is reasonably necessary for the prosecution or defense of any claim or counterclaim in this litigation with

his/her client.

**3.**     **Intentionally left blank**

**4.**     **DISCLOSURE OF TECHNICAL ADVISERS**

**A.**     Information designated by the producing party under any category of Protected

Information and such copies of this information as are reasonably necessary for maintaining,

defending or evaluating this litigation may be furnished and disclosed to the receiving party's

technical advisers and their necessary support personnel.

**B.**     No disclosure of Protected Information to a technical adviser or their necessary support

personnel shall occur until that technical adviser has signed the form attached hereto as

Attachment A, and a signed copy has been provided to the producing party; and to the extent

there has been an objection under paragraph 4.C, that objection is resolved according to the

procedures set forth below.  The notice requirement in this paragraph applies to each testifying or

consulting expert, but does not apply to the employees, contractors, assistants, or students

working under the supervision of such expert.

**C.**     The party desiring to disclose Protected Information to a technical adviser must provide

the following information for each technical adviser: name, address, curriculum vitae, current

employer, employment history for the past ten years, a listing of cases in which the witness has

testified as an expert at trial or by deposition within the preceding five years, and an

identification of any patents or patent applications in which the technical adviser is identified as

an inventor or applicant, is involved in prosecuting or maintaining, or has any pecuniary interest.

No Protected Information shall be disclosed to such expert(s) or consultant(s) until after the

expiration of the foregoing notice period and resolution of any objection.

**D.**     Within seven (7) calendar days of receipt of the disclosure of the proposed outside

technical adviser, the producing party or parties may object in writing to the proposed outside technical adviser for good cause.  A party objecting to disclosure of Protected Information to a technical adviser shall state with particularity the ground(s) of the objection and the specific categories of documents that are the subject of the objection.  The objecting party's consent to the disclosure of Protected Information to a technical adviser shall not be unreasonably withheld, and its objection must be based on that party's good faith belief that disclosure of its Protected Information to the technical adviser will result in specific business or economic harm to that party (under any safeguards proposed if the technical adviser is allowed access), and the objection must describe with particularity the harm risked by the disclosure of the Protected Information.  The objecting party shall have the burden of showing to the Court good cause for preventing disclosure of its Protected Information to the technical adviser.

**E.**    In the absence of an objection within the seven (7) day period, the technical adviser shall be deemed approved under this Protective Order.  If the producing party objects to disclosure to the technical adviser within the seven (7) day period, the parties shall meet and confer via telephone or in person within five (5) days following the objection and attempt in good faith to resolve the dispute on an informal basis.  If the dispute is not resolved, the party objecting to the disclosure will have five (5) days from the date of the meet and confer to seek relief from the Court.  If relief is not sought from the Court within that time, the objection shall be deemed withdrawn.  If relief is sought, designated materials shall not be disclosed to the proposed Expert in question until the objection is resolved by the Court.

**F.**    The parties agree to cooperate in good faith to shorten the time frames set forth in paragraphs 4.A-4.E if necessary to abide by any discovery or briefing schedules.

**5.**     **CHALLENGES TO CONFIDENTIALITY DESIGNATIONS**

**A.**     The parties shall use reasonable care when designating documents or information as

Protected Information.  Nothing in this Order shall prevent a receiving party from contending

that any documents or information designated as Protected Information have been improperly

designated.  A receiving party may at any time request that the producing party cancel or modify

the Protected Information designation with respect to any document or information contained

therein.

**B.**     A party shall not be obligated to challenge the propriety of a designation of any category

of Protected Information at the time of production, and a failure to do so shall not preclude a

subsequent challenge thereto.  Such a challenge shall be written, shall be served on counsel for

the producing party, and shall particularly identify the documents or information that the

receiving party contends should be differently designated.  The parties shall use their best efforts

to resolve promptly and informally such disputes.  If an agreement cannot be reached, the

receiving party shall request that the Court cancel or modify a designation.  The burden of

demonstrating the confidential nature of any information shall at all times be and remain on the

designating party.

**C.**     Until a determination by the Court, the information in issue shall be treated as having

been properly designated and subject to the terms of this Order.

