IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| VIDEOSHARE, LLC | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION No. 6:19-cv-00663-ADA |
| | § | JURY TRIAL DEMANDED |
| GOOGLE LLC and YOUTUBE, LLC | § | |
| | § | |
| Defendants. | § | |

**<u>DEFENDANTS' OPENING CLAIM CONSTRUCTION BRIEF</u>**

**TABLE OF CONTENTS**

                                                                                                                              **Page**

I.      INTRODUCTION ................................................................................................. 1

II.     AGREED CLAIM CONSTRUCTIONS ............................................................... 1

III.    DISPUTED CLAIM CONSTRUCTIONS .............................................................. 1

        A.      "the identified video content" (claim 1) .................................................... 1

        B.      "depending on a compatibility of the second server system or a
                compatibility of the second client with the first format or the second format" ........ 4

                1.      "compatibility" requires no further construction ...................... 4

                2.      The claim language describes determining which video file is most
                        compatible, not merely a selection of a file .............................. 5

                3.      The compatibility of a video file is determined before the video file
                        is sent ........................................................................ 7

IV.     CONCLUSION ..................................................................................................... 8

## TABLE OF AUTHORITIES

**Page**

**CASES**

*AIA Eng'g Ltd. v. Magotteaux Int'l S/A*,
   657 F.3d 1264 (Fed. Cir. 2011) ................................................................................................ 8

*Dell USA L.P. v. Lucent Techs., Inc.*,
   464 F. Supp. 2d 620 (E.D. Tex. 2006) ....................................................................................... 5

*Energizer Holdings, Inc. v. Int'l Trade Comm'n*,
   435 F.3d 1366 (Fed. Cir. 2006) ................................................................................................ 2

*Halliburton Energy Serv., Inc. v. M-I LLC*,
   514 F.3d 1244 (Fed. Cir. 2008) ................................................................................................ 3

*Image Processing Techs., LLC v. Samsung Elecs. Co.*,
   No. 2:16-CV-505, 2017 WL 2672616 (E.D. Tex. June 21, 2017) ............................................ 3

I.   **INTRODUCTION**

Plaintiff VideoShare, LLC ("VideoShare") alleges that Defendants Google LLC and YouTube, LLC infringe claims 1 and 3-7 of U.S. Patent No. 10,362,341 ("the '341 Patent"). The parties dispute the construction of two claim terms:

- "the identified video content"
- "depending on a compatibility of the second server system or a compatibility of the second client with the first format or the second format"

Defendants propose constructions of these terms that are required by the intrinsic record. For "the identified video content," Defendants simply identify the correct antecedent basis for that term. And for the "depending" term, Defendants' construction comports with the language and logic of the claims while VideoShare expands the scope of the claims terms well beyond their plain meaning in an attempt to read out key limitations. Accordingly, the Court should adopt Defendants' proposed constructions.

II.   **AGREED CLAIM CONSTRUCTIONS**

The parties agree on the construction of the following terms and accordingly request adoption of these constructions by the Court:

| Term | Agreed Construction |
|---|---|
| "second server system" | "other servers used for video delivery" |
| "first client" | "sharing device or user" |
| "second client" | "viewing device or user" |

III.   **DISPUTED CLAIM CONSTRUCTIONS**

A.   **"the identified video content" (claim 1)**

| VideoShare's Proposal | Defendants' Proposal |
|---|---|
| This term has its plain and ordinary meaning and need not be construed. In the alternative only, this term may be construed as: "the video content identified for streaming" | "the video content corresponding to the first video file and the second video file" |

VideoShare's plain meaning and alternate construction leave unidentified the antecedent basis for "the identified video content." Defendants' construction resolves that ambiguity by identifying the correct antecedent basis for "the identified video content," namely, "the video content corresponding to the first video file and the second video file."

Defendants' construction comes straight from claim 1. The term "the identified video content" has no express antecedent basis in the claim language, as "identified video content" does not otherwise appear in the claims. But "an antecedent basis can be present by implication." *Energizer Holdings, Inc. v. Int'l Trade Comm'n*, 435 F.3d 1366, 1371 (Fed. Cir. 2006). As shown in this excerpt of claim 1, there is only one "video content" that precedes "identified video content" in the claim—in the immediately preceding limitation—and it has been "identified" in the claims.

> the first server system generating an ***identifier for video content corresponding to the first video file and the second video file***;
>
> the first server system receiving a request to stream ***the identified video content*** to a second server system or a second client via the structured hierarchical network;
>
> the first server system sending the stored first video file or the stored second video file corresponding to ***the identified video content*** to the second server system or the second client via the structured hierarchical network depending on a compatibility of the second server system or a compatibility of the second client with the first format or the second format; and
>
> the first server system sending an advertisement for display with ***the identified video content*** sent in the stored first video file or the stored second video file.

'341 Patent at claim 1 (emphasis added).[1] That "video content corresponding to the first video file and the second video file" is therefore the only possible antecedent basis for "the identified video content." Defendants' construction is also consistent with the specification, which explains that video files are given identifiers, which are used to access the videos. *See, e.g.*, '341 Patent at 2:2-4

---

[1] All emphasis is added unless otherwise indicated.

