**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| VIDEOSHARE, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION No. 6:19-cv-663-ADA |
| | § | JURY TRIAL DEMANDED |
| GOOGLE LLC and YOUTUBE, LLC | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS GOOGLE LLC AND YOUTUBE, LLC'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Defendants Google LLC ("Google") and YouTube, LLC ("YouTube") answer Plaintiff's First Amended Complaint for Declaratory Judgment of Validity and for Patent Infringement and Jury Demand ("FAC") of Plaintiff VideoShare, LLC ("Plaintiff" or "VideoShare") as follows:

### I.  PLAINTIFF'S ALLEGATIONS REGARDING PARTIES

1.       Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1, and therefore deny them.

2.       Defendants admit that Google is a Delaware limited liability company with a principal place of business at 1600 Amphitheatre Parkway, Mountain View, California 94043. Google admits that Google has an office with a physical address at 500 West 2nd Street, Austin, Texas 78701.  Defendants admit that Google has a registered agent, the Corporation Service Company, with an address of 211 East 7th Street, Suite 620, Austin, Texas 78701.  Google admits that it is registered to do business in the State of Texas and has been since at least November 17, 2006.  Except as expressly admitted, Defendants deny all remaining allegations in paragraph 2.

3.      Defendants admit that YouTube, LLC is wholly owned by Google LLC and is a Delaware limited liability company.  Defendants admit that YouTube LLC has a registered agent, the Corporation Service Company, with an address of 251 Little Falls Drive, Wilmington, Delaware 19808.  Except as expressly admitted, Defendants deny all remaining allegations in paragraph 3.

## II.  PLAINTIFF'S ALLEGATIONS REGARDING JURISDICTION FOR DECLARATORY JUDGMENT ACTION

4.      Defendants admit that Plaintiff's FAC purports to state an action for a declaration that the claims of U.S. Patent No. 10,362,341 ("the '341 Patent") are valid.  Except as expressly admitted, Defendants deny all remaining allegations in paragraph 4.

5.      Defendants do not contest personal jurisdiction in this District solely for the purpose of this action.  Except as expressly admitted, Defendants deny all remaining allegations in paragraph 5.

6.      Defendants deny all allegations in paragraph 6.

7.      Defendants admit that Google received a letter purportedly from VideoShare, LLC postmarked November 2, 2019 that identifies the '341 Patent and asserts its validity.  Except as expressly admitted, Defendants deny all remaining allegations in paragraph 7.

8.      The allegations in Paragraph 8 set forth legal conclusions that require no response. To the extent that a response is required, Defendants deny all allegations in paragraph 8.

9.      The allegations in Paragraph 9 set forth legal conclusions that require no response. To the extent that a response is required, Defendants deny all allegations in paragraph 9.

## III.  PLAINTIFF'S ALLEGATIONS REGARDING JURISDICTION FOR PATENT INFRINGEMENT

10.     Defendants admit that Plaintiff's FAC purports to state an action under the patent laws of the United States and that this Court has subject matter jurisdiction over such claims under

28 U.S.C. §§ 1331 and 1338.  Except as expressly admitted, Defendants deny all remaining allegations in paragraph 10.

11.     Defendants do not contest personal jurisdiction in this District solely for the purpose of this action.  Defendants specifically deny that they have committed or are committing any acts of patent infringement within this District or any other District.  Except as expressly admitted, Defendants deny all remaining allegations in paragraph 11.

12.     Defendants do not contest personal jurisdiction in this District solely for the purpose of this action.  Except as expressly admitted, Defendants deny all remaining allegations in paragraph 12, and specifically deny that they have committed or are committing any acts of patent infringement in this District or any other jurisdiction.

## IV.  PLAINTIFF'S ALLEGATIONS REGARDING VENUE

13.     The allegations in Paragraph 13 set forth legal conclusions that require no response. To the extent that a response is required, Defendants admit that Google has a physical place located in the District.  Defendants further admit that venue is proper in this District for purposes of this particular action but not convenient or in the interest of justice.  Defendants further admit to litigating this action as required by this Court's scheduling orders (Dkts. 38, 73), including participating in telephonic hearings, serving invalidity contentions, filing claim construction briefs, agreeing to scheduling and protective orders, responding to discovery about alleged infringement of the '341 Patent, and moving for counsel to appear *pro hac vice* before this Court. Except as expressly admitted, Defendants deny the allegations in paragraph 13, and specifically deny that that they have committed or are committing any acts of patent infringement in this District or any other jurisdiction.

