# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| VIDEOSHARE, LLC | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION No. 6:19-cv-00663-ADA |
| | § | JURY TRIAL DEMANDED |
| GOOGLE LLC and YOUTUBE, LLC | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS' MOTION TO EXCLUDE OPINIONS OF GREGORY J. GONSALVES, PH.D., J.D. UNDER *DAUBERT* AND FEDERAL RULE OF EVIDENCE 702**

**TABLE OF CONTENTS**

Page

I.   FACTUAL BACKGROUND ........................................................................................... 1

   A.   Dr. Gonsalves's Opinions on Inequitable Conduct.................................................. 1

   B.   Dr. Gonsalves's Recitation of the Law of Inequitable Conduct ............................. 2

   C.   Dr. Gonsalves's Improper Opinions on Whether VideoShare Intended to Deceive the Patent Office ........................................................................................ 2

   D.   Dr. Gonsalves's Improper Opinions on Whether the Examiner Would Have Granted the '341 Patent ................................................................................. 3

II.  LEGAL STANDARD ...................................................................................................... 3

III. ARGUMENT .................................................................................................................... 4

   A.   Dr. Gonsalves' Recitation of Patent Law Cases (*i.e.*, Ex. 1 ¶¶ 28-37) Should Be Excluded ............................................................................................... 5

   B.   Dr. Gonsalves's Conclusions Regarding Intent to Deceive (*i.e.*, Ex. 1 ¶¶ 2, 38, 40, 44, 51, 55, 71) Are Improper and Should Be Excluded ............................. 5

   C.   Dr. Gonsalves's Opinions on What the Patent Examiner Would Have Done (*i.e.*, Ex. 1 ¶¶ 2, 56, 61-64, 70-71) Are Speculative and Improper Legal Conclusions .................................................................................................. 7

IV.  CONCLUSION ................................................................................................................. 9

# TABLE OF AUTHORITIES

**Page**

**CASES**

*1st Media LLC v. Elec. Arts Inc.*,
   694 F.3d 1367 (Fed. Cir. 2012) ............................................................................................. 2

*Abbott Biotechnology Ltd. v. Centocor Ortho Biotech, Inc.*,
   No. 09-40089-FDS, 2014 U.S. Dist. LEXIS 175470 (D. Mass. Dec. 19, 2014) ..................... 7

*Am. Calcar Inc. v. Am. Honda Motor Co.*,
   768 F.3d 1185 (Fed. Cir. 2014) ............................................................................................. 2

*Apotex Inc. v. UCB Inc.*,
   763 F.3d 1354 (Fed. Cir. 2014) ............................................................................................. 2

*Aventis Pharma S.A. v. Hospira Inc.*,
   675 F.3d 1324 (Fed. Cir. 2012) ............................................................................................. 2

*Burleson v. Tex. Dep't of Criminal Justice*,
   393 F.3d 577 (5th Cir. 2004) ............................................................................................. 4, 9

*Cordis Corp. v. Bos. Sci. Corp.*,
   658 F.3d 1347 (Fed. Cir. 2011) ............................................................................................. 2

*Daubert v. Merrell Dow Pharms., Inc.*,
   509 U.S. 579 (1993) ............................................................................................................ 3, 6

*Energy Heating LLC v. Heat On-The-Fly LLC*,
   889 F.3d 1291 (Fed. Cir. 2018) ............................................................................................. 2

*Everlight Elecs. Co. v. Nichia Corp.*,
   719 F. App'x 1008 (Fed. Cir. 2018) ...................................................................................... 2

*Flores v. Schwerman Trucking Co.*,
   No. SA-09-CA-702-H, 2010 U.S. Dist. LEXIS 154172 (W.D. Tex. Aug. 12,
   2010) ........................................................................................................................................ 5

*Gen. Elec. Co. v. Joiner*,
   522 U.S. 136 (1997) ............................................................................................................... 4

*In re Rosuvastatin Calcium Patent Litig.*,
   703 F.3d 511 (Fed. Cir. 2012) ............................................................................................... 2

*In re Rosuvastatin Calcium Patent Litig.*,
   No. 08-1949, 2009 U.S. Dist. LEXIS 117355 (D. Del. Dec. 11, 2009) ......................... 5, 6, 7

*Intellect Wireless Inc. v. HTC Corp.*,
   732 F.3d 1339 (Fed. Cir. 2013) ............................................................................................. 2

