# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| VIDEOSHARE, LLC,<br><br>　　　　Plaintiff,<br><br>v.<br><br>GOOGLE LLC and<br>YOUTUBE, LLC,<br><br>　　　　Defendants. | CIVIL ACTION NO. 6:19-CV-00663-ADA<br><br><br><br>JURY TRIAL DEMANDED<br><br>**FILED UNDER SEAL** |

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OF NO INEQUITABLE CONDUCT

Dated: September 1, 2021

Charles L. Ainsworth (Texas 00783521)
charley@pbatyler.com
Robert C. Bunt (Texas 00787165)
rcbunt@pbatyler.com
PARKER, BUNT & AINSWORTH P.C.
100 E. Ferguson Suite 418
Tyler, Texas 75702
Tel: (903) 531-3535

***Counsel for Plaintiff VideoShare, LLC.***

Respectfully Submitted,

/s/ *William D. Ellerman*
Michael W. Shore (Texas 18294915)
mshore@shorechan.com
Alfonso G. Chan (Texas 24012408)
achan@shorechan.com
William D. Ellerman (Texas 24007151)
wellerman@shorechan.com
Ari Rafilson (Texas 24060456)
arafilson@shorechan.com
Halima S. Ndai (Texas 24105486)
hndai@shorechan.com
SHORE CHAN LLP
901 Main Street, Suite 3300
Dallas, TX 75202
Tel: (214) 593-9110
Fax: (214) 593-9111

***Counsel for Plaintiff VideoShare, LLC.***

**CONFIDENTIAL – FILED UNDER SEAL**

**TABLE OF CONTENTS**

I. INTRODUCTION ..................................................................................................................1

II. STATEMENT OF UNDISPUTED FACTS .........................................................................1

    A. Prosecution History ...................................................................................................2

    B. Deposition Testimony ...............................................................................................3

III. LEGAL STANDARD ..........................................................................................................6

IV. GOOGLE CANNOT ESTABLISH INTENT TO DECEIVE BY CLEAR AND CONVINCING EVIDENCE ................................................................................................7

V. CONCLUSION ...................................................................................................................12

**CONFIDENTIAL – FILED UNDER SEAL**

Pursuant to Federal Rule of Civil Procedure 56 and the Court's August 24, 2021 Order Resetting Deadlines, Plaintiff VideoShare, LLC ("VideoShare") moves for summary judgment on Defendants' (collectively, "Google") Nineteenth Affirmative Defense—Inequitable Conduct.

## I.    INTRODUCTION

To prevail on its inequitable conduct claim, Google must prove by clear and convincing evidence that VideoShare omitted *material* information with the *specific intent to deceive* the United States Patent and Trademark Office ("PTO"). The defense is subject to judgment as a matter of law because Google cannot show by clear and convincing evidence that deceptive intent—an essential element—is the *single most reasonable inference* that can be drawn from the evidence. Indeed, if there are any other reasonable inferences, the defense fails. Here, the overwhelming evidence, including the deposition testimony of VideoShare's patent prosecution counsel, demonstrates that the conduct upon which Google's claim is based was the result of a mere oversight, and there is simply no evidence of a *deliberate decision* to withhold material information from the PTO.

Because Google does not have *any evidence* of deceptive intent, it cannot meet its burden of persuasion at trial (to the Court[1]). Summary judgment is therefore appropriate on Google's inequitable conduct claim.

## II.   STATEMENT OF UNDISPUTED FACTS

Videoshare previously asserted U.S. Patent Nos. 8,464,302 ("'302 Patent") and 8,438,608 ("'608 Patent") against Google in the United States District Court for the District of Delaware. *VideoShare, LLC v. Google Inc. et al*, 1:13-cv-00990-GMS, D. Del. ("*VideoShare I*"). On August 2, 2016, the court invalidated the asserted claims of the '302 and '608 Patents under 35 U.S.C. § 101.

---

[1] Inequitable conduct is an equitable remedy to be resolved by the Court, including any underlying factual disputes regarding materiality and intent. *Am. Calcar, Inc. v. Am. Honda Motor Co.*, 651 F.3d 1318, 1333 (Fed. Cir. 2011) ("Inequitable conduct is equitable in nature, with no right to a jury, and the trial court has the obligation to resolve the underlying facts of materiality and intent."). Because fact and expert discovery is completed; this defense is ripe for summary judgment.

