IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| VIDEOSHARE, LLC,<br><br>　　　　Plaintiff,<br>v.<br><br>GOOGLE LLC and<br>YOUTUBE, LLC,<br><br>　　　　Defendants. | CIVIL ACTION NO. 6:19-CV-00663-ADA<br><br><br>JURY TRIAL DEMANDED<br><br>▬▬▬▬▬▬▬ |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT OF NO INFRINGEMENT**

Plaintiff VideoShare, LLC ("VideoShare") files this Response to Defendants' (collectively "Google") Motion for Summary Judgment of No Infringement (Dkt. 99, the "Motion"), and respectfully shows as follows:

## I.  INTRODUCTION

Google's Motion must be denied because there is ample admissible evidence from which a rational juror could likely find that the operation and capabilities of the accused YouTube platform directly infringe, either literally or the under the doctrine of equivalents, the asserted claims (1, 3, 4, 5, 6, and 7) of U.S. Patent No. 10,362,341 ("'341 Patent"). At a minimum, there are genuine issues of material fact that preclude summary judgment regarding the sole limitation at issue: "***sending the stored first video file or the stored second video file***... depending on a compatibility of the second server system or a compatibility of the second client with ***the first format or the second format***." '341 Patent at 26:4-10.[1]

Contrary to Google's assertions, claim 1 does not require sending the first video file because the claim language and the Court's Claim Construction Order (Dkt. 69) unambiguously require sending ***only one*** of the files (the first video file or the second video file) after determining which of the formats (the first format or the second format) is most compatible. Because Court has already held that the determination is based on ***formats*** and not files,[2] and because Google does not (and cannot) dispute that YouTube ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, there is ample admissible evidence from which a rational juror could find that YouTube directly infringes the asserted claims.

---

[1] VideoShare did not move for summary judgment on this limitation precisely because of the factual disputes presented by Google's noninfringement report. VideoShare has moved for summary judgment with respect to all other limitations of the asserted independent claim. (Dkt. 104).

[2] As discussed herein, the Court has already expressly rejected Google's argument that the determination be between files. Dkt. 69 at 2.

## II. RESPONSE TO GOOGLE'S STATEMENT OF UNDISPUTED FACTS

VideoShare disputes Google's statement of facts 2 and 3 because VideoShare asserts direct infringement of the '341 Patent, *i.e.*, both literal infringement and infringement under the doctrine of equivalents in this case. *See, e.g.*, Dkt. 76 at 16 (requesting a "judgment that Defendants have directly and indirectly infringed either ***literally*** and/or under the ***doctrine of equivalents*** and continue to directly and indirectly infringe the '341 Patent) (emphasis added); Dkt. 99, Ex. C (filed under seal) ("Each element of each asserted claim of the '341 Patent is considered to be ***literally*** present in the Accused Instrumentality, or, in the alternative, is present under the ***doctrine of equivalents***.") (emphasis added).

---

[3]Unless otherwise specified, all exhibits are attached to the Declaration of Halima Shukri Ndai.

2

███████████████████████████

Lastly, VideoShare objects to Google's statements of facts 4, 5, and 6 to the extent they mischaracterize the claim language and/or the Court's Claim Construction Order.

### III.   STATEMENT OF ADDITIONAL FACTS





## IV. LEGAL STANDARD

Summary judgment is appropriate only when, viewing the evidence and drawing all reasonable inferences in the light most favorable to the nonmoving party, there are no genuine issues of material fact, and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A fact is "material" if it "might affect the outcome of the suit under the governing law," such as a fact necessary to prove a claim or defense. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, (1986). A dispute as to a material fact is "genuine" if there is sufficient evidence for a rational juror to decide in favor of the nonmoving party. *Id.* A court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S.

at 254-55. The moving party has the initial burden of proving the absence of a genuinely disputed material fact. *Celotex*, 477 U.S. at 323. Here, Google has failed to do so.

## V.     ARGUMENT

In an attempt to escape liability for infringement, Google contends that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Dkt. 99 at 5-7. As detailed below, Google's arguments demonstrate either a flawed understanding or a complete mischaracterization of the claim language and the Court's Claim Construction Order (Dkt. 69).

### A. A Rational Juror Could Find YouTube Literally Infringes the Asserted Claims

Independent claim 1 of the '341 Patent recites, in part:

a first server system receiving a *first video file in a first format* from a first client via the structured hierarchical network;
the first server system creating *a second video file in a second format* by converting at least a portion of the first video file from the first format to the second format, independent from receiving a command from the first client to perform such conversion;
…
the first server system sending *the stored first video file or the stored second video file* corresponding to the identified video content to the second server system or the second client via the structured hierarchical network *depending on a compatibility of the second server system or a compatibility of the second client with the first format or the second format*.

