# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| VIDEOSHARE, LLC §<br>§<br>Plaintiff, §<br>§<br>v. §<br>§<br>GOOGLE LLC and YOUTUBE, LLC §<br>§<br>Defendants. § | CIVIL ACTION No. 6:19-cv-00663-ADA<br>JURY TRIAL DEMANDED |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR**
**SUMMARY JUDGMENT OF NO INEQUITABLE CONDUCT**

-i-

███████████████████████████████████████

**TABLE OF CONTENTS**

                                                                              **Page**

I.    STATEMENT OF FACTS ................................................................................................ 1

       A.    VideoShare Applied For The '341 Patent, Disclosing Nearly Everything From The Prior Litigation Except For The Invalidity Orders ................................ 2

       B.    The Examiner Found The Asserted Claims Patentably Indistinct From The Related Patent Claims, But VideoShare Never Submitted The § 101 Orders ................................................................................................................... 2

       C.    Both Parties Submitted Expert Reports On Inequitable Conduct .......................... 3

II.   LEGAL STANDARD ................................................................................................... 4

III.  FACT DISPUTES PRECLUDE SUMMARY JUDGMENT ........................................... 5

       A.    Ample Evidence Of Deceptive Intent Precludes Summary Judgment .................. 5

       B.    Ample Evidence Of Materiality Precludes Summary Judgment ........................... 8

IV.  CONCLUSION ............................................................................................................. 9

██████████████████████████████

## TABLE OF AUTHORITIES

**Page**

**CASES**

*Aventis Pharma S.A. v. Hospira, Inc.*,
    675 F.3d 1324 (Fed. Cir. 2012) ............................................................................... 4, 5, 7

*Belcher Pharms., LLC v. Hospira, Inc.*,
    No. 2020-1799, 2021 WL 3889810 (Fed. Cir. Sept. 1, 2021) .................................. 4

*Brasseler, U.S.A. I, L.P. v. Stryker Sales Corp.*,
    267 F.3d 1370 (Fed. Cir. 2001) ............................................................................... 7

*Bristol-Myers Squibb Co. v. Rhone-Poulenc Rorer, Inc.*,
    326 F.3d 1226 (Fed. Cir. 2003) ............................................................................... 7

*Freshub, Inc., et al. v. Amazon.com Inc., et al.*,
    No. 6:21-cv-00511-ADA ......................................................................................... 1

*Herman v. William Brooks Shoe Co.*,
    111 F.3d 142 (Table), 1997 WL 130313 (Fed. Cir. 1997) ................................... 1, 6, 7

*In re Metoprolol Succinate Patent Litig.*,
    494 F.3d 1011 (Fed. Cir. 2007) ............................................................................... 8

*Star Sci., Inc. v. R.J. Reynolds Tobacco Co.*,
    537 F.3d 1357 (Fed. Cir. 2008) ............................................................................... 7

*Therasense Inc. v. Becton, Dickinson & Co.*,
    649 F.3d 1276 (Fed. Cir. 2011) ............................................................................... 4, 5

*Tinnus Enters., LLC v. Telebrands Corp.*, No. 6:16-CV-00033-RWS, 2017 WL
    8727626 (E.D. Tex. Aug. 15), *report and recommendation adopted*, No. 6:16-
    CV-00033-RWS, 2017 WL 8727625 (E.D. Tex. Sept. 14, 2017) ........................... 9

*Ulead Sys., Inc. v. Lex Comput. & Mgmt. Corp.*,
    351 F.3d 1139 (Fed. Cir. 2003) ............................................................................... 4, 5

**OTHER AUTHORITIES**

Manual of Patent Examining Procedure § 1701 ............................................................ 3

Manual of Patent Examining Procedure § 2190 ............................................................ 8

