# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| VIDEOSHARE, LLC | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION No. 6:19-cv-00663-ADA |
| | § | JURY TRIAL DEMANDED |
| GOOGLE LLC and YOUTUBE, LLC | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO EXCLUDE OPINIONS OF GREGORY J. GONSALVES, PH.D., J.D. UNDER *DAUBERT* AND FEDERAL RULE OF EVIDENCE 702 (DKT. 101)**

███████████████████████████████████

**TABLE OF CONTENTS**

                                                                                                           **Page**

I.     INTRODUCTION ........................................................................................................... 1

II.    DR. GONSALVES' EXTENSIVE RECITATION OF PATENT LAW CASES
        SHOULD BE EXCLUDED............................................................................................ 1

III.   DR. GONSALVES'S CONCLUSIONS REGARDING INTENT TO DECEIVE
        ARE IMPROPER AND SHOULD BE EXCLUDED ..................................................... 2

IV.   CONSISTENT WITH VIDEOSHARE'S REPRESENTATION,
        DR. GONSALVES SHOULD NOT BE ALLOWED TO TESTIFY ON WHAT
        THE PATENT EXAMINER WOULD HAVE DONE ..................................................... 5

V.     CONCLUSION................................................................................................................ 6

I.      INTRODUCTION

VideoShare's opposition fails to demonstrate that Dr. Gonsalves's challenged opinions are admissible. First, Dr. Gonsalves's lengthy recitation of his interpretation of a dozen Federal Circuit cases is an improper attempt to offer legal opinions. And VideoShare's attack on Defendants' expert—who VideoShare chose not to challenge in a *Daubert* motion—cannot rescue Dr. Gonsalves's improper testimony. Second, Dr. Gonsalves's opinions on the ultimate issue of inequitable conduct and on intent to deceive are not proper in either jury or bench trials, as courts have repeatedly held. Finally, the Court should, consistent with VideoShare's representation, not allow Dr. Gonsalves to testify regarding what the Examiner would have done if given different information.

II.     DR. GONSALVES' EXTENSIVE RECITATION OF PATENT LAW CASES SHOULD BE EXCLUDED

Dr. Gonsalves's lengthy recitation of his interpretation of a dozen Federal Circuit cases goes well beyond stating his understanding of the legal standard and should be excluded. The issue is not whether "any of [Dr. Gonsalves's] summaries incorrectly portray any of the recited cases." Opp. at 4. The issue is that allowing Dr. Gonsalves to recite at trial his own summaries of the case law is improper. To the extent they attempt to teach the trier of fact about the law, those recitations improperly invade the province of the Court as the only one instructing the factfinder on the law. *See Flores v. Schwerman Trucking Co.*, No. SA-09-CA-702-H, 2010 U.S. Dist. LEXIS 154172, at *2 (W.D. Tex. Aug. 12, 2010) ("No witness, 'expert' or otherwise, is permitted to testify as to the applicability or the interpretation of any statute or regulation [.]"). And to the extent Dr. Gonsalves purports to advise the Court on the applicable law, his opinions are similarly improper, because "[e]xperts may not advise the Court how the law should be interpreted or applied to the facts in the case." *Smith v. City of Bastrop*, No. 1:19-CV-1054-RP,

2021 U.S. Dist. LEXIS 8124, at *14 (W.D. Tex. Jan. 15, 2021).

Ignoring Defendants' cited authority, VideoShare instead attempts to defend Dr. Gonsalves's improper opinions by attacking Mr. Godici, Defendants' expert. Opp. at 4-5. Those efforts also fail. Mr. Godici's opinions are not at issue here, as VideoShare chose not to file a *Daubert* motion against him. And contrary to VideoShare's mischaracterizations, Mr. Godici did not provide his own summaries or interpretations of the relevant case law, as did Dr. Gonsalves, but instead included quotes of the relevant standard directly from *Therasense*.[1] Dkt. 116 Ex. B ¶¶ 57-62.

The Court should strike Dr. Gonsalves's improper recitation of Federal Circuit case summaries.

### III. DR. GONSALVES'S CONCLUSIONS REGARDING INTENT TO DECEIVE ARE IMPROPER AND SHOULD BE EXCLUDED

VideoShare puts the cart before the horse by proclaiming that "[t]his case is different from the average inequitable conduct case" and "there is simply no evidence of intent to deceive." Opp. at 4. While VideoShare spends two pages of its Opposition re-arguing its summary judgment motion (*id*. at 5-7), its discussion is incorrect and irrelevant to the motion at bar. As Defendants point out in their opposition to VideoShare's summary judgment motion, significant genuine issues of material fact remain, notwithstanding the self-interested denials of the lead inventor and prosecuting attorney. *See Ulead Sys., Inc. v. Lex Comput. & Mgmt. Corp.*, 351 F.3d 1139, 1147 (Fed. Cir. 2003) ("self-serving" denials of intent that are inconsistent with circumstantial evidence to create a genuine issue of material fact). The present Motion is thus far from "moot." Opp. at 7. Consistent with the case law, Dr. Gonsalves should not be permitted to offer testimony regarding intent to deceive.

