**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **VideoShare, LLC,** | § | |
| *Plaintiff,* | § | |
| | § | |
| *v.* | § | **6-19-CV-00663-ADA** |
| **Google, LLC,** | § | |
| *Defendant.* | § | |
| | § | |
| *v.* | § | |
| **Youtube, LLC,** | § | |
| *Defendant.* | § | |

<u>**ORDER ON DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**</u>

Before the Court is the Motion of Defendants Google, LLC ("Google") and Youtube, LLC ("Youtube") (collectively, "Defendants") pursuant to Federal Rule of Civil Procedure 12(c) for judgment on the pleadings filed on February 8, 2021. ECF No. 74 (hereinafter "Mot. to Dismiss"). Plaintiff timely filed its response (ECF No. 77 (hereinafter "Resp.")) and Defendant its Reply (ECF. No. 79 (hereinafter "Reply")). The Court also heard argument on July 23, 2021. Based on the reasoning below, the Defendants' Motion is **DENIED.**

## I. BACKGROUND

Defendants' motion to dismiss concerns a terminal disclaimer relied on during prosecution of the single patent-in-suit, the '341 patent. Mot. to Dismiss at 3. The '341 patent contains a terminal disclaimer affixing the term of the patent to, among others, the '302 and '608 patents ("the terminal patents"). *Id*. The terminal patents were invalidated prior to the issuance of the '341 patent. Defendants contend that the invalidation of the terminal patents represents the expiration of these patents and that the '341 patent is also expired because its expiration date is the expiration date of the terminal patents. *Id*. Defendants point to a qualification in the terminal disclaimer which provides that *later* events cutting short the term of the terminal patents shall not subsidiarily cut

short the term of the '341 patent. *Id*. at 6. Defendants view the qualification as a negative implication; if the term can expire by invalidation *later*, it can also expire earlier. *Id*.

**A. Procedural Background**

> **i.      Invalidity of Prior Patents**

On June 4, 2013, Plaintiff filed suit in the District of Delaware asserting that Defendants infringed U.S. Patent No. 8,464,302 ('302) and U.S. Patent No. 8,434,608 ('608). Mot. to Dismiss at 1.[1] Specifically, Plaintiff identified "Defendants' infringing products and services" as "products and services for receiving, converting, and sharing streaming video, including those marketed as Youtube." *Id*.

Defendants filed a Rule 12(c) motion, asserting lack of patentable subject matter of both patents-in-suit. ECF No. 30 at 1. On August 2, 2016, the district court found that both patents-in-suit were invalid pursuant to 35 U.S.C. § 101. *Id*. at 2.[2] The Federal Circuit subsequently affirmed the district court's Order. *Id*.[3]

> **ii.      Terminal Disclaimer**

On January 23, 2019, VideoShare filed the patent application that would later issue as the '341 Patent, reciting seven claims. ECF No. 30 at 2. The '341 Patent is a continuation of the '302 Patent, which means that it shares an identical specification except for the '341 Patent's more extensive listing of related patent applications. *Id*. On April 4, 2019, the Examiner issued a rejection of all claims of the '341 Patent for non-statutory double patenting, finding that those claims were not patentably distinct from the claims of the '302 and '608 Patents, among other patents. *Id*. VideoShare did not dispute the Examiner's conclusions. *Id*. Instead, to overcome that rejection, on April 23, 2019, VideoShare filed a terminal disclaimer stipulating to the following:

[1] *VideoShare, LLC v. Google, Inc. and Youtube, LLC*, No.13-cv-990 (GMS).
[2] *VideoShare, LLC v. Google, Inc.*, 2016 WL 4137524 (D. Del. Aug. 2, 2016)
[3] *Videoshare, LLC v. Google, Inc.*, 695 F. App'x 577 (Fed. Cir. 2017)

> [VideoShare] hereby disclaims, **except as provided below**, the
> terminal part of the statutory term of any patent granted on the instant
> application which would **extend beyond the expiration date** of the
> **full statutory term** of prior patent number(s) . . .
> 8453190 2013
> 8438608 2013
> 8434123 2013
> 7987492 2011
> 10225584 2017
> 8966522 2015
> 8464302 2013
> as the term of said prior patent is presently shortened by any terminal
> disclaimer.