**6.**     **LIMITATIONS ON THE USE OF PROTECTED INFORMATION**

**A.**     All Protected Information shall be held in confidence by each person to whom it is

disclosed, shall be used only for purposes of this litigation, shall not be used for any business

purpose or in connection with any other legal proceeding, and shall not be disclosed to any

person who is not entitled to receive such information as herein provided.  All produced

Protected Information shall be carefully maintained so as to preclude access by persons who are not entitled to receive such information.

**B.**      Except as may be otherwise ordered by the Court, any person may be examined as a witness at depositions and trial and may testify concerning all Protected Information of which such person has prior knowledge.  Without in any way limiting the generality of the foregoing:

1.      A present director, officer, and/or employee of a producing party may be examined and may testify concerning all Protected Information which has been produced by that party and of which the witness has personal knowledge.

2.      A former director, officer, agent and/or employee of a producing party may be interviewed, examined and may testify concerning all Protected Information of which he or she has personal knowledge, including any Protected Information that refers to matters of which the witness has personal knowledge, which has been produced by that party and which pertains to the period or periods of his or her employment.

3.      Non-parties may be examined or testify concerning any document containing Protected Information of a producing party which appears on its face or from other documents or testimony to have been received from or communicated to the non-party as a result of any contact or relationship with the producing party or a representative of the producing party.  Any person other than the witness, his or her attorney(s), or any person qualified to receive Protected Information under this Order shall be excluded from the portion of the examination concerning such information, unless the producing party consents to persons other than qualified recipients being present at the examination.  If the witness is represented by an attorney who is not qualified under this Order to receive such information, then prior to the examination, the attorney must provide a signed statement, in the form of Attachment A hereto, that he or she will comply

with the terms of this Order and maintain the confidentiality of Protected Information disclosed during the course of the examination.  In the event that such attorney declines to sign such a statement prior to the examination, the parties, by their attorneys, shall jointly seek a protective order from the Court prohibiting the attorney from disclosing Protected Information.

4.      All transcripts of depositions, exhibits, answers to interrogatories, pleadings, briefs, and other documents submitted to the Court which have been designated as Protected Information, or which contain information so designated, shall be filed under seal in a manner prescribed by the Court for such filings.

5.      Outside attorneys of record for the parties are hereby authorized to be the persons who may retrieve confidential exhibits and/or other confidential matters filed with the Court upon termination of this litigation without further order of this Court, and are the persons to whom such confidential exhibits or other confidential matters may be returned by the Clerk of the Court, if they are not so retrieved.  No material or copies thereof so filed shall be released except by order of the Court, to outside counsel of record, or as otherwise provided for hereunder.  Notwithstanding the foregoing and with regard to material designated as Restricted Confidential - Source Code, the provisions of paragraph 1.C are controlling to the extent those provisions differ from this paragraph.

6.      Protected Information shall not be copied or otherwise produced by a receiving party, except for transmission to qualified recipients, without the written permission of the producing party, or, in the alternative, by further order of the Court.  Nothing herein shall, however, restrict a qualified recipient from making working copies, abstracts, digests and analyses of CONFIDENTIAL and CONFIDENTIAL OUTSIDE COUNSEL ONLY information for use in connection with this litigation and such working copies, abstracts, digests and analyses

shall be deemed Protected Information under the terms of this Order.  Further, nothing herein

shall restrict a qualified recipient from converting or translating CONFIDENTIAL and

CONFIDENTIAL OUTSIDE COUNSEL ONLY information into machine readable form for

incorporation into a data retrieval system used in connection with this action, provided that

access to that Protected Information, in whatever form stored or reproduced, shall be limited to

qualified recipients.

   7. At the request of any party, the original and all copies of any deposition transcript,

in whole or in part, shall be marked "CONFIDENTIAL" by the reporter.  This request may be

made orally during the deposition or in writing within fifteen (15) days of receipt of the final

certified transcript.  Deposition transcripts shall be treated by default as CONFIDENTIAL

OUTSIDE COUNSEL ONLY until the expiration of the time to make a confidentiality

designation.  Any portions so designated shall thereafter be treated in accordance with the terms

of this Order.

**C.** Each party receiving Protected Information shall comply with all applicable export

control statutes and regulations.  *See, e.g.*, 15 C.F.R. 734.2(b).  No Protected Information may

leave the territorial boundaries of the United States of America or be made available to any

foreign national who is not (i) lawfully admitted for permanent residence in the United States or

(ii) identified as a protected individual under the Immigration and Naturalization Act (8 U.S.C.