("the video and associated advertisement can be accessed by any number of viewers after each viewer has been provided with an identifier of the video"); 10:8-10 ("generat[ing] an identification tag that the host computer 60 can use to locate the stored video segment for retrieval and for viewing").

VideoShare's proposed construction of "plain and ordinary meaning" is inadequate to resolve the parties' dispute, because it fails to identify the antecedent basis of "the identified video content." "Plaintiff's 'plain meaning' construction does not help and does not address the lack of antecedent issue." *Image Processing Techs., LLC v. Samsung Elecs. Co.*, No. 2:16-CV-505, 2017 WL 2672616, at *32 (E.D. Tex. June 21, 2017) (rejecting a plain meaning construction of "the boundary"). Indeed, to the extent VideoShare argues that "the identified video content" has no antecedent basis, the term would be indefinite for lack of antecedent basis. *See id.* (finding "the boundary" indefinite for lack of antecedent basis); *Halliburton Energy Serv., Inc. v. M-I LLC*, 514 F.3d 1244, 1249 (Fed. Cir. 2008) (a claim is indefinite if it recites a "term [that] does not have proper antecedent basis where such basis is not otherwise present by implication or the meaning is not reasonably ascertainable"). VideoShare cannot escape the need to identify an antecedent basis, and the only plausible basis is the "video content corresponding to the first video file and the second video file."

VideoShare alternately argues that "the identified video content" is "the video content identified for streaming," a tautology that is not a construction at all and that fails to define the antecedent basis of "the identified video content." Instead, VideoShare's proposed construction eliminates the antecedent basis altogether, taking "the identified video content" and interpreting it as simply "video content." There is no basis for rewriting the claims in that manner. Only Defendants' construction comports with the claims as written.

### B. "depending on a compatibility of the second server system or a compatibility of the second client with the first format or the second format"

| VideoShare's Proposal | Defendants' Proposal |
|---|---|
| "by selecting one of a first format or second format based on the software, hardware, and/or network capability of the second server system and/or the software, hardware, and/or network capability of the second client" | "after determining which of the first video file or second video file is most compatible with the second server system or the second client" |

There are three main disputes that arise from the parties' competing constructions on the "depending" term: (1) whether "compatibility" has plain meaning or should be redefined as "capability," (2) whether the first server system "determin[es]" which video file is "most compatible" or merely "select[s]" a file, and (3) whether the first video file or second video file is sent only after that determination/selection happens.[2] These disputes share a common theme—while Defendants' construction gives meaning to the claim language, VideoShare's construction effectively reads out claim limitations.

#### 1. "compatibility" requires no further construction

VideoShare removes the term "compatibility" from its construction, replacing it with the ambiguous and expansive phrase "based on the software, hardware, and/or network capability." VideoShare's construction is far broader than the plain meaning of "compatibility," because almost any content over a network can be described as sent "based on the software, hardware, and/or network capability" of a client. Anything the client does is, by definition, something that the client is "capable" of doing, and the way the client does it must involve software, hardware, and the network. Here are three examples that demonstrate VideoShare's construction reads out the word "compatible":

---

[2] Defendants additionally note that VideoShare's construction should refer to "the first format or second format" to identify the correct antecedent basis in the claim.

- If the client software is programmed to randomly download one of the two video files, then it is "capable" of downloading the chosen video file, even if the video file is not compatible with the client.

- If the client hardware has memory to store a file, then it is "capable" of storing that file, even if that video file is not compatible with the client.

- If the network connection is strong, then the network is "capable" of transferring the video file to the client, even if that video file is not compatible with the client.

There is simply no basis for changing "compatibility" to "capability." The concept of video file compatibility is not ambiguous or difficult to understand, and other courts have had no issue with the plain meaning of the term "compatibility." *See, e.g.*, *Dell USA L.P. v. Lucent Techs., Inc.*, 464 F. Supp. 2d 620, 630 (E.D. Tex. 2006) (construing "the compatibility comparison including reading a characteristic of each option" as having its plain meaning). Accordingly, "compatibility" needs no construction.

### 2. The claim language describes determining which video file is most compatible, not merely a selection of a file

Both VideoShare's and Defendants' constructions attempt to explain what it means to send either the first or second video file "depending on a compatibility . . . of the second client." But only Defendants' construction comports with the claims, by requiring that the first server system determine which of multiple video files is most compatible and then send that file. VideoShare skips over this determination step, and as a result, effectively reads out elements of the claim.

The act of determining which of the first and second video files is "most compatible" is central to the alleged invention. The specification expressly explains that the system determines the most compatible file to send, explaining that "[w]hen the information is available to the host computer 60, the host computer 60 can *determine* which file of the files exemplified by 634, 636

and 638 is *most appropriate* to serve to the user or viewer." '341 Patent at 21:48-51. The specification repeatedly describes this as serving the "optimal" file to the user. Thus, Figure 6E describes "a method by which an *optimally formatted video segment* is sent to a user according to the invention." *Id.* at 5:29-31. This includes, for example, "discriminat[ing]" the "capabilities of the [user's] hardware," thereby "allow[ing] each user to view a version of the video segment that is *optimally configured* for the user's hardware." *Id.* at 20:18-22.