14.     Defendants admit that Google is registered to do business in the State of Texas. Except as expressly admitted, Defendants deny all remaining allegations in paragraph 14.

15.     Defendants admit that Google has offices at 500 West 2nd Street, Austin, Texas 78701.  The allegations in Paragraph 15 also set forth legal conclusions that require no response. Except as expressly admitted, Defendants deny all remaining allegations in paragraph 15, including because they are vague and ambiguous.

16.     The allegations in Paragraph 16 set forth legal conclusions that require no response. To the extent that a response is required, Defendants deny the allegations in paragraph 16.

17.     The allegations in Paragraph 17 set forth legal conclusions that require no response. To the extent that a response is required, Defendants deny the allegations in paragraph 17.

## V.  PLAINTIFF'S ALLEGATIONS REGARDING U.S. PATENT NO. 10,362,341

18.     Defendants admit that Exhibit A to Plaintiff's FAC purports to be a copy of the '341 Patent.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 18, and therefore deny them.

19.     Defendants admit that the cover page of the '341 Patent states that it was filed on Jan. 23, 2019.  Defendants further admit that the cover page of '341 Patent states that it was a continuation of application No. 15/618,304, filed on Jun. 9, 2017, now Pat. No. 10,225,584, which is a continuation of application No. 15/094,411, filed on Apr. 8, 2016, now abandoned, which is a continuation of application No. 14/597,491, filed on Jan. 15, 2015, now abandoned, which is a continuation of application No. 13/909,876, filed on Jun. 4, 2013, now Pat. No. 8,966,522, which is a continuation of application No. 09/631,583, filed on Aug. 3, 2000, now Pat. No. 8,464,302, which is a continuation-in-part of application No. 09/497,587, filed on Feb. 3, 2000, now abandoned.  Defendants further admit that the cover page of '341 Patent claims priority to Provisional Patent application No. 60/147,029, filed on Aug. 3, 1999.  Defendants deny that the '341 Patent was duly and legally issued.  Except as expressly admitted, Defendants deny all remaining allegations in paragraph 19.

20.     Defendants admit that Plaintiff previously asserted U.S. Patent Nos. 8,464,302 and 8,438,608 against Defendants in the United States District Court for the District of Delaware. Except as expressly admitted, Defendants deny all remaining allegations in paragraph 20.

21.     Defendants deny all allegations in paragraph 21.

22.     Defendants deny all allegations in paragraph 22.

23.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23, and therefore deny them.

24.     Defendants deny all allegations in paragraph 24.

**A.  Plaintiff's Allegations Regarding Background of the '341 Patent.**

25.     Defendants admit that the cover page of '341 Patent lists inventors Gad Liwerant, Christopher Dodge, and Guillaume Boissiere.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 25, and therefore deny them.

26.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26, and therefore deny them.

27.     Defendants deny all allegations in paragraph 27.

28.     Defendants deny all allegations in paragraph 28.

29.     Defendants deny all allegations in paragraph 29.

30.     Defendants deny all allegations in paragraph 30.

31.     Defendants deny all allegations in paragraph 31.

32.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32, and therefore deny them.

**B.  Plaintiff's Allegations Regarding the '341 Patent Claims.**

33.     Defendants deny all allegations in paragraph 33.

34.    Defendants admit that Claim 1 of the '341 Patent states:

A method for sharing video over a structured hierarchical network comprising:

a first server system receiving a first video file in a first format from a first client via the structured hierarchical network;

the first server system creating a second video file in a second format by converting at least a portion of the first video file from the first format to the second format, independent from receiving a command from the first client to perform such conversion;

the first server system storing the first video file and the second video file;

the first server system generating an identifier for video content corresponding to the first video file and the second video file;

the first server system receiving a request to stream the identified video content to a second server system or a second client via the structured hierarchical network;

the first server system sending the stored first video file or the stored second video file corresponding to the identified video content to the second server system or the second client via the structured hierarchical network depending on a compatibility of the second server system or a compatibility of the second client with the first format or the second format; and

the first server system sending an advertisement for display with the identified video content sent in the stored first video file or the stored second video file.