## TABLE OF AUTHORITIES
### (continued)

Page

*Marlin v. Moody Nat'l Bank, N.A.*,
  248 F. App'x 534 (5th Cir. 2007) ............................................................................................ 5

*Meds. Co. v. Mylan Inc.*,
  No. 11-cv-1285, 2014 U.S. Dist. LEXIS 52952 (N.D. Ill. Apr. 17, 2014) ........................... 7, 8

*Network-1 Techs. v. Alcatel-Lucent USA, Inc.*,
  No. 6:11-cv-492-RWS-KNM, 2017 U.S. Dist. LEXIS 154434 (E.D. Tex.
  Sept. 21, 2017) ........................................................................................................................ 4

*Owen v. Kerr-McGee Corp.*,
  698 F.2d 236 (5th Cir. 1983) ............................................................................................... 4, 7

*Realtime Data, LLC v. Packeteer, Inc.*,
  No. 6:08-CV-144, 2009 WL 4545087 (E.D. Tex. Nov. 19, 2009) ............................... 4, 5, 6, 7

*Renfroe v. Parker*,
  974 F.3d 594 (5th Cir. 2020) ................................................................................................... 4

*Santarus Inc. v. Par Pharm. Inc.*,
  694 F.3d 1344 (Fed. Cir. 2012) ............................................................................................... 2

*Smith v. City of Bastrop*,
  No. 1:19-CV-1054-RP, 2021 U.S. Dist. LEXIS 8124 (W.D. Tex. Jan. 15,
  2021) .................................................................................................................................... 4, 5

### **STATUTES**

35 U.S.C. § 101 .............................................................................................................................. 1

### **OTHER AUTHORITIES**

Manual of Patent Examining Procedure 2190 ................................................................................ 9

### **RULES**

Fed. R. Evid. 702 ....................................................................................................................... 3, 6

Defendants Google LLC and YouTube LLC (collectively, "Defendants") move under *Daubert* to exclude certain opinions of Gregory Gonsalves, Ph.D., Plaintiff's expert on inequitable conduct.

Certain of Dr. Gonsalves's statements, couched as expert testimony, consist of recitations of the law of inequitable conduct, improper legal conclusions regarding inequitable conduct, and speculation about underlying issues, such as the intent of the patentee or what the patent Examiner would have done given different information. *See* Ex. 1[1] (Gonsalves Report) ¶¶ 2, 28-37, 38, 40, 44, 51, 55-56, 61-64, 70-71. Dr. Gonsalves's opinions both invade the province of the Court—by providing legal conclusions—and usurp the role of the factfinder—by telling it what result to reach, and should therefore be excluded.

## I.     FACTUAL BACKGROUND

### A.     Dr. Gonsalves's Opinions on Inequitable Conduct

VideoShare, LLC ("VideoShare") accuses Defendants of infringing asserted U.S. Patent No. 10,362,341 (the "'341 patent") by offering the ad-based YouTube video platform. Defendants assert that VideoShare engaged in inequitable conduct during prosecution of the '341 patent by failing to disclose orders from the District of Delaware and the Federal Circuit ("Invalidity Orders") invalidating under 35 U.S.C. § 101 two related patents, U.S. Patent Nos. 8,464,302 (the "'302 patent") and 8,438,608 (the "'608 patent"). Defendants' expert Nicholas Godici submitted an expert report on the rules, practices, and procedures related to the examination of patent applications by the United States Patent and Trademark Office ("USPTO").

In response to Mr. Godici's report, Dr. Gonsalves submitted a rebuttal expert report.

---

[1] Ex. 1 refers to Exhibit 1 to the Declaration of Sorin G. Zaharia, submitted concurrently herewith.

Ex. 1. Dr. Gonsalves offers his opinions "that Defendants and their expert, Mr. Godici, have failed to prove . . . inequitable conduct" and have "failed to provide clear and convincing evidence sufficient to show intent to deceive the USPTO by either Mr. Liwerant or Mr. Wieland." *Id.* ¶ 2. Dr. Gonsalves does not offer opinions with respect to the USPTO's rules, practices, and procedures.