*VideoShare, LLC v. Google, Inc*., No. 13-cv-990 (GMS), 2016 WL 4137524 (D. Del. Aug. 2, 2016) ("District Court Memorandum"); *see also VideoShare, LLC v. Google Inc.*, 695 F. App'x 577 (Fed. Cir. 2017) (Fed. Cir. R. 36 affirmance) ("Federal Circuit Order" and together with the District Court Memorandum, the "Invalidity Orders").

On April 21, 2017, the Delaware District Court Clerk submitted a completed form AO-120, Report on the Filing or Determination of an Action Regarding a Patent or Trademark, regarding the invalidation of the '302 and the '608 Patents and the District Court Memorandum, which is included in the file wrappers of both patents on the PTO's website –Public Pair. Ex. A.[2]

### A. Prosecution History

On January 23, 2019, VideoShare filed U.S. Patent Application No. 16/254,700 ("'700 Application"), which issued as the currently asserted patent, U.S. Patent No. 10,362,341 ("'341 Patent"), on July 23, 2019. '341 Patent, cover page. The '700 Application is a continuation of the '302 Patent and claims priority to U.S. Provisional Patent Application No. 60/147,029, filed on August 3, 1999. *Id*. at 1:7-19.

On January 23, 2019, VideoShare filed an Information Disclosure Statement ("IDS") in the '700 Application that included various materials from the *VideoShare I* litigation, such as invalidity contentions and accompanying claim charts, court orders, claim construction briefs and orders, deposition testimony, and prior art—all of which were considered by the examiner during the prosecution of the '341 Patent. Ex. B at VS0000151-188 ("All references considered except where lined through. /D.D.S/"); *see also* Dkt. 93 at 13, ¶ 87 (acknowledging the IDS "identified hundreds of documents that were exchanged and at issue in *VideoShare I*, including several court orders"); *id*. at 16, ¶ 91 (same).

---

[2] All exhibits are attached to the Declaration of Halima Shukri Ndai.

**CONFIDENTIAL – FILED UNDER SEAL**

On April 23, 2019, in response to a nonstatutory double patenting rejection, VideoShare filed an amendment and a terminal disclaimer. Ex. B at VS0000189-201. In its response, VideoShare specifically informed the examiner about the prior invalidity ruling:

> Applicant wishes to thank Examiner Saltarelli for the indication of allowable subject matter. Specifically, claims 1 -7 stand allowable over the prior art. As stated in the parent application, this continuation application was filed in part to avoid the basis of ***a finding of invalidity under 35 U.S.C. § 101 of U.S. Patent No. 8,464,302 which issued from priority Application No. 09/631,583 in VideoShare, LLC v Google Inc. et al., 1:13 - cv- 00990 -GMS, D. Del., June 4, 2013***. Applicant acknowledges with appreciation the Examiner considering the court documents from the litigation and references cited therein that were submitted on January 23, 2019.

*Id*. at VS0000200 (emphasis added); *see also* Dkt. 93 at 16, ¶ 91; Ex. C (relevant portion of the referenced parent application with nearly identical language) at VS0029370. Thereafter, on May 10, 2019, the claims of the '341 Patent were allowed as amended. Ex. B at VS0000206; *id.* at VS0000210.

### B. Deposition Testimony

On June 16, 2021, Google deposed named-inventor Gad Liwerant. *See* Ex. D (Liwerant Tr.). Mr. Liwerant repeatedly testified that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇:

> REDACTED

Ex. D at 234:20-25 (emphasis added).

> REDACTED

*Id*. at 236:14-19 (emphases added).

3

**CONFIDENTIAL – FILED UNDER SEAL**

Mr. Liwerant further testified that ██████████████████████

████████████████████████████████████████████████

████████████:

████████████ REDACTED ████████████
████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████

*Id.* at 237:18-24 (emphasis added).

████████████ REDACTED ████████████
████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████

*Id.* at 239:3-16 (emphases added).

On July 15, 2021, Google also deposed VideoShare's patent prosecution counsel, Charles Wieland, who testified in his individual capacity and on behalf of his firm, Buchanan Ingersoll & Rooney. Ex. E (Wieland Tr.) at 4. Mr. Wieland testified that ████ REDACTED ████

████████████████████████████████████████████████

████████████████████. *Id.* at 75:3-76:4; *id.* at 79:22-80:16. Mr. Wieland also testified that ████

████████████████████████████████████████████████. *See id.* at 84:21-85:6.