'341 Patent at 25:16-23, 26:4-10 (emphasis added).

First, the limitation "the first server system sending the stored first video file or the stored second video file…" logically includes two steps based on the claim language and the Court's Claim Construction Order: (1) determining which of the *first format or second format* is most compatible with the second server system or the second client (Dkt. 69) and (2) sending the *stored first video file or the stored second video file*. Although Google recognizes these two steps, it nonetheless misinterprets this language by asserting that infringement of claim 1—though its limitations are clearly satisfied by sending *only* a second video file—is contingent upon the existence of other,

5

*separate* acts of infringement in which the first video file is sent instead. *See generally* Dkt. 99 ▮ This is wrong. There is no requirement to send the first video file because claim 1 only requires sending *one of the files* (the first video file *or* the second video file) after determining *which of the formats* (the first format or the second format) is most compatible. Reading the claim any other way would render the word "or" superfluous. *See Schumer v. Lab'y Computer Sys., Inc.,* 308 F.3d 1304, 1312 (Fed. Cir. 2002) (emphasizing "or" as designating *alternatives* based on plain meaning).

It is evident that Google conflates "formats" with "video files," and it advocates a requirement that the first video file must be sent "when it has been determined to be the most compatible." Dkt. 99, Ex. F (filed under seal) ¶ 107; *see also* Dkt. 99 at 8 (containing Google's incorrect assertion that "[t]he Court's construction requires a comparison of which of those *two files* is most compatible") (emphasis added). But neither the claim language nor the Court's claim construction contains any requirement to determine which of the video files is most compatible. *See* 341 Patent at 26:4-10; Dkt. 69 at 2. Google's interpretation is merely an attempt to circumvent the Court's *Markman* Order.

[redacted]

Indeed, during claim construction, Google unsuccessfully attempted to manufacture the very argument it now advances. In its proposed claim construction, Google deleted the word "format" from the term "depending on a compatibility of the second server system or a compatibility of the second client with the first format or the second format" and replaced it with "video file." Dkt. 62 at 1. The claim construction that Google proposed to the Court thus read as follows: "after

determining which of the ***first video file*** or ***second video file*** is most compatible with the second server system or the second client" (emphasis added); *see also* Dkt. 53 at 4; Dkt. 57 at 3; Dkt. 59 at 4.

At the *Markman* hearing, VideoShare argued that there was no basis for Google's attempt to change the word "format" to "video file," that Google had never presented any justification for making that change in its briefing, and that it was plainly apparent from the claim language that a determination of "compatibility" was "clearly based upon the compatibility of the receiving device with a format, not a file." Ex. 6 (*Markman* Tr.) at 15:1-6. The Court agreed and stated on the record that "the construction for this claim term will be 'after determining which of the first format or second format is most compatible with the second server system or the second client.'" *Id.* at 16:4-8. The Court's Claim Construction Order solidified this construction, thus soundly rejecting any notion that the terms "format" and "video file" were interchangeable. Dkt. 69 at 2 ("after determining which of the ***first format*** or ***second format*** is most compatible with the second server system or the second client") (emphasis added). Despite the prior adjudication of this issue, Google continues to attempt to inject this rejected construction into its filings. For example, in its summary judgment motion for invalidity under 35 U.S.C. § 101, Google argues:

> The '341 patent claims fail the Alice test because they are directed to the abstract idea of preparing a video file in a streaming format for sharing over a computer network and ***sending the most compatible between the original and the converted files***.

Dkt. 103 at 7 (emphasis added).

Google's improper and untimely attempt to now revisit its failed claim construction argument should be rejected once again. Google should not be permitted to saddle VideoShare and "the court [with] a 'moving target' with respect to claim construction." *Saffran v. Bos. Sci. Corp.*, 2008 WL 2716318, at *2 (E.D. Tex. July 9, 2008).

8

█████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███ Formats are not the same as files, and this is fatal to Google's Motion.