Defendants Google LLC and YouTube, LLC (collectively, "Defendants") oppose Plaintiff VideoShare, LLC's ("VideoShare") Motion for Summary Judgment of No Inequitable Conduct because genuine disputes of material facts remain. VideoShare asks the Court to blindly accept as true the self-interested denials of the lead inventor and prosecuting attorney without seeing them testify or be cross-examined, without weighing any countervailing testimony or documentary evidence presented by Defendants, and without considering competing expert reports on this issue. Summary judgment is improper because the record is replete with evidence that both the inventor and prosecuting attorney knew that the District of Delaware and Federal Circuit had invalidated patents related to the asserted '341 Patent and deliberately and with deceptive intent hid those orders from the Patent Examiner. This issue should only be decided after the Court has had the opportunity to review all of the relevant evidence, consider live testimony critical to evaluating the credibility of the witnesses, and make findings of fact, as it has in other cases. *See*, *e.g.*, *Freshub, Inc., et al. v. Amazon.com Inc., et al.*, Case No. 6:21-cv-00511-ADA, Dkts. 271, 272. To decide this issue at summary judgment on this record would be error, as the Federal Circuit has held that "[a] showing [of inequitable conduct] requires the fact finder to evaluate all the facts and circumstances and, quite often, the credibility of the alleged wrong-doer," and "such an evaluation is rarely enabled in summary proceedings on the record." *Herman v. William Brooks Shoe Co.*, 111 F.3d 142 (Table), 1997 WL 130313, at *1 (Fed. Cir. 1997).

I.      **STATEMENT OF FACTS**

VideoShare filed a previous patent infringement lawsuit against Google in 2012 in the District Court of Delaware, asserting U.S. Patent Nos. 8,464,302 ("the '302 Patent") and 8,434,608 ("the '608 Patent") (collectively, "related patents"). In 2016, the Delaware court found the '302 and '608 Patents invalid under § 101. Ex. 1. VideoShare appealed, and in

August 2017, the Federal Circuit affirmed that the patents were invalid under § 101. Ex. 2 (Exs. 1 and 2 collectively referred to as the "Invalidity Orders").

    A.    **VideoShare Applied For The '341 Patent, Disclosing Nearly Everything From The Prior Litigation <u>Except For</u> The Invalidity Orders**

About a year later, on January 23, 2019, Gad Liwerant, through his patent attorney, Charles F. Wieland III, filed the application that led to the asserted '341 Patent. Ex. 3 at 2. The '341 Patent is a continuation of the already invalidated '302 Patent and shares a nearly identical specification, and is directed to similar technology and has similar claims to the '608 Patent. *See id.* at 5; *see also* '302 Patent. When they filed the '341 Patent application: ▮▮▮

▮▮▮

▮▮▮

▮▮▮ Ex. 4 ¶ 3; Ex. 5 at 238:9–239:2; Ex. 6 at 75:18–76:12, 79:22–80:1, 104:5–8, 135:6–14, 258:3–10.

Nevertheless, neither Mr. Liwerant nor Mr. Wieland ever submitted the Invalidity Orders to the PTO during the prosecution of the '341 Patent application. In an Information Disclosure Statement ("IDS"), Messrs. Liwerant and Wieland disclosed 638 references and other documents to the Examiner, including hundreds of documents from the prior litigation. Ex. 3 at 12–49. Absent from that IDS were the two most important documents from the prior litigation—the Invalidity Orders. *Id.*

    B.    **The Examiner Found The Asserted Claims Patentably Indistinct From The Related Patent Claims, But VideoShare Never Submitted The § 101 Orders**

On April 4, 2019, the Examiner issued a non-final rejection finding that the '341 Patent claims were patentably indistinct from the claims of the invalid '302 and '608 Patents, but stated that the claims would be allowed if VideoShare filed a terminal disclaimer. Ex. 3 at 144–146.

Two weeks later, VideoShare submitted a terminal disclaimer, disclaiming any term beyond the term of the '302 and '608 Patents. *Id.* at 189. VideoShare still did not submit a copy of the Invalidity Orders. Instead, in a "remarks" section, VideoShare deceptively buried a thank you note that obliquely mentioned the Delaware case. *Id.* at 200. Those "remarks" were the first time the Delaware court was mentioned at all in the prosecution, and they were carefully worded to obscure key facts about the Invalidity Orders. *See id.* (excerpted below).

> Applicant wishes to thank Examiner Saltarelli for the indication of allowable subject matter. Specifically, claims 1-7 stand allowable over the prior art. As stated in the parent application, this continuation application was filed in part to avoid the basis of a finding of invalidity under 35 U.S.C. § 101 of U.S. Patent No. 8,464,302 which issued from priority Application No. 09/631,583 in VideoShare, LLC v Google Inc. et al., 1:13-cv-00990-GMS, D. Del., June 4, 2013. Applicant acknowledges with appreciation the Examiner considering the court documents from the litigation and references cited therein that were submitted on January 23, 2019.