---

[1] *Therasense Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276 (Fed. Cir. 2011).

Addressing **none** of Defendants' cited authority, VideoShare tacitly concedes Dr. Gonsalves's opinions are improper, but suggests three reasons why he should be allowed to offer them at trial anyway.  Opp. at 7-8.  First, VideoShare's implication that the Court need not follow *Daubert* because "the Court is also the fact-finder" (*id*.) is incorrect.  "Even in bench trials where a court will not be acting as a 'gatekeeper' for the jury, testimony will be excluded before trial if an expert merely provides legal opinions."  *City of Bastrop*, 2021 U.S. Dist. LEXIS 8124, at *13-14.

Second, while VideoShare contends that Dr. Gonsalves is not actually offering opinions but is instead only "point[ing] out facts" that Mr. Godici allegedly overlooked (Opp. at 8), it offers no identification of or details about these purported "facts."  A review of the challenged paragraphs shows that whenever Dr. Gonsalves provides "facts," he inextricably links them with improper statements regarding "intent, motive, or state of mind, or evidence by which such state of mind may be inferred."  *In re Rosuvastatin Calcium Patent Litig*., No. 08-1949, 2009 U.S. Dist. LEXIS 117355, at *31 (D. Del. Dec. 11, 2009).  As one example, in paragraph 55, Dr. Gonsalves states:  "This is not nearly sufficient to show **by clear and convincing evidence** that Mr. Liwerant or Buchanan Ingersoll & Rooney omitted these two documents **with deceptive intent**, particularly because Buchanan Ingersoll & Rooney explicitly told the Examiner about the District Court Memorandum invalidating the related patents under 35 U.S.C. § 101 in the Amendment and Reply."  Dkt. 101 Ex. 1 (Gonsalves Rpt.) ¶ 55 (emphasis added).

Finally, VideoShare's contention that "some of the paragraphs that are the subject of Google's motion contain no opinions whatsoever" (Opp. at 8) is also not correct.  While VideoShare mischaracterizes paragraphs 2 and 71 as "brief summaries of Dr. Gonsalves's opinion regarding inequitable conduct," they in fact consist of impermissible legal conclusions as

-3-

to intent and the ultimate issue of inequitable conduct:

> 2. As discussed in further detail in this expert report, ***it is my opinion*** that Defendants and their expert, Mr. Godici, ***have failed to prove that inequitable conduct was committed*** during the prosecution of the patent application that issued as the '341 Patent. More specifically, in my opinion, Defendants and their expert ***have failed to provide clear and convincing evidence sufficient to show intent to deceive*** the USPTO by either Mr. Liwerant or Mr. Wieland.

Gonsalves Rpt. ¶ 2 (emphasis added).

> 71. For these reasons, ***it is my opinion that Defendants and their expert Mr. Godici have not shown by clear and convincing evidence that (i) the inventors of the '341 Patent or their patent prosecution counsel had an intent to deceive the patent office*** or that (ii) the Examiner's decision allowing the claims of the '700 Application would have been different had the District Court Memorandum and/or the Federal Circuit Order been submitted to the USPTO during the prosecution of the '700 Application that led to the '341 Patent.

*Id.* ¶ 71 (emphasis added). (The last sentence should also be excluded, consistent with VideoShare's representation that Dr. Gonsalves will not testify at trial regarding what the Examiner would have done. Opp. at 10.)

The heading above ¶ 38 (not addressed in VideoShare's opposition, but part of the challenged testimony, *see* Mot. at 9) states the impermissible opinion that "DEFENDANTS AND MR. GODICI CANNOT ESTABLISH AN INTENT TO DECEIVE BY CLEAR AND CONVINCING EVIDENCE." Testimony regarding "intent, motive, or state of mind" is improper. *Rosuvastatin*, 2009 U.S. Dist. LEXIS 117355, at *31; *see also Realtime Data, LLC v. Packeteer, Inc.*, No. 6:08–cv–144, 2009 WL 4545087, at *2 (E.D. Tex. Nov. 19, 2009) (precluding expert from "opining as to the intent and credibility of . . . the prosecuting attorney").

VideoShare does not even attempt to defend the improper opinions in paragraph 40 of Dr. Gonsalves's report. Indeed, there Dr. Gonsalves goes so far as to impermissibly opine that "patent prosecution counsel and Mr. Liwerant did not have any intention to deceive the USPTO." Gonsalves Rpt. ¶ 40.

Finally, VideoShare's attempt to rescue Dr. Gonsalves's opinions in paragraphs 44, 51, and 55 fails. Opp. at 8. Those paragraphs are replete with opinions regarding "an intent to deceive the USPTO" (¶¶ 44, 51) or "deceptive intent" (¶ 55). As such, those portions of Dr. Gonsalves's expert report also "constitute[] impermissible expert opinion as to the intent of an individual accused of deceiving the PTO" and should be stricken. *Rosuvastatin*, 2009 U.S. Dist. LEXIS 117355, at *35-36; *Realtime*, 2009 WL 4545087, at *1.