Mot. to Dismiss at 2. The clause "except as provided below" refers to a qualification

("qualification") to the terminal disclaimer. At the most basic level, the qualification provides that a

subsequent event shortening the term of the terminal patents will not also shorten the life of the

'341 patent:

> In making the above disclaimer, the owner does not disclaim the
> terminal part of the term of any patent granted on the instant
> application that would **extend to the expiration date** of the **full
> statutory term of the prior patent** . . . in the event that said prior
> patent **later**:
> - expires for failure to pay a maintenance fee;
> - is held unenforceable;
> - **is found invalid by a court of competent jurisdiction**;
> - is statutorily disclaimed in whole or terminally disclaimed under 37
> CFR 1.321;
> - is reissued; or
> - is in any manner terminated prior to the expiration of its full
> statutory term as presently shortened by any terminal disclaimer.

Mot. to Dismiss at 2 (emphasis added).

VideoShare asked that the Examiner's double patenting "rejection be withdrawn" in view of

the terminal disclaimer. *Id*. at 2. The terminal disclaimer was approved the same day it was filed.

*Id*. at 3. On May 10, 2019, in "respons[e] to the terminal disclaimer filed 23 April 2019," the

Examiner allowed the claims. *Id*. The '341 Patent issued on July 23, 2019. *Id*.

    **iii.**    **The Present Case**

On November 16, 2019, Plaintiff filed its current complaint against Defendants, alleging infringement of the '341 Patent in the Western District of Texas. ECF. No. 1. Plaintiff identifies "Defendants' infringing products and services" as "products and services for receiving, converting, and sharing streaming video, including those distributed through YouTube." ECF No. 1, Pl.'s Compl., at ¶ 9. In February 2020, Defendants filed a Motion to Dismiss arguing that the Court should dismiss the case based on the doctrine of claim preclusion. ECF No. 18. This motion was denied. ECF No. 30. In February 2021, Defendant filed its Motion for Judgment on the Pleadings under Rule 12(c) (hereinafter "Mot. to Dismiss"). ECF No. 74. This renewed motion asks the court to dismiss the case as the sole patent asserted, '341, is bound to a terminal disclaimer which expired before the statutory damages period. Mot. to Dismiss at 1.

## II. Standard

A court evaluates a Rule 12(c) motion under the same standard as a Rule 12(b)(6) motion. *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). A motion to dismiss is not unique to patent law and is therefore evaluated under the applicable law of the regional circuit. *See In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1331 (Fed. Cir. 2012).

Rule 12(b)(6) allows a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). The court evaluates whether a complaint states a cognizable claim and sufficient facts in light of Rule 8(a) of the Federal Rules of Civil Procedure, which requires a plaintiff to plead a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). Rule 8 does not require "detailed factual allegations," but it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In analyzing a motion to dismiss for failure to state a claim, the court "accept[s] 'all well pleaded facts as true, viewing them in the light most favorable

4

to the plaintiff.'" *United States ex rel. Vavra v. Kellogg Brown & Root, Inc.*, 727 F.3d 343, 346 (5th Cir. 2013) (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)).

In deciding a motion to dismiss, a court may consider public records, including patent prosecution histories. *Data Engine Techs. LLC v. Google LLC*, 906 F.3d 999, 1008 n.2 (Fed. Cir. 2018). Whether a patent infringement case must be dismissed because the patent term expired is determined on a Rule 12(c) motion. *See, e.g., Biogen Int'l GmbH v. Banner Life Scis. LLC*, 424 F. Supp. 3d 303, 314 (D. Del. 2020) (granting motion for judgment on the pleadings of no infringement on ground that portion of patent practiced by defendant had expired). *Milligan v. Worldwide Tupperware*, 972 F. Supp. 158, 161 n.1 (W.D.N.Y.1996) (holding in a case where the patent had expired that "plaintiff has no patent rights whatsoever with respect to the work that is the subject of this lawsuit"); *Mobil Oil Corp. v. W.R. Grace & Co.*, 367 F. Supp. 207, 250 (D.Conn.1973) (noting that "an expired patent cannot be infringed"). A patent owner only has the "right to exclude others from making, using, and selling the invention and to enforce those rights until its patents are held invalid or expire." *McNeil-PPC, Inc. v. L. Perrigo Co.*, 337 F.3d 1362, 1372 (Fed. Cir. 2003) (internal brackets omitted); *see Mirafi, Inc. v. Murphy*, No. 90–1074, 1991 WL 10623, at *2 (Fed. Cir. Feb. 4, 1991) (same).