1324b(a)(3)).  No Protected Information may leave the territorial boundaries of the United States

of America.  Notwithstanding this prohibition, the viewing of Protected Information, exclusive

of material designated RESTRICTED CONFIDENTIAL — SOURCE CODE, through electronic

means outside the territorial limits of the United States of America is permitted.  Further

notwithstanding this prohibition, Protected Information, exclusive of material designated

RESTRICTED CONFIDENTIAL — SOURCE CODE, and to the extent otherwise permitted by law, may be taken outside the territorial limits of the United States if it is reasonably necessary for a deposition taken in a foreign country.  The restrictions contained within this paragraph may be amended through the consent of the producing Party to the extent that such agreed to procedures conform with applicable export control laws and regulations.

**7.     NON-PARTY USE OF THIS PROTECTIVE ORDER**

**A.**     A nonparty producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information as Protected Information pursuant to the terms of this Protective Order.

**B.**     A nonparty's use of this Protective Order to protect its Protected Information does not entitle that nonparty access to the Protected Information produced by any party in this Action.

**8.     NO WAIVER OF PRIVILEGE**

Nothing in this Protective Order shall require production of information that a party contends is protected from disclosure by the attorney-client privilege, the work product immunity or other privilege, doctrine, right, or immunity.  Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document is not a waiver of privilege or protection from discovery in this Action or in any other federal or state proceeding.  For example, the mere production of privilege or work-product-protected documents in this Action as part of a mass production is not itself a waiver in this Action or any other federal or state proceeding.  A producing party may assert privilege or protection over produced documents at any time by notifying the receiving party in writing of the assertion of privilege or protection, whereupon the receiving party must promptly destroy or return to the producing party all copies of such materials; but doing so shall not preclude the receiving party from seeking to compel production

of those materials, nor constitute an admission that the materials were, in fact, privileged, and the producing party must preserve any such documents.  In addition, information that contains privileged matter or attorney work product shall be immediately returned if such information appears on its face to have been inadvertently produced.

**9.     MISCELLANEOUS PROVISIONS**

**A.**     Any of the notice requirements herein may be waived, in whole or in part, but only in writing signed by an attorney of record in this Action for the party against whom such waiver will be effective.

**B.**     Inadvertent or unintentional production of documents or things containing Protected Information which are not designated as one or more of the three categories of Protected Information at the time of production shall not be deemed a waiver in whole or in part of a claim for confidential treatment.  With respect to documents, the producing party shall immediately upon discovery notify the other parties of the error in writing and provide replacement pages bearing the appropriate confidentiality legend.  In the event of any disclosure of Protected Information other than in a manner authorized by this Protective Order, including any unintentional or inadvertent disclosure, counsel for the party responsible for the disclosure shall immediately notify opposing counsel of all of the pertinent facts, and make every effort to further prevent unauthorized disclosure including, retrieving all copies of the Protected Information from the recipient(s) thereof, and securing the agreement of the recipients not to further disseminate the Protected Information in any form.  Compliance with the foregoing shall not prevent the producing party from seeking further relief from the Court.

**C.**     Within sixty (60) days after the entry of a final non-appealable judgment or order, or the complete settlement of all claims asserted against all parties in this Action, each party shall, at

the option of the producing party, either return or destroy all physical objects and documents which embody Protected Information it has received, and shall destroy in whatever form stored or reproduced, all physical objects and documents, including but not limited to, correspondence, memoranda, notes and other work product materials, which contain or refer to any category of Protected Information.  All Protected Information not embodied in physical objects and documents shall remain subject to this Order.  Notwithstanding the foregoing, outside counsel shall be entitled to maintain an archive copy of materials, including all pleadings, motions, and trial briefs (including exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto), trial transcripts, and exhibits offered or introduced into evidence at any hearing or trial, and their attorney work product which refers or is related to any CONFIDENTIAL and CONFIDENTIAL OUTSIDE COUNSEL ONLY information, all of which shall be retained in confidence under the terms of this Order, provided, however, that outside counsel shall not be entitled to maintain any document productions or Source Code Documents from a producing party for any reason whatsoever (including archival purposes).