Indeed, up until claim construction, VideoShare appeared to agree with Defendants' proposed construction. VideoShare's infringement contentions apply the same construction as Defendants, explaining that "Google/YouTube evaluate which of the (3) first format and (8) second format is **(19) most compatible** with the user requesting a video stream and send the first or second video files over the (6) internet in response to this determination." Ex. A at 20 (emphasis in original). VideoShare's Complaint likewise alleges that the "inventive concept" of the claims involves "selecting the *most appropriate* file for transmission." Dkt. 1 ¶ 38. Yet VideoShare's current construction retreats from its initial proposal and now omits the critical concept of determining which of the two files is "most compatible." The Court should reject that change.

Moreover, VideoShare's construction effectively reads out any comparison between the first and second video files, because the language can be interpreted to only require considering the compatibility of a single file. This can be seen by inserting VideoShare's proposed claim construction (shown below in red) into the claim limitation:

> the first server system *sending the stored first video file* or the stored second video file corresponding to the identified video content to the second server system or the second client via the structured hierarchical network *by selecting* one of *a first format* or second format *based on* the software, hardware, and/or network capability of the second server system and/or the software, hardware, and/or network *capability of the second client*

This substitution would allow the claim to read on a server system that simply disregards the

second video file.  Take, for example, a hypothetical server that sends a first video file whenever the second client is capable of receiving files of the first file's format, regardless of the second file and its format, and does not send any file at all when the first format is incompatible, instead noting that the second client is unsupported.  Under VideoShare's construction, this server meets the claim limitations because that first video file was "select[ed]" "based on" some measure of compatibility/capability.  There is no basis in the claims or specification for construing this limitation to allow one of the two files to be ignored.  An interpretation that effectively ignores one of the two video files would contradict the prosecution history.  There, the Examiner explained that the '341 Patent recites having either of "the files [ ] streamed when requested," rather than the '302 Patent's recitation of a single file "conver[ted] [ ] to a streaming format."  Ex. B, '341 Prosecution History, April 4, 2019 Non-Final Rejection.  Because the claim language recites more than the idea of selecting and sending a single video over a computer network, the Court should reject VideoShare's construction.

### 3. The compatibility of a video file is determined before the video file is sent

Finally, Defendants' construction states that the first or second video file is sent *after* determining which video file is most compatible.  VideoShare's construction leaves the timing ambiguous, thus potentially encompassing a situation where compatibility is determined after a file is sent.  Only Defendants' construction comports with the claims and specification.  The claim recites sending a file "depending" on the compatibility, meaning that a determination happens before any sending.  The claim does not recite the converse—determining compatibility depending on which file is sent.  That interpretation would turn the plain language on its head.

The specification confirms this obvious understanding.  The host computer "can determine which file . . . is most appropriate to serve to the user or viewer . . . *then* transmits the appropriate

file to the user." '341 Patent at 21:48-57. For example, the specification describes files optimized for different bandwidths, and determining the available bandwidth before sending the appropriate file. *Id.* at 21:38-57. Unsurprisingly, the specification does not describe the opposite order—sending a file, then deciding if the available bandwidth is appropriate for that file. The Court should reject such a backward understanding. *See, e.g.*, *AIA Eng'g Ltd. v. Magotteaux Int'l S/A*, 657 F.3d 1264, 1276 (Fed. Cir. 2011) ("We strive, where possible, to avoid nonsensical results in construing claim language.").

## IV.   CONCLUSION

For the foregoing reasons, the Court should adopt Defendants' constructions for "the identified video content" and "depending on a compatibility of the second server system or a compatibility of the second client with the first format or the second format."

| | |
|---|---|
| Dated:  September 4, 2020 | */s/ David S. Almeling*<u>                    </u> |
| | J. Mark Mann<br>State Bar No. 12926150<br>G. Blake Thompson<br>State Bar No. 24042033<br>MANN \| TINDEL \| THOMPSON<br>300 West Main Street<br>Henderson, Texas 75652<br>(903) 657-8540<br>(903) 657-6003 (fax)<br><br>David S. Almeling (*Pro Hac Vice*)<br>dalmeling@omm.com<br>Bill Trac (*Pro Hac Vice*)<br>btrac@omm.com<br>Amy Liang (*Pro Hac Vice*)<br>aliang@omm.com<br>**O'MELVENY & MYERS LLP**<br>Two Embarcadero Center<br>28th Floor<br>San Francisco, CA 94111-3823<br>Telephone: 415-984-8700<br>Facsimile: 415-984-8701<br><br>***Attorneys for Defendant Google LLC*** |

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on September 4, 2020, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

                                         */s/ J. Mark Mann*
                                         J. Mark Mann