Except as expressly admitted, Defendants deny all remaining allegations in paragraph 34.

35.    Defendants deny all allegations in paragraph 35.

36.    Defendants deny all allegations in paragraph 36.

37.    Defendants deny all allegations in paragraph 37.

38.    Defendants deny all allegations in paragraph 38.

## VI.  PLAINTIFF'S ALLEGATIONS REGARDING DECLARATORY JUDGMENT OF VALIDITY OF THE '341 PATENT

39.    Defendants deny all allegations in paragraph 39.

40.    The allegations in Paragraph 40 set forth legal conclusions that require no response.

To the extent that a response is required, Defendants deny all allegations in paragraph 40.

41.     Defendants admit that they allege one or more claims of the '341 Patent are invalid under at least 35 U.S.C. §§ 101-103.  Defendants further admit that they allege that the references disclosed in their Final Invalidity Contentions and served pursuant to the entered Agreed Post-Markman Scheduling Order (Dkt. 73) renders the '341 Patent invalid, either alone or in combination with one or more other references.  Except as expressly admitted, Defendants deny all remaining allegations in paragraph 41.

42.     Defendants admit that Plaintiff's FAC purports to request a judicial determination regarding the validity of the '341 Patent.  Except as expressly admitted, Defendants deny all remaining allegations in paragraph 42.

## VII.  PLAINTIFF'S ALLEGATIONS REGARDING DIRECT INFRINGEMENT OF THE '341 PATENT

43.     Defendants deny all allegations in paragraph 43, and specifically deny that they infringe or have infringed the '341 Patent, either directly or indirectly.

44.     Defendants deny all allegations in paragraph 44, and specifically deny that they infringe or have infringed the '341 Patent, either directly or indirectly.

## VIII.  PLAINTIFF'S ALLEGATIONS REGARDING INDIRECT INFRINGEMENT OF THE '341 PATENT

45.     Defendants deny all allegations in paragraph 45, and specifically deny that they infringe or have infringed the '341 Patent, either directly or indirectly.

46.     Defendants deny all allegations in paragraph 46, and specifically deny that they infringe or have infringed the '341 Patent, either directly or indirectly.

47.     Defendants deny all allegations in paragraph 47, and specifically deny that they infringe or have infringed the '341 Patent, either directly or indirectly.

48.     Defendants deny all allegations in paragraph 48, and specifically deny that they or their users infringe or have infringed the '341 Patent, either directly or indirectly.  Defendants

further specifically deny that they induce or have induced any alleged infringement of the '341 Patent.

49.    Defendants deny all allegations in paragraph 49, and specifically deny that they or their users infringe or have infringed the '341 Patent, either directly or indirectly.  Defendants further specifically deny that they induce or have induced any alleged infringement of the '341 Patent.

## IX.  PLAINTIFF'S ALLEGATIONS REGARDING WILLLFUL PATENT INFRINGEMENT

50.    Defendants deny all allegations in paragraph 50.

51.    Defendants deny all allegations in paragraph 51, and specifically deny that they infringe or have infringed the '341 Patent.

52.    Defendants deny all allegations in paragraph 52, and specifically deny that they infringe or have infringed the '341 Patent.

## X.  RESPONSE TO JURY DEMAND

53.    Plaintiff's demand for a trial by jury for all issues triable to a jury does not state any allegation, and Defendants therefore are not required to respond.  To the extent a responsive pleading is deemed to be required, Defendants deny all allegations in paragraph 53.

## XI.  RESPONSE TO PRAYER FOR RELIEF

54.    Paragraphs 54.A–I include Plaintiff's prayer for relief and contain no allegations, and Defendants therefore are not required to respond.  To the extent a responsive pleading is deemed to be required, Defendants deny all allegations in Plaintiff's prayer for relief and specifically deny that Plaintiff is entitled to any relief.

## GENERAL DENIAL

55.     To the extent that any allegations of Plaintiff's FAC are not specifically admitted, Defendants deny them.

## DEFENSES

56.     Subject to the responses above, Defendants allege and assert the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.  In addition to the affirmative defenses described below, subject to its responses above, Defendants specifically reserve all rights to allege additional affirmative and other defenses that become known through the course of discovery.