      **B.**     **Dr. Gonsalves's Recitation of the Law of Inequitable Conduct**

Dr. Gonsalves includes in his report a detailed discussion of a dozen Federal Circuit decisions regarding inequitable conduct. Ex. 1 ¶¶ 28-37. Reading much like a legal brief, those paragraphs summarize, based on Dr. Gonsalves's review, the factual details and legal holdings of the following cases: *Cordis Corp. v. Bos. Sci. Corp.*, 658 F.3d 1347, 1351 (Fed. Cir. 2011) (*id.* ¶ 28); *Am. Calcar Inc. v. Am. Honda Motor Co.*, 768 F.3d 1185 (Fed. Cir. 2014) (*id.* ¶ 29); *In re Rosuvastatin Calcium Patent Litig.*, 703 F.3d 511 (Fed. Cir. 2012) (*id.* ¶ 30); *1st Media LLC v. Elec. Arts Inc.*, 694 F.3d 1367 (Fed. Cir. 2012) (*id.* ¶ 31); *Aventis Pharma S.A. v. Hospira Inc.*, 675 F.3d 1324 (Fed. Cir. 2012) (*id.* ¶ 32); *Everlight Elecs. Co. v. Nichia Corp.*, 719 F. App'x 1008 (Fed. Cir. 2018) (*id.* ¶ 33); *Santarus Inc. v. Par Pharm. Inc.*, 694 F.3d 1344 (Fed. Cir. 2012) (*id.* ¶ 34); *Energy Heating LLC v. Heat On-The-Fly LLC*, 889 F.3d 1291 (Fed. Cir. 2018) (*id.* ¶ 35); *Intellect Wireless Inc. v. HTC Corp.*, 732 F.3d 1339 (Fed. Cir. 2013) (*id.* ¶ 36); *Apotex Inc. v. UCB Inc.*, 763 F.3d 1354 (Fed. Cir. 2014). *Id.* ¶ 37.

      **C.**     **Dr. Gonsalves's Improper Opinions on Whether VideoShare Intended to Deceive the Patent Office**

In addition to his ultimate conclusion that "Defendants and their expert . . . have failed to prove that inequitable conduct was committed" (Ex. 1 ¶ 2), Dr. Gonsalves also opines on the state of mind of Mr. Liwerant, the first named inventor, and the prosecution counsel, Mr. Wieland, regarding their disclosures to the USPTO (or lack thereof). For example,

Dr. Gonsalves states that "patent prosecution counsel and Mr. Liwerant did not have any intention to deceive the USPTO." *Id.* ¶ 40. He also opines that VideoShare's actions "are not consistent with those of someone trying to conceal the order." *Id.* ¶ 44. Finally, he asserts that "Mr. Godici fails to explain how Mr. Liwerant could have possibly had an intent to deceive the USPTO by not giving Mr. Wieland two documents that Mr. Wieland already had." *Id.* ¶ 51.

### D. Dr. Gonsalves's Improper Opinions on Whether the Examiner Would Have Granted the '341 Patent

Dr. Gonsalves also provides speculation on what the Examiner would have done had the inventor and prosecution counsel provided him with the Invalidity Orders. First, Dr. Gonsalves offers his view that "the District Court Memorandum and Federal Circuit Order Are Not 'But For' Material to the Patentability of the '700 Application." Ex. 1 at page 26. Second, he predicts that "the Examiner would have allowed the claims of the '700 patent [sic] had these two documents been disclosed to him." *Id.* ¶ 56; *see also id.* ¶¶ 70, 71 (same). Third, Dr. Gonsalves foretells, based on this Court's denial of Defendants' motion to dismiss under claim preclusion (Dkt. 30), that "the Examiner's decision would not have been different if the District Court Memorandum and the Federal Circuit's Order affirming the district court's decision had been filed at the USPTO." *Id.* ¶ 63; *see id.* ¶¶ 61-62, 64.

## II. LEGAL STANDARD

*Daubert* and Rule 702 of the Federal Rules of Evidence require courts to act as "gatekeepers" to "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993). A court is not required to "admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert," and may "rightfully exclude expert testimony where a court finds that an expert has extrapolated data, and there is 'too great an analytical gap between the data and the

-3-

opinion proffered.'" *Burleson v. Tex. Dep't of Criminal Justice*, 393 F.3d 577, 587 (5th Cir. 2004) (quoting *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997)).