Mr. Wieland further testified that ████████ REDACTED ████████

████████████████████████████████████████████████

████████████████████ *Id.* at 146:13-22 ████████ REDACTED ████████

████████████████████████████████.") (emphasis added). Indeed,

4

**CONFIDENTIAL – FILED UNDER SEAL**

Mr. Wieland explicitly testified repeatedly that [REDACTED]

[REDACTED]

*Id.* at 147:11-16 (emphasis added).

[REDACTED]

*Id.* at 148:1-7 (emphasis added).

[REDACTED]

*Id.* at 148:1-7 (emphasis added).

[REDACTED]

*Id.* at 155:5-17 (emphasis added); *see also id.* at 157:19-22 [REDACTED]

"); *id.* at 183:6-9 [REDACTED]

) (emphasis added); 231:22-232:3 ("[REDACTED].").

Mr. Wieland further testified that [REDACTED]

5

**CONFIDENTIAL – FILED UNDER SEAL**

REDACTED

*Id*. 150:3-14 (emphasis added).

### III.  LEGAL STANDARD

Summary judgment is proper where the party establishes "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). The moving party has the initial burden of proving the absence of a genuinely disputed material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). Once the moving party has met its burden, the nonmoving party must "go beyond the pleadings" and designate "specific facts" in the record "showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324; FED. R. CIV. P. 56(c)(1).

"Summary judgment may not be thwarted by conclusional allegations, unsupported assertions, or presentation of only a scintilla of evidence." *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012); *Brown v. City of Hous.*, 337 F.3d 539, 541 (5th Cir. 2003) ("Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment."). If the nonmoving party fails to offer proof concerning any essential element of its claim, all other facts are immaterial and a finding that no genuine issue of fact exists is mandated. *Brasseler, U.S.A. I, L.P. v. Stryker Sales Corp.*, 267 F.3d 1370, 1381 (Fed. Cir. 2001) ("a motion for summary judgment may be granted when, drawing all reasonable factual inferences in favor of the non-movant, the evidence is such that the non-movant cannot prevail").

**CONFIDENTIAL – FILED UNDER SEAL**

In order to survive this motion for summary judgment as to its claim for inequitable conduct, Google must "introduce evidence from which a trier of fact could find materiality and intent by clear and convincing evidence." *Abbott Labs. v. TorPharm, Inc.*, 300 F.3d 1367, 1379 (Fed. Cir. 2002); *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1287 (Fed. Cir. 2011) ("To prevail on the defense of inequitable conduct, the accused infringer must prove that the applicant misrepresented or omitted material information with the specific intent to deceive the PTO.").[3] Materiality and intent are separate requirements, and intent to deceive cannot be found based on materiality alone. *Therasense,* 649 F.3d at 1290; *see also 1st Media LLC v Elec. Arts Inc.*, 694 F.3d 1367, 1374-75 (Fed. Cir. 2012) ("Knowledge of the reference and knowledge of materiality alone are insufficient after *Therasense* to show an intent to deceive.").

## IV.    GOOGLE CANNOT ESTABLISH INTENT TO DECEIVE BY CLEAR AND CONVINCING EVIDENCE

"[T]o meet the clear and convincing evidence standard, the specific intent to deceive 'must be ***the single most reasonable inference*** able to be drawn from the evidence.'" *Therasense,* 649 F.3d at 1290 (emphasis added). "Hence, when there are multiple reasonable inferences that may be drawn, intent to deceive cannot be found." *Id*. at 1290-1291; *see also Star Scientific, Inc. v. R.J. Reynolds Tobacco Co.*, 537 F.3d 1357, 1366, 1368, (Fed. Cir. 2008) (vacating summary judgment finding inequitable conduct where there was no evidence to infer intent); *In re Metoprolol Succinate Patent Litigation*, 494 F.3d 1011, 1020–21, (Fed. Cir. 2007) (vacating a summary judgment finding inequitable conduct and ruling that the district court erred in inferring an intent to deceive where patentee did not disclose information regarding a possible inventorship dispute).

---

[3] "'[C]lear and convincing' evidence has been described as evidence which produces in the mind of the trier of fact an abiding conviction that the truth of the factual contentions is highly probable." *Dimension One Spas, Inc. v. Coverplay, Inc.*, No. CIV. 03CV1099-L CAB, 2007 WL 2815042, at *3 (S.D. Cal. Sept. 25, 2007).