████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████

█████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████



██████████████████████████

Lastly, YouTube infringes each of the dependent claims because it is indisputable that YouTube sends advertisement for display along with video content. *See, e.g.,* Ex. 9 (Schonfeld Rpt) at 61, ¶ 147 ("YouTube includes a variety of different types of ads."); ████████████████ ██████████████████████████████████████████████████████ The asserted dependent claims 3, 4, 5, 6, and 7 recite additional limitations related to advertisement, i.e., "advertisement is a non-static image," "advertisement is selected based on the second client," "advertisement is stored in a third video file," "advertisement is sent to the second client concurrent with [the video file]," and "advertisement includes an Internet link." '341 patent at 26:16-26.

YouTube practices each dependent claim. For example, YouTube sends banner ads, which are static images visible near or on top of the playing video, as well as video ads (non-static) which play before or during a video. Ex. 9 (Schonfeld Rpt) at 61, ¶ 147; Dkt. 99, Ex. A (filed under seal) ¶ 37. Frequently, these ads contain links to third-party websites from which a user may purchase a product or service. For example, a banner or video ad may contain a URL and redirect the user's browser to that address when the user clicks on the ad. Ex. 10 (Hulse Tr.) at 143:16-144:2; Dkt. 99, Ex. A (filed under seal) ¶ 38.

████████████████████████████████
████████████████████████████████
████████████████████████████████
████████████████████████████████
████████████████████████████████
████████████████████████████████
████████████████████████████████

███████████████████████████████████████████████

███

Because the facts, understood in the light most favorable to the nonmovant could result in a finding of literal infringement, summary judgment would be erroneous.

### B. A Rational Juror Could Find YouTube Infringes the Asserted Claims Under the Doctrine of Equivalents

Infringement under the doctrine of equivalents must be determined by the fact finder. *Intendis GMBH v. Glenmark Pharms. Inc.*, USA, 822 F.3d 1355, 1360 (Fed. Cir. 2016) ("Infringement under the doctrine of equivalents is a question of fact."). *Ethicon Endo-Surgery, Inc. v. U.S. Surgical Corp.*, 93 F.3d 1572, 1583 (Fed. Cir. 1996) ("Infringement under the doctrine of equivalents frequently turns on questions of fact, such as whether the allegedly infringing device performs substantially the same function in substantially the same way to achieve substantially the same result as the claimed invention.").

Google's Motion must also be denied because fact questions remain as to whether the doctrine of equivalents applies, and in particular, with respect to ███████████████

████████████████████████████████████████

█

████████████████████████████████████████

████████████████████████

---

[5] As discussed above, Google disregards the Court's construction and instead applies its failed proposed construction, which requires comparison of files instead of formats. *See* Dkt. 62 at 1 ("after determining which of the ***first video file*** or ***second video file*** is most compatible with the second server system or the second client") (emphasis added); Dkt. 99 at 8 ("The Court's construction requires a comparison of which of those ***two files*** is most compatible") (emphasis added).

██████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████

████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████



## VI. CONCLUSION

Viewing the evidence and drawing all reasonable inferences in the light most favorable to VideoShare, evidence of infringement is substantial. Because there are genuine issues of material fact concerning (1) Google's interpretation of the term "first format," (2) the determination of the most compatible format, and (3) ███████████████████████████████████, the Court should deny Google's Motion and permit VideoShare to present its infringement case at trial.

Dated: September 8, 2021                    Respectfully submitted,

                                                    By: */s/ William D. Ellerman*
                                                         Charles L. Ainsworth (Texas 00783521)
                                                         Robert C. Bunt (Texas 00787165)
                                                         PARKER, BUNT & AINSWORTH P.C.
                                                         100 E. Ferguson Suite 418
                                                         Tyler, Texas 75702
                                                         Tel: (903) 531-3535
                                                         charley@pbatyler.com
                                                         rcbunt@pbatyler.com

                                                         Michael W. Shore (Texas 18294915)
                                                         Alfonso G. Chan (Texas 24012408)
                                                         William D. Ellerman (Texas 24007151)
                                                         Ari Rafilson (Texas 24060456)
                                                         Halima Shukri Ndai (Texas 24105486)
                                                         SHORE CHAN LLP
                                                         901 Main Street, Suite 3300
                                                         Dallas, Texas 75202
                                                         Tel: (214) 593-9110
                                                         Fax: (214) 593-9111
                                                         mshore@shorechan.com
                                                         achan@shorechan.com
                                                         wellerman@shorechan.com
                                                         arafilson@shorechan.com
                                                         hndai@shorechan.com

                                                        **COUNSEL FOR PLAINTIFF**
                                                        **VIDEOSHARE, LLC.**

## CERTIFICATE OF SERVICE

      Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on September 8, 2021, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

                                                         */s/ William D. Ellerman*
                                                         William D. Ellerman