VideoShare omitted the fact that the Federal Circuit had affirmed that the related patents were invalid. *Id.* The last sentence also suggests that all relevant documents from the Delaware litigation, including the Delaware court's § 101 order, had been submitted in the January 23, 2019 IDS when, in fact, neither of the Invalidity Orders was ever submitted. *Id.* The '341 Patent issued on July 23, 2019, without further examination. *Id.* at 206.

### C. Both Parties Submitted Expert Reports On Inequitable Conduct

Because PTO personnel are not permitted to testify about the enforceability of a patent, *see* MPEP § 1701, neither party could obtain testimony from the Examiner of the '341 Patent for his perspective. In lieu of that direct evidence, both parties submitted evidence in the form of expert reports by former PTO personnel.

Google's expert, Nicholas Godici, has 49 years of experience in patent law and rose through the ranks at the PTO to eventually become the Commissioner for Patents. Ex. 7 ¶ 5. Mr. Godici made a number of findings, including that: the Invalidity Orders were not

cumulative of other documents identified in the IDS; the timing of VideoShare's "remarks" about the Invalidity Orders did not comport with PTO practices and procedures; the placement and timing of those "remarks" was unusual as compared to typical patent prosecution exchanges; the "remarks" were made in a manner such that they would have been easily missed by the Examiner; and knowledge of the PTAB's records from the related patents' files should not be imputed to the '341 Patent Examiner. *See id.* ¶¶ 89–102. VideoShare also submitted an expert report by Dr. Gregory Gonsalves, a former PTAB Judge, with opinions on intent to deceive and materiality, reaching contrary findings. *See* Dkt. 101-2.[1]

## II. LEGAL STANDARD

"[S]ummary judgment [of inequitable conduct] is inappropriate if there are genuine issues of material fact." *Ulead Sys., Inc. v. Lex Comput. & Mgmt. Corp.*, 351 F.3d 1139, 1146 (Fed. Cir. 2003).

To prove inequitable conduct, an accused infringer must prove intent to deceive the PTO and materiality of the withheld reference. *Therasense Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1290 (Fed. Cir. 2011). The accused infringer must identify "clear and convincing evidence of a specific intent to deceive the PTO" and "the specific intent to deceive must be the single most reasonable inference able to be drawn from the evidence." *Aventis Pharma S.A. v. Hospira, Inc.*, 675 F.3d 1324, 1335 (Fed. Cir. 2012) (cleaned up). "Because direct evidence of deceptive intent is rare, a district court may infer intent from indirect and circumstantial evidence." *Therasense*, 649 F.3d at 1290; *see also Belcher Pharms., LLC v. Hospira, Inc.*, No. 2020-1799, 2021 WL 3889810, at *7 (Fed. Cir. Sept. 1, 2021). Self-serving denials of intent that are inconsistent with circumstantial evidence create a genuine issue of material fact. *Ulead Sys.*,

---

[1] Google has filed a Motion to Exclude certain improper opinions from Dr. Gonsalves's report. *See* Dkt. 101.

351 F.3d at 1147.

"[E]stablishing but-for materiality in the inequitable conduct context only requires a preponderance of the evidence, 'giv[ing] claims their broadest reasonable construction.'" *Aventis*, 675 F.3d at 1334 (quoting *Therasense*, 649 F.3d at 1291–92). A reference may be material, even if it is insufficient to invalidate the claim in district court, if the disclosure would have blocked the issuance of a patent under the PTO's evidentiary standards. *Id*.

## III.   FACT DISPUTES PRECLUDE SUMMARY JUDGMENT

### A.   Ample Evidence Of Deceptive Intent Precludes Summary Judgment

VideoShare argues that this Court should find no deceptive intent as a matter of law based on the fact that the two individuals accused of committing inequitable conduct proclaimed their innocence. Such self-serving proclamations are inadequate to justify summary judgment, especially when the circumstantial evidence tells a far different story, as it does here. The Court should not accept Mr. Liwerant's and Mr. Wieland's denials before being given an opportunity to consider the credibility of their testimony at trial and the rest of the evidence, including expert opinions. Indeed, under Federal Circuit authority, if there is testimony denying intent but also circumstantial evidence supporting intent, "the question of whether an inference of actual intent can be supported by [the] other evidence can only be determined after a hearing at which the credibility of the witnesses is assessed." *Ulead Sys.*, 351 F.3d at 1148.