The challenged paragraphs[2] should all be excluded because all contain improper opinions on the ultimate issue of equitable conduct or on intent to deceive. Such testimony "usurps the role of the factfinder by telling it what result to reach." *Network-1 Techs. v. Alcatel-Lucent USA, Inc.*, No. 6:11-cv-492-RWS-KNM, 2017 U.S. Dist. LEXIS 154434, at *23 (E.D. Tex. Sept. 21, 2017).

### IV. CONSISTENT WITH VIDEOSHARE'S REPRESENTATION, DR. GONSALVES SHOULD NOT BE ALLOWED TO TESTIFY ON WHAT THE PATENT EXAMINER WOULD HAVE DONE

Conceding such opinions are improper, VideoShare commits that "Dr. Gonsalves will not testify as to what the Examiner would have done if the orders had been included in the IDS." Opp. at 10. Consistent with that commitment, the Court should preclude Dr. Gonsalves from presenting any of the opinions contained in ¶¶ 2, 56, 61-64, and 70-71 of his report, each of which constitute improper opinions on the ultimate legal issue or on "what the Examiner would have done or thought had she been given different information." *Meds. Co. v. Mylan Inc.*, No. 11-cv-1285, 2014 U.S. Dist. LEXIS 52952, at *14 (N.D. Ill. Apr. 17, 2014). *See* Gonsalves Rpt. ¶ 2 ("failed to prove that inequitable conduct was committed"); ¶ 56 ("the Examiner would have allowed the claims of the '700 patent [sic]"); ¶¶ 61-64 (extrapolating from this Court's claim

---

[2] Dkt. 101 Ex. 1 (Gonsalves Rpt.) ¶¶ 2, 38, page 16 (heading), 40, 44, 51, 55, 71.

preclusion order to opine that "the Examiner's decision would not have been different if the District Court Memorandum and the Federal Circuit's Order affirming the district court's decision had been filed at the USPTO"); ¶ 70 ("the Examiner's allowance decision would not have been different had [the Invalidity Orders] been submitted to the Patent office"); and ¶ 71 ("the Examiner's decision . . . would have been different").

While VideoShare contends that Dr. Gonsalves "should be permitted to testify otherwise as to cumulativeness and materiality" (Opp. at 10), it does not identify what specific opinions it asserts are permissible. The only two statements in Dr. Gonsalves's report that touch on those issues are his conclusory statement in paragraph 64 that the Invalidity Orders are "cumulative" and his equally conclusory sentence in paragraph 70 that "Defendants and Mr. Godici have not shown that these two documents satisfy the 'but for' materiality prong of the inequitable conduct test." Gonsalves Rpt. ¶¶ 64, 70. Neither includes any supporting analysis or reasoning, so they are also inadmissible. *See Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997) ("[N]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert."). Thus, because Dr. Gonsalves failed to offer in his report any admissible opinions regarding cumulativeness [or] materiality, he should not be "permitted to testify otherwise as to cumulativeness and materiality," as VideoShare requests. *See* Fed. R. Civ. P. 26(a)(2)(B)(i) (expert report "must contain a complete statement of all opinions the witness will express and the basis and reasons for them").

## V. CONCLUSION

For the foregoing reasons, Defendants' *Daubert* motion should be granted in its entirety.

| | |
|---|---|
| Dated:  September 15, 2021 | */s/ Luann L. Simmons* |

                                      J. Mark Mann
                                      State Bar No. 12926150
                                      G. Blake Thompson
                                      State Bar No. 24042033
                                      MANN | TINDEL | THOMPSON
                                      300 West Main Street
                                      Henderson, Texas 75652
                                      (903) 657-8540
                                      (903) 657-6003 (fax)

Luann L. Simmons (*Pro Hac Vice*)
lsimmons@omm.com
David S. Almeling (*Pro Hac Vice*)
dalmeling@omm.com
Bradley N. Garcia (*Pro Hac Vice*)
bgarcia@omm.com
Bill Trac (*Pro Hac Vice*)
btrac@omm.com
Amy K. Liang (*Pro Hac Vice*)
aliang@omm.com
Sorin G. Zaharia (*Pro Hac Vice*)
szaharia@omm.com
Daniel Silverman (*Pro Hac Vice*)
dsilverman@omm.com
**O'MELVENY & MYERS LLP**
Two Embarcadero Center
28th Floor
San Francisco, CA 94111-3823
Telephone: 415-984-8700
Facsimile: 415-984-8701

***Attorneys for Defendants Google LLC and YouTube, LLC***

-1-

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on September 15, 2021, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

*/s/ Luann L. Simmons*
Luann L. Simmons