### III. Discussion

Defendants assert that the terminal disclaimer renounces any effect the invalidation of the '302 or '608 patents may have on the '341 patent but only insofar as that invalidation occurs "later." Mot. To Dismiss at 5. This is drawn from the language of the disclaimer which provides "[t]he owner does not disclaim the terminal part of the term of any patent granted on the instant application that would extend to the expiration date of the full statutory term of the prior patent . . . in the event that said prior patent **later**. . . is found invalid by a court of competent jurisdiction." *Id*. Defendants contend that the invalidation of the '302 and '608 patents ended the term of the patents

and thus the term of the '341 patent ended when the prior patents were invalidated in 2017 (before its own issuance). *Id*.

VideoShare responds that the '341 patent is tied to the statutory term of the '302 and '608 patents and not any legal term attached thereto. Resp. at 5. VideoShare further argues that Defendants wrongly combine the legal concepts of expiration and invalidity in order to change the date of the expiration of the current patent. *Id*.

This appears to be a case of first impression. The parties have not cited to any prior cases where a court directly addressed the expiration of a current patent through the invalidation of a patent to which it is terminally disclaimed.

**A.  The Terminal Disclaimer**

The terminal disclaimer to the '341 patent is rather opaque, and some initial issues must be noted. First, the language "[VideoShare] hereby disclaims . . . the terminal part of the statutory term of any patent granted on the instant application which would extend beyond the expiration date of the full statutory term . . ." simply notes that the '341 patent will extend no further than the full statutory term of the terminal patents. Mot. to Dismiss at 6. By statute the measuring term is that of the earliest filed patent. *See* 35 U.S.C. § 154 ("If the disclaimer disclaims the terminal portion of the term of the patent which would extend beyond the expiration date of an earlier issued patent, then the expiration date of the earlier issued patent determines the expiration date of the patent subject to the terminal disclaimer."). The terminal disclaimer links the '341 patent to a total of seven patents. Mot. to Dismiss at 2. The '302 patent is the term of the earliest filed of these seven patents. *Id.* VideoShare applied for the patent that eventually became the '302 patent in 1999, therefore this patent has the controlling term for the '341 patent. *Id*.

Second, both sections of the terminal disclaimer refer to the "full statutory term" of the prior patents. *See* Resp. at 3. ("extend beyond the expiration date of the **full statutory term**" and "the

6

owner does not disclaim the terminal part of the term of any patent granted on the instant

application that would extend to the expiration date of the **full statutory term** of the prior patent").

This is the operative language of the terminal disclaimer because it is the only clause directly

addressing the length of the patent term. *Id.*[4]

i.   **The "full statutory term" of the patent is 20 years from the date of the prior patent application.**

The disclaimer in question refers specifically to the "full statutory term" of the prior patent.

Mot. to Dismiss at 3. The "term" of a patent is statutorily defined:

> TERM- Subject to the payment of fees under this title, such grant shall be for a term beginning on the date on which the patent issues and ending 20 years from the date on which the application for the patent was filed in the United States or, **if the application contains a specific reference to an earlier filed application or applications under section 120, 121, 365(c), or 386(c) from the date on which the earliest such application was filed.**

35 U.S.C. § 154 (emphasis added); *see also Kimble v. Marvel Entertainment, LLC*, 576 U.S. 446

(2015) (citing § 154 as the "[S]tatutory provision setting the length of a patent term.").

The plain language evinces two ways for the "term" of a patent to end: the date affixed to

the patent at issuance passes, or the owner fails to pay fees associated with the patent. *See* 35

U.S.C. § 41(c); *see, e.g.*, *Korsinsky v. Microsoft Corp.*, 198 F. App'x 931, 933 (Fed. Cir. 2006)

(patent expires on the failure to pay fees). The statute envisions one way in which a prior patent

may cause the expiration of the terminally disclaimed patent; the term of the earliest filed prior

patent passes. While a patent's term expires if the owner fails to pay maintenance fees, the patent

with a terminal disclaimer is a separate patent. *See The Boeing Co. v. United States*, 69 Fed. Cl.