D.      If at any time documents containing Protected Information are subpoenaed by any court, arbitral, administrative or legislative body, or are otherwise requested in discovery, the person to whom the subpoena or other request is directed shall immediately give written notice thereof to every party who has produced such documents and to its counsel and shall provide each such party with an opportunity to object to the production of such documents.  If a producing party does not take steps to prevent disclosure of such documents within ten business days of the date written notice is given, the party to whom the referenced subpoena is directed may produce such documents in response thereto, but shall take all reasonable measures to have such documents

treated in accordance with terms of this Protective Order.

**E.**     Testifying experts shall not be subject to discovery of any draft of their reports in this Action and such draft reports, notes (except notes of interviews or conversations that the expert had with witnesses, to the extent the interviews or conversations are cited or relied upon in the expert's report), outlines, or any other writings leading up to an issued report(s) in this litigation are exempt from discovery.  In addition, all communications between counsel for a party and that party's testifying expert, and all materials generated by a testifying expert with respect to that person's work, are exempt from discovery unless they relate to the expert's compensation or identify facts, data or assumptions relied upon by the expert in forming any opinions in this litigation and such information is not already disclosed in the expert's report.

**F.**     No party shall be required to identify on their respective privilege log any document or communication created sixty days before the commencement of this Action, which absent this provision, the party would have been obligated to so identify on said privilege log.  The parties shall exchange their respective privilege document logs at a time to be agreed upon by the parties following the production of documents.

**G.**     This Order is entered without prejudice to the right of any party to apply to the Court at any time for additional protection, or to relax or rescind the restrictions of this Order, when convenience or necessity requires.  Furthermore, without application to this Court, any party that is a beneficiary of the protections of this Order may enter a written agreement releasing any other party hereto from one or more requirements of this Order even if the conduct subject to the release would otherwise violate the terms herein.

**H.**     The United States District Court for the Western District of Texas is responsible for the interpretation and enforcement of this Protective Order.  After termination of this litigation, the

provisions of this Protective Order shall continue to be binding except with respect to those documents and information that become a matter of public record.  This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Information for enforcement of the provision of this Protective Order following termination of this litigation.  All disputes concerning Protected Information produced under the protection of this Protective Order shall be resolved by the United States District Court for the Western District of Texas.

**I.**      Nothing in this Protective Order shall preclude or impede outside litigation counsel of record's ability to communicate with or advise their client in connection with this litigation only based on such counsel's review and evaluation of Protected Information, provided however, that such communications or advice shall not disclose or reveal the substance or content of any Protected Information other than as permitted under this Protective Order.

**J.**      Each of the parties agrees to be bound by the terms of this Protective Order as of the date counsel for such party executes this Protective Order, even if prior to entry of this order by the Court.

SIGNED this 29th day of July , 2020.

_____
UNITED STATES DISTRICT JUDGE

## ATTACHMENT A TO THE PROTECTIVE ORDER
## CONFIDENTIAL AGREEMENT

1.  My name is _____.
2.  I reside at _____.
3.  My present employer is _____.
4.  My present occupation or job description is _____.
5.  I have read the Protective Order dated _____, 20____, and have been engaged as _____ on behalf of _____ in the preparation and conduct of litigation styled *VideoShare, LLC v. Google LLC et al*, 6:19-CV-00663-ADA (W.D. Tex.).
6.  I am fully familiar with and agree to comply with and be bound by the provisions of said Order.  I understand that I am to retain all copies of any documents designated as CONFIDENTIAL, CONFIDENTIAL OUTSIDE COUNSEL ONLY and/or RESTRICTED CONFIDENTIAL-SOURCE CODE, or any similar designation, in a secure manner, and that all copies are to remain in my personal custody until I have completed my assigned duties, whereupon the copies and any writings prepared by me containing any information designated CONFIDENTIAL, CONFIDENTIAL OUTSIDE COUNSEL ONLY and/or RESTRICTED CONFIDENTIAL-SOURCE CODE, or any similar designation, are to be returned to counsel who provided me with such material.
7.  I will not divulge to persons other than those specifically authorized by said Order, and will not copy or use except solely for the purpose of this action, any information obtained pursuant to said Order, except as provided in said Order.  I also agree to notify any stenographic or clerical personnel who are required to assist me of the terms of said Order.
8.  In accordance with paragraph 4.C of the Protective Order (if applicable), I have attached my resume, curriculum vitae or other information to this executed Confidentiality Agreement sufficient to identify my current employer and employment history for the past ten years, and the cases in which I have testified as an expert at trial or by deposition within the preceding five years.
9.  I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

By: _____

Executed on _____, 20_____.