### First Defense – No Patent Infringement

57.     Defendants do not infringe and have not infringed (not directly, contributorily, or by inducement), either literally or under the doctrine of equivalents, and are not liable for infringement of any valid and enforceable claim of any of the '341 Patent (the "Patent-in-Suit").

### Second Defense – Patent Invalidity

58.     The claims of the Patent-in-Suit are invalid and unenforceable under 35 U.S.C. § 101 because the claims are directed to abstract ideas or other non-statutory subject matter.

59.     The claims of the Patent-in-Suit are invalid and unenforceable under 35 U.S.C. § 102 because the claims lack novelty, and are taught and suggested by the prior art.

60.     The claims of the Patent-in-Suit are invalid and unenforceable under 35 U.S.C. § 103 because the claims are obvious in view of the prior art.

61.     One or more claims of the Patent-in-Suit are invalid due to obviousness-type double patenting.

62.     The claims of the Patent-in-Suit are invalid and unenforceable for failure to satisfy the conditions set forth in 35 U.S.C. § 112, including failure of written description, lack of enablement, and claim indefiniteness.

63.     The claims of the Patent-in-Suit are invalid and unenforceable for failure to satisfy the conditions set forth in 35 U.S.C. § 111.

64.     The claims of the Patent-in-Suit are invalid and unenforceable for failure to satisfy the conditions set forth in 35 U.S.C. § 116.

### Third Defense – Limitation on Patent Damages

65.     Plaintiff's claim for damages, if any, against Defendants for alleged infringement of the Patent-in-Suit are limited by 35 U.S.C. §§ 286, 287 and/or 288.

### Fourth Defense – Patent Misuse

66.     Plaintiff's claims against Defendants for alleged infringement of the Patent-in-Suit are barred by the doctrine of misuse.

### Fifth Defense – Substantial Non-Infringing Uses

67.     Any and all products or actions accused of infringement have substantial uses that do not infringe and do not induce or contribute to the alleged infringement of the claims of the Patent-in-Suit.

### Sixth Defense – Use by the United States

68.     Plaintiff's claims for relief against Defendants are barred by 35 U.S.C. § 1498 in that, upon information and belief, the accused subject matter is used or manufactured by or for the United States.

### Seventh Defense – Failure to State a Claim

69.     Plaintiff's FAC fails to state a claim upon which relief can be granted, including, but not limited to, failure of Plaintiff's FAC to meet the standard for pleading set by the United

States Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

### Eighth Defense – Lack of Standing

70.     Plaintiff lacks standing to assert the claims in the FAC and its claims are thus barred because it does not own the Patent-in-Suit and lacks the capacity to sue in this Court.

### Ninth Defense – Equitable Doctrines

71.     Plaintiff's claims are barred, in whole or in part, by equitable doctrines, including the doctrines of waiver, laches, acquiescence, and/or equitable estoppel.

### Tenth Defense – Prosecution History Estoppel

72.     Plaintiff is barred, under the doctrine of prosecution history estoppel, from construing the claims of the Patent-in-Suit in such a way as to cover any accused products by reasons of statements made to the United States Patent and Trademark Office during the prosecution of the applications that led to the issuance of the Patent-in-Suit.

### Eleventh Defense – License and/or Exhaustion

73.     Plaintiff's claims for relief are barred in whole or in part by an express or implied license, and/or the patent exhaustion doctrine.

### Twelfth Defense – Not an Exceptional Case Entitling Plaintiff to Relief

74.     If Plaintiff is entitled to any remedy, Plaintiff is not entitled to a finding that this case is exceptional warranting attorneys' fees under 35 U.S.C. § 285, or pursuant to the Court's inherent power.

### Thirteenth Defense – Patent Unenforceability (Unclean Hands)

75.     The claims of the Patent-in-Suit are unenforceable, in whole or in part, due to unclean hands.

### Fourteenth Defense – Ensnarement of Prior Art

76.     Plaintiff's claims for relief are barred under the ensnarement doctrine, which bars Plaintiff from asserting an infringement theory that encompasses or ensnares the prior art.