The law is clear that "[e]xperts cannot 'render conclusions of law' or provide opinions on legal issues." *Renfroe v. Parker*, 974 F.3d 594, 598 (5th Cir. 2020). As the Fifth Circuit has long held, "allowing an expert to give his opinion on the legal conclusions to be drawn from the evidence both invades the court's province and is irrelevant." *Owen v. Kerr-McGee Corp.*, 698 F.2d 236, 240 (5th Cir. 1983); *see also Smith v. City of Bastrop*, No. 1:19-CV-1054-RP, 2021 U.S. Dist. LEXIS 8124, at *13 (W.D. Tex. Jan. 15, 2021) ("An expert witness is not allowed to opine on legal conclusions that should be drawn from the evidence, which 'both invades the court's province and is irrelevant.'"). An expert cannot provide legal opinions in either jury or bench trials. *Id.* at *13-14.

Based on these guiding principles, courts have held that experts "should be precluded from presenting testimony as to the elements of inequitable conduct: materiality and intent to deceive the Patent Office." *Realtime Data, LLC v. Packeteer, Inc.*, No. 6:08-CV-144, 2009 WL 4545087, at *2 (E.D. Tex. Nov. 19, 2009) (precluding expert from "opining as to the intent and credibility of . . . the prosecuting attorney"). In excluding testimony on intent or state of mind in the context of USPTO submissions, courts have found that such testimony "usurps the role of the factfinder by telling it what result to reach." *Network-1 Techs. v. Alcatel-Lucent USA, Inc.*, No. 6:11-cv-492-RWS-KNM, 2017 U.S. Dist. LEXIS 154434, at *23 (E.D. Tex. Sept. 21, 2017) (citing *Realtime*, 2009 WL 4545087, at *2).

### III.    ARGUMENT

Many of Dr. Gonsalves's opinions should be excluded as improper legal opinions on the ultimate legal issue of inequitable conduct and speculative pronouncements telling the factfinder what result to reach regarding the intent of the patentee and the actions of the Examiner.

### A. Dr. Gonsalves' Recitation of Patent Law Cases (*i.e.*, Ex. 1 ¶¶ 28-37) Should Be Excluded

Through his lengthy recitation of his own summaries of a dozen Federal Circuit cases, Dr. Gonsalves attempts either to teach the trier of fact or advise the Court how to interpret the law on inequitable conduct. Either way, such testimony is improper, and Dr. Gonsalves's case law summaries—which go well beyond stating what legal standard he applied—should be stricken. First, allowing Dr. Gonsalves to testify to the trier of fact about the law would invade the province of the Court as the only one who instructs the factfinder on the law. *See Flores v. Schwerman Trucking Co.*, No. SA-09-CA-702-H, 2010 U.S. Dist. LEXIS 154172, at *2 (W.D. Tex. Aug. 12, 2010) ("No witness, 'expert' or otherwise, is permitted to testify as to the applicability or the interpretation of any statute or regulation . . . . Only the Court can instruct the jury as to the meaning or the applicability of statutes and regulations."). Second, to the extent Dr. Gonsalves purports to advise the Court on the applicable law, his opinions are similarly improper, because "[e]xperts may not advise the Court how the law should be interpreted or applied to the facts in the case." *City of Bastrop*, 2021 U.S. Dist. LEXIS 8124, at *14.

Dr. Gonsalves's recitation of Federal Circuit case summaries should be stricken.

### B. Dr. Gonsalves's Conclusions Regarding Intent to Deceive (*i.e.*, Ex. 1 ¶¶ 2, 38, 40, 44, 51, 55, 71) Are Improper and Should Be Excluded

Dr. Gonsalves's conclusions regarding intent improperly usurp the role of the factfinder and should be excluded. "An expert's credentials do not place him in a better position than the jury to draw conclusions about a [party's] state of mind." *Marlin v. Moody Nat'l Bank, N.A.*, 248 F. App'x 534, 541 (5th Cir. 2007). Accordingly, "expert witnesses are not permitted to testify regarding 'intent, motive, or state of mind, or evidence by which such state of mind may be inferred." *In re Rosuvastatin Calcium Patent Litig.*, No. 08-1949, 2009 U.S. Dist. LEXIS 117355, at *31 (D. Del. Dec. 11, 2009); *see also Realtime*, 2009 WL 4545087, at *2 (precluding

expert from "opining as to the intent and credibility of . . . the prosecuting attorney").