**CONFIDENTIAL – FILED UNDER SEAL**

Here, Google alleges that "[t]he *single most reasonable inference* to be drawn from the failure to disclose the Invalidity Orders is that Applicant VideoShare and its representatives, including at least Mr. Liwerant and Mr. Wieland, *deliberately chose to withhold the Invalidity Orders* from the mass of other litigation documents that they submitted in the prosecution of the '341 Patent with the *specific intent to deceive* the [PTO] to issue the '341 Patent." Dkt. 93 at 17, ¶ 93.[4] But there is no evidence that would support any such inference here, much less that an intent to deceive is the "single most reasonable inference" that can be drawn. The undisputed evidence shows that VideoShare (1) disclosed numerous materials from the *VideoShare I* litigation in the IDS, including Google's invalidity contentions, which incorporated its § 101 motion briefing, and (2) specifically referenced the District Court Memorandum in its response to the office action rejecting pending claims, thus demonstrating a complete absence of any intent to hide that ruling from the examiner. *See* Ex. B at VS0000151-187; *id.* at VS0000200 (stating the "application was filed in part to avoid the basis of a finding of invalidity under 35 U.S.C. § 101 of U.S. Patent No. 8,464,302 which issued from priority Application No. 09/631,583 in VideoShare, LLC v Google Inc. et al., 1:13-cv-00990-GMS, D. Del., June 4, 2013."); *see also* Ex. E at 157:3-7; *id.* at 219:25-221:5 (REDACTED).

It is inconceivable that the examiner did not consider the applicant's amendment and response since the claims were issued *as amended*. *Compare* Ex. B at VS0000198-99, *with* '341 Patent at 25:14-26:13; *see also* Ex. F (Godici R. Tr.) at 106:1-24 (REDACTED). As such, Google's entire basis for its inequitable conduct claim is absurd because it is impossible to both explicitly *disclose* and *hide* something at the same time. A person would need to choose to do

---

[4] By relying on inference alone, Google admits that there is no direct evidence of intent to deceive the PTO.

8

one or the other. Moreover, unlike an IDS, which can contain numerous documents, Mr. Wieland's statement in response to the office action clearly and conspicuously singled out the District Court Memorandum.

Furthermore, VideoShare's prosecution counsel, Mr. Wieland, testified repeatedly and consistently that ▓▓▓▓▓▓▓▓▓▓▓▓. *See, e.g.,* Ex. E. at 146:13-148:7 ▓▓▓ REDACTED ▓▓▓ ▓▓▓▓"); *id*. at 155:5-17 ▓▓▓ REDACTED ▓▓▓ ▓▓▓▓▓▓▓▓▓."); *id*. at 231:2-232:3 ("▓ REDACTED ▓."); *see also* Ex. F at 82:25-93:18 (confirming same). But a mistake or omission is insufficient to establish deceptive intent as a matter of law. *See Therasense,* 649 F.3d at 1292 (It is "inequitable to strike down an entire patent where the patentee committed only minor missteps or acted with minimal culpability."); *see also 1st Media*, 694 F.3d at 1374-75 ("[I]t is not enough to argue carelessness, lack of attention, poor docketing or cross-referencing, or anything else that might be considered negligent or even grossly negligent."); *Therasense,* 649 F.3d at 1290 ("A finding that the misrepresentation or omission amounts to gross negligence, or negligence under a 'should have known' standard, does not satisfy this intent requirement.").

Rather, "clear and convincing evidence must show that the applicant made a ***deliberate decision to withhold*** a known material reference." *1st Media*, 694 F.3d at 1375 (emphasis added). But in this case, the evidence confirms the exact opposite. For example, Mr. Wieland testified that ▓▓▓▓▓▓▓▓▓▓. Ex. E. at 150:3-14 ▓▓ REDACTED ▓▓ ▓▓▓▓▓▓"). Indeed, this comports with ▓▓▓ ▓▓▓▓▓▓▓▓▓. *See, e.g., id*. at 155:2-4 ("▓▓ REDACTED ▓▓

9

REDACTED."). Mr. Liwerant, VideoShare's corporate representative, also testified that REDACTED. Ex. D at 237:18-24 ("REDACTED."); at *id.* at 239:3-16 ("REDACTED."). It is not uncommon for an applicant to rely on counsel, nor is it unreasonable for an applicant to assume that materials which are not requested by their counsel are not needed.

Based on Google's allegations and its expert's report on inequitable conduct, it is clear that Google contends VideoShare's knowledge of the Invalidity Orders, along with the IDS filed during the prosecution of the '700 Application and the statement in the response to the office action regarding the District Court Memorandum, demonstrates the necessary mens rea to infer a deliberate decision to withhold the Invalidity Orders. *See* Dkt. 93 at 13-18, ¶¶ 83-94; Ex. G (Godici Rpt.). But the Federal Circuit has already rejected this approach. *1st Media*, 694 F.3d at 1367 (reversing district court's finding of inequitable conduct because the record contained "no evidence of a deliberate decision to withhold").