Here, there is ample—undisputed—circumstantial evidence that Mr. Liwerant and Mr. Wieland deliberately withheld the Invalidity Orders from the PTO. First, at the time they filed the '341 Patent application, Mr. Liwerant and Mr. Wieland ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ Ex. 4 ¶ 3; Ex. 5 at 238:9–239:2; Ex. 6 at 75:18–76:12, 79:22–80:1. Second, at the time they filed the '341 Patent

application, Mr. Liwerant and Mr. Wieland also ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. 6 at 135:6–14, 258:3–10. Indeed, VideoShare does not dispute that the '341 Patent was filed with the specific intent to overcome the Invalidity Orders. Third, when they filed the '341 Patent application, Mr. Liwerant and Mr. Wieland ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id*. at 104:5–8. Fourth, during the prosecution of the '341 Patent application, Mr. Liwerant and Mr. Wieland disclosed hundreds of documents from the Delaware litigation, but left out the two most important documents, i.e., the Invalidity Orders. Ex. 3 at 12–49. Fifth, Defendants offered expert opinions from the former Commissioner for Patents at the PTO, Mr. Godici, that Messrs. Liwerant and Wieland's conduct was not consistent with typical, accepted patent prosecution practices. *See, e.g.*, Ex. 7 ¶¶ 85–104.

Because intent can rarely be proven by direct evidence, "[it] may be inferred by a showing of acts the natural consequence of which were presumably intended by the actor." *Herman*, 1997 WL 130313, at *1. The natural consequence of VideoShare's failure to disclose the Invalidity Orders was that the '341 Patent claims, which the Examiner found were patentably indistinct from the claims of the invalid '302 and '608 Patents, were not rejected under § 101—which was VideoShare's expressly stated purpose in filing the '341 Patent in the first place. In a case with similar circumstances, the Federal Circuit affirmed that drafting a patent application with intent to obtain broad patent scope, while not disclosing a material document that undermined the scope, supported the inference that the applicant intentionally withheld the document from the PTO. *Bristol-Myers Squibb Co. v. Rhone-Poulenc Rorer, Inc.*, 326 F.3d

1226, 1242 (Fed. Cir. 2003).

Unsurprisingly, Mr. Liwerant and Mr. Wieland deny any deceptive intent, but their denials need not, and should not, be accepted at face value on summary judgment. "Without hearing [their] testimony and observing [their] demeanor it is virtually impossible to determine if [they] merely lapsed or if [they] deliberately set out to deceive." *Herman*, 1997 WL 130313, at *3. In numerous cases, the Federal Circuit has affirmed a district court's finding that a witness's denial of intent was not credible. For instance, in *Brasseler, U.S.A. I, L.P. v. Stryker Sales Corp.*, the Federal Circuit gave deference to the district court's finding that the witness's denial of intent was not credible because he "lacked candor," "tiptoe[d] around" the truth, and cultivated "studied ignorance" in prosecution of the patent. 267 F.3d 1370, 1384 (Fed. Cir. 2001). Similarly, in *Aventis*, the Federal Circuit affirmed a finding of inequitable conduct because the "district court considered [the inventor's] explanation for withholding the [] reference and expressly rejected it based on both the evidence presented and the finding that [the inventor] lacked credibility." 675 F.3d at 1335. VideoShare's citation to *Star Scientific, Inc. v. R.J. Reynolds Tobacco Co.* is inapposite because there, the defendant had no evidence that the accused had knowledge of the withheld reference. 537 F.3d 1357, 1368 (Fed. Cir. 2008). Here, both Messrs. Liwerant and Wieland ███████████████████████████████████
███████████ Ex. 5 at 238:9–239:2; Ex. 6 at 75:18–76:12, 79:22–80:1.

Finally, contrary to VideoShare's arguments, VideoShare's purported "disclosure" of the invalidity ruling to the PTO in thank you "remarks"—after the Examiner had already indicated the claims would be allowed—in fact further demonstrates deceptive intent because the remarks were written to suggest that VideoShare had submitted the Invalidity Orders in the January 23, 2019 IDS, when it knew it had not. Ex. 7 ¶¶ 98–101. And VideoShare's privilege log shows

that, before submitting these remarks, VideoShare discussed them with its litigation counsel. *See* Ex. 8. This log is circumstantial evidence of knowledge and intent as it supports that the timing and content of those remarks was deliberate.