397, 423–26 (2006) (examining the meaning of "expiration date" and concluding that "the early

expiration of Boeing's earlier patents due to its choice not to pay the maintenance fees does not

affect the expiration date of the full statutory term to which these earlier patents originally were

---

[4] "Expiration date" is defined by "full statutory term". "Terminated" is indefinite and has no statutory meaning.

entitled, and to which, and only which, the '682 patent was tied."); *see also Hoffmann–La Roche, Inc. v. Orchid Chem. & Pharm. Ltd.*, No. Civ. A. 10–4540 SRC, 2011 WL 4433575 (D.N.J. Mar. 17, 2011) (rejecting argument that the expiration of a first patent for failure to pay maintenance fees caused a second patent to expire on the same day based on a terminal disclaimer that linked the expiration of the second patent to the first patent).

The term of a patent is plainly defined, and that definition includes two methods of expiration not implicated in this case. Furthermore, the language of the statute is bolstered by the language of the disclaimer itself: "Full statutory term" contains a reference to the statute ("statutory" (modifying "term")), a word defined under that statute ("term"), and an augmentative ("full"). Nothing in this language indicates that some alternative term exists for the '341 patent. The phrase plainly provides the '341 patent a term as would be consistent with the § 154 definition of term (20 years from the application of the prior patent).

This interpretation is consistent with precedent on terminal disclaimers. The Federal Circuit previously found no issue with the notion that a terminal disclaimer merely affixes the expiration date of the earliest prior patent. *See Ortho Pharm. Corp. v. Smith*, 18 U.S.P.Q.2d (BNA) 1977, 1982 (E.D.Pa.1990), aff'd, 959 F.2d 936 (Fed.Cir.1992) ("[t]erminal disclaimer ... merely fixes an earlier date certain upon which that patent expires ...."). The term of the '302 was "merely affixed" onto the '341 patent and ended 20 years after its application.

### ii. Defendants' argument creates an artificial backdoor to invalidity.

A patent bestows particular rights best summarized as "[the] right to exclude others from making, using, and selling the invention and to enforce those rights until its patents are held invalid **or** expire." *McNeil-PPC, Inc. v. L. Perrigo Co.*, 337 F.3d 1362, 1372 (Fed. Cir. 2003) (internal brackets omitted); *see also Mirafi, Inc. v. Murphy*, No. 90–1074, 1991 WL 10623, at *2 (Fed. Cir. Feb. 4, 1991). This is not conjunctive; invalidity and expiration are separate doctrines.

The existence of separate concepts (and separate statutory provisions) already infers a differing effect, but Defendants go further than this by arguing that a patent is expired because it is invalid.

Defendants' argument relies on a distinction that is not currently recognized. It is established that "[t]erminal disclaimer ... does not operate to tie the validity of [the later issued patent] to the validity of [the earlier issued patent] or any other patent." *Ortho Pharm. Corp.*, 18 U.S.P.Q.2d at 1977 (noting patents tied by a terminal disclaimer are still independently presumed valid); *see also Pharmacia Corp.,* 417 F.3d at 1374 (holding that the filing of a disclaimer did not tie the validity of two patents together so that inequitable conduct invalidating one of them would also invalidate the other). If Defendants were correct, the validity of the terminally disclaimed patent and the prior patent would be inherently tied together until the terminally disclaimed patent issued. That is, any event invalidating the prior patent before issuance of the terminally disclaimed patent would end the term of the terminally disclaimed patent. The converse would not be true; the patent would live on regardless of subsequent invalidation of the prior patent. There is no statutory basis for this distinction found in 35 U.S.C. § 253 or 37 C.F.R. § 1.321 and Defendants do not cite authority making this distinction. The Court will not read in a requirement that does not currently exist.