### Fifteenth Defense – Dedication to the Public

77.     Plaintiff's claims for relief are barred under the disclosure-dedication doctrine, because Plaintiff has dedicated to the public all methods, systems, and products disclosed in the Patents-in-Suit but not literally claimed therein.

### Sixteenth Defense – Claim Preclusion

78.     Plaintiff's claims for relief are barred in whole or in part by the doctrine of claim preclusion, or res judicata, based on the final judgment of invalidity in *VideoShare, LLC v. Google, Inc.*, 13-CV-990 (GMS), 2016 WL 4137524 (D. Del. Aug. 2, 2016), *aff'd*, 695 Fed. Appx. 577 (Fed. Cir. 2017).

### Seventeenth Defense – Issue Preclusion

79.     Plaintiff's claims for relief are barred in whole or in part by the doctrine of issue preclusion, or collateral estoppel, based on issues adjudicated in *VideoShare, LLC v. Google, Inc.*, 13-CV-990 (GMS), 2016 WL 4137524 (D. Del. Aug. 2, 2016), *aff'd*, 695 Fed. App'x 577 (Fed. Cir. 2017) ("*VideoShare I*").

### Eighteenth Defense – Disclaimer

80.     The claims of the Patent-in-Suit are disclaimed, expired, invalid, and unenforceable under 35 U.S. Code § 253 and under the terms of VideoShare's terminal disclaimer, filed April 23, 2019 during prosecution of the Patent-in-Suit.

### Nineteenth Defense – Inequitable Conduct

81.     All claims of the Patent-in-Suit are unenforceable due to inequitable conduct.

82.     In 2013, Plaintiff asserted U.S. Patent Nos. 8,464,302 (the "'302 Patent") and U.S. Patent No. 8,438,608 (the "'608 Patent") against Defendants in *VideoShare I*. That case terminated when, on August 2, 2016, the district court issued an order finding that the '302 Patent and the '608 Patent are invalid under 35 U.S.C. § 101 for claiming patent-ineligible subject matter. *VideoShare, LLC v. Google, Inc.*, 2016 WL 4137524 (D. Del. Aug. 2, 2016) ("*VideoShare I*"). The Federal Circuit affirmed that order in 2017. *VideoShare, LLC v. Google Inc.*, 695 F. App'x 577 (Fed. Cir. 2017) ("*VideoShare II*"). The claims of the '302 and '608 Patents have thus each been finally adjudicated as invalid.

83.     On January 23, 2019, after the claims of the '302 and '608 Patents were finally adjudicated as invalid, VideoShare filed the patent application that would later issue as the '341 Patent. The '341 Patent is a continuation of the '302 Patent, sharing an identical specification except for the '341 Patent's more extensive listing of related patent applications. The patents have the same title and identify the same three named inventors: Gad Liwerant, Christopher Dodge, and Guillaume Boissiere.

84.     Applicant VideoShare and Applicant's representatives had a duty to disclose material information to the Patent Office during the prosecution of the '341 Patent. Each individual associated with the prosecution of a patent application has a duty of candor to the Patent Office. *See, e.g.,* 37 C.F.R. §1.56. Here, such individuals include at least VideoShare's founder and President Gad Liwerant (also a named inventor on the patent) and VideoShare's prosecuting attorney, Charlies F. Wieland III. None of these individuals fulfilled their obligations and complied with the duty to disclose material information to the Patent Office. Specifically, these individuals failed to disclose material information relating to the final rulings that the '302 and '608 Patents are invalid as not directed to patent eligible subject matter.

85.     Neither the district court order nor the Federal Circuit's order determining the invalidity of the '302 Patent and the '608 Patent (collectively, the "Invalidity Orders") were disclosed during the prosecution of the '341 Patent. On January 23, 2019, Applicant VideoShare, through its attorney Mr. Wieland, filed a 37-page Information Disclosure Statement listing hundreds of documents. *See* '341 Patent File History, Information Disclosure Statement (submitted Jan. 23, 2019). The Information Disclosure Statement identified hundreds of documents that were exchanged and at issue in *VideoShare I*, including several court orders, but the Invalidity Orders were not included. The invalidity orders were known to Mr. Weiland available to him when he submitted the IDS. Additionally, the Invalidity Orders were heavily litigated in the prior *Videoshare* matters, in which Mr. Liwerant was an active participant.