In *Rosuvastatin*, defendants moved to exclude under *Daubert* and FRE 702 the testimony of two experts about the intent of the patentee's employees regarding prior art disclosures to the USPTO.  2009 U.S. Dist. LEXIS 117355, at *29-30, 35.  One expert would have testified that an employee "did not recognize any patentability defect" and that "she would have submitted to the USPTO" a particular reference, had she not changed jobs.  *Id.* at *29, 32-33.  The other expert would have testified as to an employee's "knowledge and understanding" of withheld prior art references.  *Id.* at *35.  The court excluded both experts' proffered testimony, holding that the "expert 'opinions' are really arguments, assumptions, and inferences as to the supposed state of mind or intent of [patentee's employees]" and "impermissible expert opinion as to the intent of an individual accused of deceiving the PTO."  *Id.* at *31, 35-36.

Similarly, in *Realtime*, the expert opined on whether a patent was unenforceable because certain prior art references were not disclosed to the USPTO during patent prosecution.  *Realtime*, 2009 WL 4545087, at *1.  The court held that the expert "should be precluded from presenting testimony as to the elements of inequitable conduct: materiality and intent to deceive the Patent Office."  *Id.* at *2.  In particular, the court "precluded [the expert] from opining as to the intent and credibility of . . . the prosecuting attorney."  *Id.*

As with the excluded opinions in *Rosuvastatin* and *Realtime*, Dr. Gonsalves's "expert 'opinions' are really arguments, assumptions, and inferences as to the . . . intent of [VideoShare's employees and prosecuting counsel]." *Rosuvastatin*, 2009 U.S. Dist. LEXIS 117355, at *31; *Realtime*, 2009 WL 454087, at *1.  Through his purported expert opinions, Dr. Gonsalves improperly tells the factfinder what result to reach regarding the intent and state of mind of named inventor Liwerant and VideoShare's prosecution counsel Mr. Wieland.  *See* Ex. 1 at page

16 ("Defendants and Mr. Godici Cannot Establish an Intent to Deceive by Clear and Convincing Evidence"); *id.* ¶ 40 ("patent prosecution counsel and Mr. Liwerant did not have any intention to deceive the USPTO"); ¶ 44 (opining that VideoShare's actions "are not consistent with those of someone trying to conceal the order").  These portions of Dr. Gonsalves's expert report "constitute[] impermissible expert opinion as to the intent of an individual accused of deceiving the PTO" and should be stricken." *Rosuvastatin*, 2009 U.S. Dist. LEXIS 117355, at *35-36; *Realtime*, 2009 WL 454087, at *1.

Dr. Gonsalves's conclusions regarding intent should be stricken as impermissible expert opinion.

### C. Dr. Gonsalves's Opinions on What the Patent Examiner Would Have Done (*i.e.*, Ex. 1 ¶¶ 2, 56, 61-64, 70-71) Are Speculative and Improper Legal Conclusions

Dr. Gonsalves's speculation about what the Examiner would have done and conclusions as to the ultimate legal issue of inequitable conduct constitute improper expert testimony and should be excluded.  The Fifth Circuit has long held that expert "opinion on the legal conclusions to be drawn from the evidence both invades the court's province and is irrelevant." *Owen*, 698 F.2d at 240.  Based on the same principles, courts in this and other districts have excluded expert testimony, like that proffered by Dr. Gonsalves, about "what the Examiner would have done or thought had she been given different information." *Meds. Co. v. Mylan Inc.*, No. 11-cv-1285, 2014 U.S. Dist. LEXIS 52952, at *14 (N.D. Ill. Apr. 17, 2014); *see Abbott Biotechnology Ltd. v. Centocor Ortho Biotech, Inc.*, No. 09-40089-FDS, 2014 U.S. Dist. LEXIS 175470, at *24 (D. Mass. Dec. 19, 2014) (An expert "may not speculate as to what the examiner did or did not think, or how different information would have impacted the examiner's opinions or thoughts.  Her testimony must be limited to direct statements about the record, what it contains, and what it does not contain."); *Realtime*, 2009 WL 4545087, at *2 (precluding opinion on the materiality of

undisclosed references and allowing expert to testify only on "aspects of an inequitable conduct case for which he has personal knowledge—namely PTO policy, practice, and procedure.").

Much like in those cases, Dr. Gonsalves does not limit his opinions to "direct statements about the record" or "PTO policy, practice, and procedure." Instead, he offers improper legal conclusions and speculations, including a conclusion as to the ultimate legal issue. Ex. 1 ¶ 2 (opining that "Defendants and their expert . . . have failed to prove that inequitable conduct was committed"). Dr. Gonsalves repeatedly and improperly opines on what the Examiner would have done if he had been provided the Invalidity Orders, which had been withheld by VideoShare. *Id.* ¶ 56 ("the Examiner would have allowed the claims of the '700 patent [sic] had these two documents been disclosed to him"); *id.* ¶¶ 70, 71 (same). Dr. Gonsalves's statements are exactly the type of opinions the *Mylan* court excluded as "irrelevant speculation" on "what the Examiner would have done or thought had she been given different information." 2014 U.S. Dist. LEXIS 52952, at *15.