The facts in this case are also unlike those in *Aventis Pharma S.A. v. Hospira, Inc.*, 675 F.3d 1324, 1335-36 (Fed.Cir.2012), which affirmed the district court's inequitable conduct determination due to the applicant's careful and selective disclosure of information. *Id*. at 1336. Evidence of such selective disclosure and concealment is completely absent here. As detailed above, VideoShare disclosed numerous materials from the *VideoShare I* litigation in the IDS and specifically referenced the District Court Memorandum in the office action response to bring it to the examiner's attention during prosecution. *See* Ex. B at VS0000200 (stating the "application was filed in part to avoid the basis of a **finding of invalidity under 35 U.S.C. § 101 of U.S. Patent No. 8,464,302** which issued

from priority Application No. 09/631,583 in VideoShare, LLC v Google Inc. et al., 1:13-cv-00990-GMS, D. Del., June 4, 2013.") (emphasis added); Ex. E at 256:11-257:1 ( REDACTED

"); *id*. at 257:4-16 REDACTED

."). Thus, the invalidation of the '302 Patent was never concealed from the PTO.

More importantly, the PTO received a completed form AO-120 regarding the invalidation of the '302 and the '608 Patents and the District Court Memorandum, and thus had knowledge of it even before the '341 Patent was filed. *See* Ex. A. The PTO also had knowledge of the District Court Memorandum and the resultant Federal Circuit appeal, as early as August 17, 2016, when the Patent Trial and Appeal Board—an administrative agency of the PTO—granted Google's motion to dismiss the CBM regarding the '302 Patent. *See, e.g.*, CBM2016-00073, Paper 9; Dkt. 93 at 15-16, ¶ 90; *see also Tinnus Enterprises, LLC v. Telebrands Corp.,* No. 6:16-CV-00033-RWS, 2017 WL 8727626, at *3 (E.D. Tex. Aug. 15, 2017), *report and recommendation adopted,* No. 6:16-CV-00033-RWS, 2017 WL 8727625 (E.D. Tex. Sept. 14, 2017) (granting summary judgment of no inequitable conduct because plaintiffs made the examiner aware of the decision via an interview, and declaring "[i]t would be difficult to understand how the USPTO could not obtain the necessary publicly available documents from its own administrative agency when needed."); Ex. C at VS0029370 (September 28, 2018 response in the parent application with nearly identical language regarding the District Court Memorandum, which was submitted to same examiner, Dominic D. Saltarelli, who examined the '700 Application).

**CONFIDENTIAL – FILED UNDER SEAL**

Because there is no evidence of a deliberate decision to withhold the Invalidity Orders from the PTO, Google's inequitable conduct claim fails as a matter of law, and summary judgment is appropriate.

## V.     CONCLUSION

Google lacks any evidence to suggest that anyone involved in the prosecution of the '341 Patent had specific intent to deceive the PTO. Indeed, the undisputed facts overwhelmingly show otherwise. Accordingly, summary judgment of no inequitable conduct is appropriate.

Dated: September 1, 2021                    Respectfully submitted,

By: */s/ William D. Ellerman*_____
    Charles L. Ainsworth (Texas 00783521)
    Robert C. Bunt (Texas 00787165)
    PARKER, BUNT & AINSWORTH P.C.
    100 E. Ferguson Suite 418
    Tyler, Texas 75702
    Tel: (903) 531-3535
    charley@pbatyler.com
    rcbunt@pbatyler.com

    Michael W. Shore (Texas 18294915)
    Alfonso G. Chan (Texas 24012408)
    William D. Ellerman (Texas 24007151)
    Ari Rafilson (Texas 24060456)
    Halima Shukri Ndai (Texas 24105486)
    SHORE CHAN LLP
    901 Main Street, Suite 3300
    Dallas, Texas 75202
    Tel: (214) 593-9110
    Fax: (214) 593-9111
    mshore@shorechan.com
    achan@shorechan.com
    wellerman@shorechan.com
    arafilson@shorechan.com
    hndai@shorechan.com

    **COUNSEL FOR PLAINTIFF**
    **VIDEOSHARE, LLC.**

**CONFIDENTIAL – FILED UNDER SEAL**

**CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on September 1, 2021, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

                                    */s/ William D. Ellerman*
                                    William D. Ellerman