Particularly when drawing all reasonable inferences about the evidence in favor of Defendants, as is required at the summary judgment stage, significant competing fact issues preclude summary judgment on inequitable conduct. *See In re Metoprolol Succinate Patent Litig.*, 494 F.3d 1011 (Fed. Cir. 2007) (vacating summary judgment of no inequitable conduct because there was a genuine factual dispute on intent).

### B.   Ample Evidence Of Materiality Precludes Summary Judgment

While VideoShare does not actually move for summary judgment based on lack of materiality, it does include one paragraph at the end of its Motion that argues the PTAB knew about the Invalidity Orders and thus the Examiner should have known. Mot. at 11. Not only is this single paragraph insufficient to justify summary judgment, but VideoShare's argument is refuted by overwhelming evidence.

Defendants have presented clear evidence of but-for materiality. The Invalidity Orders held the '302 and '608 Patents invalid under § 101, the '341 Patent is a continuation of and shares a specification with the '302 Patent, and the Examiner found the claims of '341 Patent patentably indistinct from both the '302 and '608 Patents. Ex. 3 at 145–146. Defendants' expert on inequitable issues explains that as a matter of patent office procedure under MPEP § 2190, examiners will reject claims that are not patentably distinct from claims that have been finally canceled during a federal court proceeding. Ex. 7 ¶ 90. Defendants' liability expert also compared the technical scope of the '341 and '302 Patents and found them to be substantially similar. Ex. 9 ¶¶ 138–149. And VideoShare's own expert described the Invalidity Orders as material: "Yes, . . . the order is material." Ex. 10 at 120:19–121:4.

The only authority that VideoShare cites as putative support for its contention that the Examiner had an obligation to hunt through records of other patents as part of the prosecution of the '341 Patent is *Tinnus Enterprises, LLC v. Telebrands Corp.*, No. 6:16-CV-00033-RWS, 2017 WL 8727626, at *3 (E.D. Tex. Aug. 15, 2017), *report and recommendation adopted*, No. 6:16-CV-00033-RWS, 2017 WL 8727625 (E.D. Tex. Sept. 14, 2017). But as VideoShare admits, in *Tinnus*, the applicant "made the examiner aware of the decision via an interview." *See* Mot. at 11. Here, VideoShare deliberately avoided providing clear notice to the Examiner of the '341 Patent at all, or any notice until it was too late. Additionally, Defendants' expert explained that late disclosure to the PTAB was ***not*** sufficient to inform the Examiner about the Invalidity Orders. Ex. 7 ¶¶ 95–101. The PTO instructs inventors and their counsel not to rely on the examiner to be aware of other applications belonging to the same applicant or assignee and instead to disclose information relating to those applications. *Id.* ¶ 88. Moreover, PTO rules require applicants and their counsel to disclose material information in the form of an IDS. *Id.* ¶ 102.

Thus, at the very least, a genuine dispute of material fact exists on this issue precluding summary judgment.

**IV.   CONCLUSION**

For the reasons above, Google respectfully requests the Court deny VideoShare's Motion for Summary Judgment of No Inequitable Conduct.

| | |
|---|---|
| Dated: September 15, 2021 | */s/ Luann L. Simmons* |
| | J. Mark Mann<br>State Bar No. 12926150<br>G. Blake Thompson<br>State Bar No. 24042033<br>MANN \| TINDEL \| THOMPSON<br>300 West Main Street<br>Henderson, Texas 75652<br>(903) 657-8540<br>(903) 657-6003 (fax)<br><br>Luann L. Simmons (*Pro Hac Vice*)<br>lsimmons@omm.com<br>David S. Almeling (*Pro Hac Vice*)<br>dalmeling@omm.com<br>Brad N. Garcia (*Pro Hac Vice*)<br>bgarcia@omm.com<br>Bill Trac (*Pro Hac Vice*)<br>btrac@omm.com<br>Amy K. Liang (*Pro Hac Vice*)<br>aliang@omm.com<br>Sorin G. Zaharia (*Pro Hac Vice*)<br>szaharia@omm.com<br>Daniel Silverman (*Pro Hac Vice*)<br>dsilverman@omm.com<br>**O'MELVENY & MYERS LLP**<br>Two Embarcadero Center<br>28th Floor<br>San Francisco, CA 94111-3823<br>Telephone: 415-984-8700<br>Facsimile: 415-984-8701<br><br>***Attorneys for Defendants Google LLC and YouTube, LLC*** |

-11-

## **CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on September 15, 2021, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

                                                       */s/ Luann L. Simmons*
                                                     Luann L. Simmons