### iii. A fixed term for terminally disclaimed patents is consistent with the purpose of terminal disclaimers.

Measuring the term of a terminally disclaimed patent by the term of the prior patent is consistent with the purpose of a terminal disclaimer. A terminal disclaimer has a "[l]imited purpose, namely, to avoid a rejection based on obviousness of the same invention which would have the effect of extending the patent monopoly beyond the expiration date of the earlier patent." *The Boeing Co. v. United States*, 69 Fed. Cl. 397, 424 (2006) (citing *In re Kaplan*, 789 F.2d 1574, 1579–80 (Fed.Cir.1986)). Double patenting is intended to avoid the extension of a patent term beyond its defined statutory period: "The key purpose . . . is thus to prevent a patent owner from

controlling . . . beyond the **statutorily allowed patent term** of that invention." *Novartis Pharm. Corp. v. Breckenridge Pharm. Inc.*, 909 F.3d 1355, 1362 (Fed. Cir. 2018). The statutory term of a patent is 20 years from application, the '341 patent did not extend beyond this period.

### iv. The language of the terminal disclaimer does not imply early termination

The qualification includes ambiguous language that seems to construe "full statutory term" incongruously with the statutory definition of "term". Mot. to Dismiss at 6-7 ("[T]he owner does not disclaim the terminal part of the term of any patent granted on the instant application that would **extend to the expiration date** of the **full statutory term of the prior patent** . . . in the event that said prior patent **later** . . ."). The disclaimer then lists a number of events that might occur which, under this language, will not shorten the term of the terminally disclaimed patent (including invalidity, failure to pay fees, disclaimer, and unenforceability). *Id.* at 2. Defendants argue for a kind of negative implication here: if VideoShare must protect its patent from invalidity (et al) arising from later events, it should be inferred that it must protect its patent from prior events. *Id.* at 6. This implication cannot be sustained. The terminal disclaimer at issue applies to seven patents, only two of which had been invalidated at the time of the issuance. *Id.* at 2. "Later" still meaningfully applies to all five other patents. The Court should "consider[s] the purpose of the statements made to the PTO." *The Boeing Co. v. United States*, 69 Fed. Cl. 397, 424 (2006). "Later" reinforces what is already known; a later event is not the measure of the '341 patent's term, the statutorily defined term is.

Neither should the qualification be read as to define the termination of a patent term as occurring on invalidation. The qualification seems to present two opposing ideas: the term of a terminally disclaimed patent is the statutorily defined 20-year term (the full statutory term), and that the term of a terminally disclaimed patent can be shortened before the passing of the 20-year term. On closer inspection though, the qualification includes numerous events that, in all

likelihood, would not invalidate a later patent regardless of the language. *See Ortho Pharm. Corp.*, 18 U.S.P.Q.2d at 1982 (later invaldity); *Hoffmann–La Roche, Inc. v. Orchid Chem. & Pharm. Ltd.*, No. Civ. A. 10–4540 SRC, 2011 WL 4433575 (D.N.J. Mar. 17, 2011) (failure to pay fees). In fact, any conceivable event shortening the term is included: "[I]s in any manner terminated prior to the expiration of its full statutory term as presently shortened by any terminal disclaimer." Mot. to Dismiss at 6. The qualification is by nature boilerplate (copied from the USPTO's form) and its coverage is broad. The simplest explanation here is most convincing. The purpose of this qualification is to disclaim as much as possible in anticipation of future changes to patent law. The language does not assert any specific definition of "term" but attempts to disclaim any and all potential events that end the terminally disclaimed patent by proxy. This does not raise an issue of negative implication because the plain intent is to supersede any later legal developments, not to specify exact criteria for continuing the patent term.

### C. *Eli Lilly* does not conclusively address the issue in this case

Defendants contend that the Federal Circuit created binding and dispositive precedent on the expiration of a terminal patent before the end of the statutory term. *See Eli Lilly & Co. v. Barr Labs.*, Inc., 251 F.3d 955 (Fed. Cir. 2001) ("[t]he Federal Circuit found that a first, earlier-issued patent rendered a second, later-issued patent invalid based on obviousness-type double patenting).