86.     The Invalidity Orders were, and remain, material to the patentability of the '341 Patent because, but-for their omission from the information submitted to the Patent Office, the '341 Patent would not have issued. On April 4, 2019, the examiner issued a rejection of all claims for nonstatutory double patenting, finding that all claims (1–7) of the '341 Patent were not patentably distinct from claims 1–17 of the '302 Patent and claims 1–23 of the '608 Patent. '341 Patent File History, Non-final Rejection (mailed April 4, 2019). VideoShare did not dispute the examiner's conclusions. On April 23, 2019, VideoShare, through its attorney Adam Banes (an attorney at the same firm as Mr. Wieland), filed a terminal disclaimer in response to the double patenting rejection, disclaiming the terminal part of the statutory term of the '341 Patent that would extend beyond the full statutory term of the '302 Patent and '608 Patent. '341 Patent File History, Amendment and Reply (submitted April 23, 2019). Shortly thereafter, on May 10, 2019, the examiner allowed the claims to issue in view of the terminal disclaimer. '341 Patent File History, Notice of Allowance (mailed May 10, 2019).

87.     If the patent examiner had known that a district court had determined, and the Federal Circuit had affirmed, that the '608 and '341 Patents were invalid, then the examiner would not have permitted the claims of the '341 Patent to issue. Because the examiner had found the '341 Patent claims to be patentably indistinct from those invalid claims, the examiner would have found that the patentably indistinct claims are also invalid for the same reasons that were finally adjudicated by the Court. Instead, the '341 Patent issued on July 23, 2019. The Invalidity Orders were not cumulative of the information already in the prosecution history of the '341 Patent because the file history did not otherwise disclose that the '302 Patent and '608 Patent were judicially determined to be invalid at both the district court and the Federal Circuit. Indeed, this information was omitted from the litigation material submitted by the applicant and the prosecuting attorney.

88.     VideoShare and its attorneys knew of the Invalidity Orders and knew they were material. Mr. Liwerant knew of the Invalidity Orders, as evidenced by his involvement in the *VideoShare* litigations. For example, Mr. Liwerant was designated to testify on behalf of VideoShare as its corporate representative in *VideoShare I*. VideoShare's attorneys, including Mr. Wieland, were also aware of the Invalidity Orders. Mr. Wieland was lead counsel for VideoShare in a covered business method review of the '302 Patent before the Patent Trial and Appeal Board, and received, on multiple occasions, formal notice of the district court's order that the '302 Patent and '608 Patent were invalid. Specifically, the district court's order finding those patents invalid was attached as an exhibit to a CBM filing by Google, which was served on Mr. Wieland on August 15, 2016. *See* CBM2016-00074, Paper 6, 7 & Ex. 1032. Moreover, the CBM petitions were terminated, at Google's request, on August 17, 2016, because of the court's invalidity determinations. *See* CBM2016-00074, Paper 8. As lead counsel for patent owner in the CBM, Mr.

Wieland was specifically served with the Google filing attaching the district court's order and termination decision. *See* CBM2016-00074, Paper 6, 7, 8. Additionally, Mr. Liwerant was aware of the CBM proceedings, at least because he signed the power of attorney document authorizing Mr. Wieland to act on Videoshare's behalf. *See* CBM2016-00074, Paper 4. The *VideoShare I* matter appears on the same docket as multiple other litigation documents that VideoShare disclosed in the January 23, 2019 Information Disclosure Statement.

89.    VideoShare submitted hundreds of litigation documents in the Information Disclosure Statement, demonstrating that VideoShare's representatives, including at least Mr. Wieland and Mr. Liwerant, knew that material from the *Videoshare* litigations were material to patentability. Additionally, on April 23, 2019, in response to the patent examiner's April 4, 2019 non-final Office Action, VideoShare filed an Amendment and Reply that stated:

> "Applicant wishes to thank Examiner Salterelli for the indication of allowable subject matter . . . As stated in the parent application, this continuation application was filed in part to avoid the basis of a finding of invalidity under 35 U.S.C. § 101 of U.S. Patent No. 8,454,302 which issued from priority Application No. 09/631,583 in VideoShare, LLC v. Google Inc. et al., 1:13-cv-00990-GMS, D. Del., June 4, 2013. ***Applicant acknowledges with appreciation the Examiner considering the court documents from the litigation*** and references cited therein that were submitted on January 23, 2019."

90.    '341 Patent File History, Amendment and Reply (submitted April 23, 2019). By making this statement, VideoShare acknowledges that court documents from the *VideoShare I* litigation should have been considered by the examiner, and thus, that they are material to patentability. However, there is no evidence in the file history that this self-serving statement made by the applicant is accurate. The examiner did not actually cite or apply any of the submitted references from the *VideoShare I* litigation in his analysis. And even if the Examiner had, the submitted material excluded the Invalidity Orders in any event.

91.     The single most reasonable inference to be drawn from the failure to disclose the Invalidity Orders is that Applicant VideoShare and VideoShare's representatives, including at least Mr. Liwerant and Mr. Wieland, deliberately chose to withhold the Invalidity Orders from the mass of other litigation documents that they submitted in the prosecution of the '341 Patent with the specific intent to deceive the Patent Office to issue the '341 Patent. Each of Messrs. Liwerant and Wieland were active participants in prior matters where the Invalidity Orders and related issues were at play. Each of Messrs. Liwerant and Wieland owed a duty of candor to the Patent Office during the prosecution of the '341 patent. This duty of candor required that they disclose non-cumulative information material to the patentability of the '341 patent. Each of Messrs. Liwerant and Wieland caused litigation material to be submitted to the Patent Office in an information disclosure statement. This litigation material was specifically called to the attention of the examiner during prosecution, including, for example, in the April 23, 2019, Office Action Response. Each of Messrs. Liwerant and Wieland knew that the litigation material submitted was not complete and did not include the Invalidity Orders. Each of Messrs. Liwerant and Wieland failed to correct this omission by including or later submitting the Invalidity Orders. Each of Messrs. Liwerant and Wieland knew that, on April 4, 2019, the examiner had determined that the '341 claims were not patentably distinct from the '302 and '608 claims. Each of Messrs. Liwerant and Wieland knew that the '302 and '608 claims were finally determined to be invalid. The single most reasonable inference to draw from these facts is that Applicant VideoShare and VideoShare's representatives made a deliberate decision to withhold this information from the examiner, despite ample opportunity to include the information or otherwise correct the record.

**Reservation of Additional Defenses**

92.     Defendants reserve the right to assert any additional defenses or counterclaims which may now exist or in the future may be available based on discovery and further factual investigation in this case.

## **DEFENDANTS' PRAYER FOR RELIEF**

93.     WHEREFORE, Defendants pray for judgment as follows:

a.     a judgment dismissing Plaintiff's FAC against Defendants with prejudice;

b.     a declaration that Defendants have not infringed, contributed to the infringement of, or induced others to infringe, either directly or indirectly, any valid and enforceable claim of the Patent-in-Suit;

c.     a declaration that every asserted claim of the Patent-in-Suit is invalid and unenforceable;

d.     a judgment declaring this case exceptional under 35 U.S.C. § 285 and awarding Defendants their attorneys' fees and prejudgment interest, and an award to Defendants of all of their costs of this action;

e.     a judgment limiting or barring Plaintiff's ability to enforce the Patent-in-Suit in equity; and

f.     such other and further relief as this Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

In accordance with Fed. R. Civ. P. 38(b), Defendants demand a trial by jury on all issues so triable.

Dated:  March 5, 2021                               */s/ J. Mark Mann*

J. Mark Mann
State Bar No. 12926150
G. Blake Thompson
State Bar No. 24042033
MANN | TINDEL | THOMPSON
201 E Howard Street
Henderson, Texas 75654
(903) 657-8540
(903) 657-6003 (fax)

David S. Almeling (*Pro Hac Vice*)
dalmeling@omm.com
Bill Trac (*Pro Hac Vice*)
btrac@omm.com
Amy Liang (*Pro Hac Vice*)
aliang@omm.com
**O'MELVENY & MYERS LLP**
Two Embarcadero Center
28th Floor
San Francisco, CA 94111-3823
Telephone: 415-984-8700
Facsimile: 415-984-8701

***Attorneys for Defendants Google LLC and
YouTube, LLC***

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on March 5, 2021, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

*/s/ J. Mark Mann*
J. Mark Mann