Not only does Dr. Gonsalves purport to read into the Examiner's mind—he also foretells, relying on *this Court's* denial of Defendants' motion to dismiss based on claim preclusion, that "the Examiner's decision would not have been different if the District Court Memorandum and the Federal Circuit's Order affirming the district court's decision had been filed at the USPTO." Ex. 1 ¶ 63; *see id*. ¶¶ 61-62, 64. Dr. Gonsalves fails to adduce any evidence that the Examiner would have applied the same standard to assessing patentability as this Court applied in deciding Defendants' motion on the issue of claim preclusion. Here, the Examiner did reject the claims of the '341 patent on double patenting grounds, finding the claims not patentably distinct from the invalidated '302 and '608 patents. Dkt. 18-2 at 146-47. And the USPTO has its own procedures for assessing patentability. For example, the MPEP instructs examiners to reject claims that are

patentably indistinct from other claims that have been finally adjudicated as invalid.  MPEP 2190[2] ("A patent owner or applicant may be precluded from seeking a claim that is not patentably distinct from a claim that was finally refused or canceled during an administrative trial or federal court proceeding under the doctrine of *res judicata*.").  The Court's order on claim preclusion does not support Dr. Gonsalves's speculation regarding how the Examiner would have decided patentability.

Dr. Gonsalves's extrapolation from this Court's order to what the Examiner would have done is "too great an analytical gap between the data and the opinion proffered," *Burleson*, 393 F.3d at 587, and an additional reason why his opinions should be stricken.

## IV. CONCLUSION

For the foregoing reasons, the Court should exclude Dr. Gonsalves's opinions regarding inequitable conduct and the underlying issues of intent and materiality, as invading the province of the Court and usurping the role of the factfinder.  Specifically, the following paragraphs of his expert report should be stricken and he should be precluded from expressing any opinions based thereon:  ¶¶ 2, 28-37, 38, page 16 (heading), 40, 44, 51, page 26 (heading), ¶¶ 55-56, 61-64, 70-71.

Dated:  August 25, 2021                                         */s/ J. Mark Mann*

J. Mark Mann
State Bar No. 12926150
mark@themannfirm.com
G. Blake Thompson
State Bar No. 24042033
blake@themannfirm.com
MANN | TINDEL | THOMPSON
201 E. Howard St.
Henderson, Texas 75654
(903) 657-8540
(903) 657-6003 (fax)

---

[2] https://www.uspto.gov/web/offices/pac/mpep/s2190.html.

███████████████████████████████

                    Luann L. Simmons (*Pro Hac Vice*)
                    lsimmons@omm.com
                    David S. Almeling (*Pro Hac Vice*)
                    dalmeling@omm.com
                    Bradley N. Garcia (*Pro Hac Vice*)
                    bgarcia@omm.com
                    Bill Trac (*Pro Hac Vice*)
                    btrac@omm.com
                    Amy K. Liang (*Pro Hac Vice*)
                    aliang@omm.com
                    Sorin G. Zaharia (*Pro Hac Vice*)
                    szaharia@omm.com
                    Daniel Silverman (*Pro Hac Vice*)
                    dsilverman@omm.com
                    **O'MELVENY & MYERS LLP**
                    Two Embarcadero Center
                    28th Floor
                    San Francisco, CA 94111-3823
                    Telephone: 415-984-8700
                    Facsimile: 415-984-8701

                    ***Attorneys for Defendants Google LLC and YouTube, LLC***

**CERTIFICATE OF CONFERENCE**

On August 23, 2021, pursuant to Local Rule CV-7, counsel Bill Trac for Defendants met and conferred with counsel William Ellerman and Halima Shukri Ndai for Plaintiff, and counsel for Plaintiff indicated on August 23, 2021, that Plaintiff is opposed to the relief sought by this Motion.

Dated:  August 25, 2021         /s/ *J. Mark Mann*
                                J. Mark Mann

**CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on August 25, 2021, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

                                */s/ J. Mark Mann*
                                J. Mark Mann