Defendants assert that, under *Eli Lilly*, the term of a terminally disclaimed patent ends when the prior patent is disclaimed or otherwise found inoperative. Mot. to Dismiss at 5. The Court disagrees. *Eli Lilly* is distinct from the facts presented here and the operative language must be viewed contextually. At issue in is footnote 5 which provides:

> A patent owner cannot avoid double patenting by disclaiming the earlier patent. Further, **because Lilly disclaimed the ′213 patent, it cannot now terminally disclaim the ′549 patent** to expire at the time the ′213 patent would have expired had it not been disclaimed. That is, the fact that the ′213 patent has been disclaimed is of no help

> to Lilly, as **double patenting precludes** claim 7 of the ′549 patent
> from extending beyond the termination date of the ′213 patent,
> **whether that termination date is at the end of its normal term or,**
> **as in this case, is the date it is terminated via disclaimer.**

*Eli Lilly & Co. v. Barr Labs.*, Inc., 251 F.3d at 976 n.5 (emphasis added).

At face value, the language here seems to indicate that the termination date of a terminally disclaimed patent can be either the end of its normal term or the date that the prior patent is no longer in operative effect. Invalidation of a patent would have the effect of rendering the patent inoperable and unenforceable. Thus, the '341 patent was born having no remaining term. In context, however, the Court cannot ascribe this level of significance to footnote 5.

First, this footnote does not address the facts presented in the case and appears to be dicta. Dicta has been defined by the Federal Circuit as "statements made by a court that are 'unnecessary to the decision in the case, and therefore[,] not precedential.' " *Co–Steel Raritan, Inc. v. Int'l Trade Comm'n*, 357 F.3d 1294, 1307 (Fed.Cir.2004) (quoting *Black's Law Dictionary* 1100 (7th ed.1999)). While briefing in *Eli Lilly* did refer to the use of a terminal disclaimer, the court was not presented with an actual terminal disclaimer. *See Eli Lilly & Co.*, 251 F.3d at 968.[5] *Eli Lilly* addresses double patenting and the case purports to be a narrow ruling "[W]e limit our inquiry to an analysis of whether claim 7 of the [later patent] is invalid for obvious-type double patenting over claim 1 of the [earlier patent]." *Id*. To hold that a footnote in a case without a terminal disclaimer conclusively sets the standard for when the term of a terminally disclaimed patent expires is an overly expansive view of a single footnote.

Second, the requested use of this language is inconsistent with more explicit precedent by the Federal Circuit. As referenced above, the invalidity of a prior patent does not also invalidate the

---

[5] Defendants have argued that the footnote was intended as guidance to the district court on remand and that the dissent refers to the footnote as a holding. Regardless, the court was not presented with a terminal disclaimer and parties did not have the opportunity to argue this point (though Defendants did suggest a terminal disclaimer would have fixed the issues).

terminally disclaimed patent, nor does the failure to pay fees on a prior patent. *See Ortho Pharm. Corp.*, 18 U.S.P.Q.2d at 1982. While this precedent addresses later occurring events, they are nonetheless inconsistent with the logical conclusion of footnote 5. If the term of a disclaimed patent ends on the invalidation (or expiration by failure to pay fees) of a prior patent, the disclaimed patent would necessarily extend beyond the term of the prior patent when that prior patent is later invalidated.

Finally, even if the quoted language stated a rule, the rule would not be dispositive in this case. *Eli Lilly* itself claims to be a narrow decision and this Court will construe the decision as such. The footnote refers solely to the effect of litigation disclaimer on the term of a patent.  Thus, insofar as a rule is announced in *Elli Lilly*, it is that disclaimer of a prior patent ends the term of the terminally disclaimed patent. The present terminal disclaimer includes the clause "[a]s the term of said prior patent is presently shortened by any terminal disclaimer." Mot. to Dismiss at 3. This language, copied from the USPTO, indicates that a terminal disclaimer on a prior patent may shorten the life of the present patent. This is consistent with the facts of *Elli Lilly* where the prior patent was disclaimed by the Plaintiff, not found invalid. Given that Elli Lilly defines itself narrowly, there is no compelling reason to expand a finding that disclaimers are coextensive to a finding that invalidity is coextensive.

## IV. Conclusion

A terminal disclaimer links the term of a subsequent patent to the term of a prior patent. The term of the prior patent did not end until January 2020. This term is effective for the purpose of this lawsuit and is sufficient to continue beyond the pleadings.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Transfer (ECF No. 74) is

**DENIED**.

SIGNED this 29th day of September, 2021.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE