**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| VIDEOSHARE, LLC,<br><br>          Plaintiff,<br><br>v.<br><br>GOOGLE LLC and<br>YOUTUBE, LLC,<br><br>          Defendants. | CIVIL ACTION NO. 6:19-CV-00663-ADA<br><br><br>JURY TRIAL DEMANDED |

## PLAINTIFF'S CONSOLIDATED MOTIONS *IN LIMINE*

Plaintiff VideoShare, LLC ("VideoShare") files its Consolidated Motions *in Limine* to preclude Defendants Google LLC and YouTube, LLC (collectively, "Defendants" or "Google") from mentioning, referring to, or offering evidence, testimony (both lay and expert), or argument relating to any of the following matters within the hearing of any member of the jury during *voir dire* or at any time during trial.

## I.    LEGAL STANDARD

The Court has broad discretion to grant a motion *in limine* to exclude inadmissible evidence before it is offered at trial. *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). Irrelevant evidence should be excluded. FED. R. EVID. 402; *see also* FED. R. EVID. 401 ("Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."); *Herrera v. Aguilar*, SA-10-CV-00569-DAE, 2013 WL 5354518, at *1 (W.D. Tex. Sept. 24, 2013) ("Evidence is relevant when it has 'any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence.'"). Thus, if a particular fact, whether true or not, has no bearing on any claims or defenses in a particular matter, that fact is irrelevant and inadmissible. FED. R. EVID. 401 & 402.

1

Similarly, relevant evidence should be excluded if "its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury [or] wasting time." FED. R. EVID. 403; *see also Wellogix, Inc. v. Accenture, L.L.P.*, 716 F.3d 867, 882 (5th Cir. 2013); *Herrera*, 2013 WL 5354518 at *2. Other circuits have found that "[l]ittle prejudice" is required to substantially outweigh the probative value of evidence that is not relevant." *United States v. Grooms*, 2 F.3d 85, 88 (4th Cir. 1993).

Here, the subjects described below are irrelevant and designed to create bias and prejudice; therefore, Defendants should be prohibited from raising these issues in the presence of the jury without first seeking Court permission.

## II.     MOTION *IN LIMINE* NO. 1: THIS COURT SHOULD EXCLUDE REFERENCES TO ANY OTHER LITIGATIONS INVOLVING VIDEOSHARE

VideoShare respectfully moves the Court for an order *in limine* excluding any *voir dire* question, argument, evidence, testimony (including expert testimony), insinuation, reference, or assertion relating to any litigation involving VideoShare or its witnesses, including the prior litigations against Defendants, Brightcove, Inc., and the currently co-pending case against Facebook, Inc. Reference to any of these other matters is irrelevant to any issue the jury must decide, will likely confuse and mislead the jury, and could only be offered to prejudice the jury against VideoShare by reference to mostly resolved matters.

Courts routinely preclude evidence of other litigation as irrelevant and unduly prejudicial. *See MV3 Partners LLC v. Roku, Inc.*, No. 6:18-cv-00308-ADA, Dkt. 332 at 2 (W.D. Tex. Sept. 29, 2020) (Albright, J.) (granting motion *in limine* to exclude references to prior litigation involving plaintiff or its witnesses); *Carley v. Crest Pumping Techs., L.L.C.*, No. 15-cv-00161, 2016 WL 8849697, at *1 (W.D. Tex. 2016) (excluding evidence and arguments regarding unrelated lawsuits as "irrelevant and unfairly prejudicial"); *see also Mobile Telecomms. Techs., LLC v. ZTE (USA) Inc.*, No. 2:13-CV-946-

JRG, 2016 WL 8260584, at *2 (E.D. Tex. July 22, 2016) (barring references to "unrelated litigations, investigations, or accusations involving the parties or their affiliates or principles"); *ContentGuard Holdings, Inc. v. Amazon.com, Inc.*, No. 2:13-CV-01112-JRG, 2015 WL 11089489, at *1 (E.D. Tex. Aug. 24, 2015) (precluding reference to any "litigations, rulings, or accusations against Defendant in unrelated legal proceedings or unrelated disputed matters between Defendant and any third party"); *Schrieber v. Federal Express Corp.*, No. 09-CV-128-JHP-PJC, 2010 WL 1078463, *4 (N.D. Okla. Mar. 18, 2010) ("This Court agrees that the fact that a prior lawsuit was filed for race discrimination has no relevancy to Schrieber's claim for age discrimination or his claims regarding FMLA retaliation. Further, allowing the jury to hear that the prior litigation was settled leads to an inference that FedEx admitted liability in that suit which is improper and irrelevant under Federal Rules of Evidence 401 and 403."); *Novartis Pharm. Corp. v. Teva Pharm. USA, Inc.*, No. 05-CV-1887, 2009 WL 3754170, at *9 (D.N.J. Nov. 5, 2009) (excluding prior litigations because they are "likely to result in unfair prejudice, confusion and undue delay"); *Ion, Inc. v. Sercel, Inc.*, No. 5:06-cv-236, 2009 WL 10677596, at *3 (E.D. Tex. July 22, 2009) ("The parties' actions in other cases are irrelevant to the present case."); *Outley v City of New York*, 837 F.2d 587, 595 (2d Cir. 1988) (introducing other litigation "invites detailed inquiries, denials, and explanations, likely to lead to multifariousness and a confusion of issues").

Even Google recognizes and acknowledges the prejudice associated with other lawsuits involving the parties and recently sought to preclude such evidence and argument in this Court. *See Profectus Technology LLC v. Google LLC*, No. 6:20-cv-00101-ADA, Dkt. 161 at 15 (W.D. Tex. Sept. 23, 2021) (Albright, J.) ("Google's other cases involved different parties, technology, patents, and factual circumstances, and they are thus irrelevant hearsay"). Here, none of the prior litigations concerned the patent-in-suit and the co-pending lawsuit involves a completely different party.

Because such "evidence" would be highly prejudicial at least because it serves no legitimate purpose other than to prejudice the jury against VideoShare, the Court should grant this motion *in limine* and exclude any *voir dire* question, argument, evidence, testimony (including expert testimony), insinuation, reference, or assertion concerning unrelated VideoShare litigation pursuant to Rules 402 and 403.

III.   **MOTION *IN LIMINE* NO. 2: THIS COURT SHOULD EXCLUDE REFERENCES TO SHORE CHAN LLP'S ALLEGED INVOLVEMENT IN THE PROSECUTION OF THE PATENT-IN-SUIT**

VideoShare moves the Court for an order *in limine* excluding any *voir dire* question, argument, evidence, testimony (including expert testimony), insinuation, reference, or assertion that VideoShare's current litigation counsel, Shore Chan LLP, directed, were substantively involved, or played any role in the prosecution of the patent-in-suit. First, Google improperly relies on information gained from clawed-back privileged communications inadvertently produced by VideoShare's patent prosecution counsel as its basis for asserting that VideoShare's counsel participated in the prosecution of the patent-in-suit.[1] Google sought to compel production of such materials, but the Court denied that request on September 13, 2021. *See* Dkt. 139.

Second, notwithstanding the attorney-client privilege, any such references, arguments, evidence, testimony (including expert testimony), insinuation, or assertions could arguably be relevant only to Google's inequitable conduct allegations. But as detailed below, inequitable conduct is not an issue for the jury; it is an equitable defense for the Court to decide, which VideoShare also seeks to preclude Google from presenting to the jury.

Third, there is nothing improper about an attorney's participation in prosecution. *See Kingsdown Med. Consultants, Ltd. v. Hollister Inc.*, 863 F.2d 867, 874 (Fed. Cir. 1988) ("[N]or is it

---

[1] Google also repeatedly (and improperly) referred to the clawed-back information during the deposition of VideoShare's prosecution counsel, to which VideoShare repeatedly objected.

in any manner improper to amend or insert claims intended to cover a competitor's product the applicant's attorney has learned about during the prosecution of a patent application."). Shore Chan has not represented VideoShare before this case, so there are no applicable protective orders that would change this result.

Reference to such "evidence" is irrelevant to any issue the jury must decide, would likely confuse and mislead the jury, would waste time by creating an unnecessary side-show, and could only be offered to prejudice the jury against VideoShare and its trial counsel.[2] Thus, the Court should grant this motion *in limine* and exclude references to any alleged involvement of VideoShare's litigation counsel in prosecution of the patent-in-suit pursuant to Rules 402 and 403.

## IV. MOTION *IN LIMINE* NO. 3: THIS COURT SHOULD EXCLUDE ANY TESTIMONY, ARGUMENT, OR SUGGESTION THAT THE CLAIMS OF THE PATENT-IN-SUIT WERE DRAFTED TO READ ON YOUTUBE

Google should be precluded from offering any testimony, argument, or suggestion that the claims of the patent-in-suit were drafted to read on YouTube. First, such testimony and argument are wholly irrelevant to any issue in this case. More specifically, they are wholly inapplicable to ownership, validity, infringement, damages, or Google's inequitable conduct allegations.

Second, any use of such testimony and argument would be highly prejudicial to VideoShare. Google's usage of such testimony and argument can have but one purpose: to convince the jury that the claims were drafted in an improper and nefarious manner. But as the Federal Circuit has held, there is nothing improper, illegal, or inequitable with drafting claims to read on an accused product:

> It should be made clear at the outset of the present discussion that ***there is nothing improper, illegal or inequitable in filing a patent application for the purpose of obtaining a right to exclude a known competitor's product from the market***; nor is it in any manner improper to amend or insert claims intended to cover a competitor's product the applicant's attorney has learned about during the prosecution of a patent

---

[2] Google has included two members of VideoShare's litigation team on its witness list, which only serves to highlight the fact that Google is trying to harass VideoShare and create jury confusion.

application. Any such amendment or insertion must comply with all statutes and regulations, of course, but, if it does, ***its genesis*** in the marketplace ***is simply irrelevant and cannot of itself evidence deceitful intent***.

*Kingsdown Med. Consultants, Ltd. v. Hollister Inc*., 863 F.2d 867, 874 (Fed. Cir. 1988) (citing *State Indus., Inc. v. A.O. Smith Corp.,* 751 F.2d 1226 (Fed.Cir.1985)) (emphases added). These two points alone should dispose of the issue, as any probative value of such evidence and argument (and VideoShare contends that there is none) is highly outweighed by the danger of unfair prejudice to VideoShare.

Third, even if there was any value in allowing such evidence and argument, there is no evidence that the claims were in fact drafted to read on YouTube. Indeed, the opposite is true. As one of the inventors, Mr. Liwerant, testified:

> Q. When you drafted the application that issued as the '341 patent, you intended to draft that patent and its claims to cover YouTube; correct?
>
> A. I worked with the prosecution team and we used the materials that we have from the invention. So I don't think it's accurate, your -- just – your question. I don't think it's accurate.
>
> Q. Okay. Let me ask another question, then. Again, under oath, did you or did you not try to tailor the claims of the '341 patent so that they would read on YouTube?
>
> THE WITNESS: And I don't have access to YouTube's technology, their architecture, their code, any of that, so I did not use any of that information. So the answer is, no, we didn't craft that as you are describing.
>
> Q. Did you intend the claims of the '341 patent to cover YouTube?
>
> THE WITNESS: I think I already answered. I mean, I didn't have the material, neither I intend to craft the claims for YouTube.

Ex. 1 (Excerpt from June 16, 2021 Transcript of Gad Liwerant) at 243:6-13 (internal objections omitted).[3] YouTube has already cross-examined Mr. Liwerant on this matter. Any further

---

[3] All exhibits cited herein are attached to the Declaration of William Ellerman filed concurrently herewith.

suggestion or argument by Defendants at trial would amount to nothing more than speculation and would only serve to harass VideoShare's witnesses, confuse and mislead the jury, and prejudice VideoShare.

**V.      MOTION *IN LIMINE* NO. 4: THIS COURT SHOULD EXCLUDE ALL EVIDENCE OF INEQUITABLE CONDUCT**

VideoShare has filed a motion for summary judgment on Google's inequitable conduct defense. *See* Dkt. 114. In the unlikely event that motion is denied, VideoShare moves the Court for an order *in limine* excluding any *voir dire* question, argument, evidence, testimony (including expert testimony), insinuation, reference, or assertion that VideoShare intentionally withheld from, or should have disclosed to, the Patent Office prior invalidity orders in connection with prosecution of the patent-in-suit.

It is well-established that inequitable conduct is an equitable remedy to be resolved by the Court, including any underlying factual disputes regarding materiality and intent. *GS Cleantech Corp. v. Adkins Energy LLC*, 951 F.3d 1310, 1325 (Fed. Cir. 2020) ("inequitable conduct is an equitable issue committed to the discretion of the trial court"); *Am. Calcar, Inc. v. Am. Honda Motor Co*., 651 F.3d 1318, 1333 (Fed. Cir. 2011) ("Inequitable conduct is equitable in nature, with no right to a jury, and the trial court has the obligation to resolve the underlying facts of materiality and intent."); *AGFA Corp. v. Creo Products Inc.,* 451 F.3d 1366, 1371-73 (Fed. Cir. 2006) ("This Court has consistently treated inequitable conduct as an equitable defense that may be adjudicated by the trial court without a jury.").

Accordingly, this Court has previously granted motions *in limine* on this identical topic, and the same result should follow here. *See Freshub, Inc. v. Amazon.com, Inc.*, No. 6:21-cv-511-ADA, Dkt. 222 at 2 (W.D. Tex. June 13, 2021) (Albright, J.) (granting motion *in limine* concerning inequitable conduct); *VLSI Tech. LLC v. Intel. Corp.*, No. 21-cv-00057-ADA, Dkt. 508 at 2 (W.D.

Tex. Feb. 19, 2021) (Albright, J.) (granting motion *in limine* regarding "[a]lleged inventor misconduct before the PTO"); *MV3 Partners LLC v. Roku, Inc.*, No. 6:18-cv-00308-ADA, Dkt. 332 at 3 (W.D. Tex. Sept. 29, 2020) (Albright, J.) (granting motion *in limine* prohibiting references to issue of inequitable conduct). Indeed, there is no overlap of evidence between issues to be decided by the jury (such as infringement and invalidity), and issues to be decided by the Court (such as materiality or intent for inequitable conduct).

Because the danger of juror confusion and prejudice substantially outweigh any probative value under Rule 403, all references to alleged inequitable conduct should be excluded from the presence of the jury, including any statement, suggestion, argument, or evidence that the prior invalidity orders were withheld from, or should have been disclosed to, the Patent Office in connection with prosecution of the patent-in-suit.

## VI.   MOTION *IN LIMINE* NO. 5: THIS COURT SHOULD EXCLUDE REFERENCES TO VIDEOSHARE AS A NON-PRACTICING ENTITY OR "NPE"

As a preliminary matter, during the meet and confer between the parties, Google agreed to not characterize VideoShare as a "troll" or "patent troll." However, Google stated that it would refrain from using the terms "non-practicing entity" and "NPE" only if VideoShare agreed to not use the term "big tech." The parties were unable to reach agreement as to those terms, and VideoShare will respond to Google's motion *in limine* in due course.

Even if there were any value in characterizing VideoShare as a "non-practicing entity" or "NPE"—there is not—it would be heavily outweighed by the prejudicial effect of such a characterization. FED. R. EVID. 403. Usage of these terms runs the risk of confusing and misleading the jury into viewing VideoShare as a predatory entity which unfairly takes advantage of the patent system. This could lead the jury to resolve this case based on factors other than evidence and the law.

Accordingly, courts routinely exclude the use of these and similar terms. *See MV3 Partners LLC v. Roku, Inc.*, No. 6:18-cv-00308-ADA, Dkt. 332 at 2 (W.D. Tex. Sept. 29, 2020) (Albright, J.) (granting motion *in limine* prohibiting references to plaintiff as "Non-Practicing Entity"); *Finjan, Inc. v. Cisco Systems, Inc.*, No. 17-cv-00072-BLF, Dkt. 660, at 4-5 (N.D. Cal., Mar. 8, 2020) (granting motion *in limine*, holding that defendant may not use the terms "patent troll," "patent assertion entity," "PAE," "non-practicing entity," and "NPE."); *Maxell, Ltd. V. Apple Inc.*, No. 5:19-cv-00036, Dkt. 634, at 6 (E.D. Tex., Feb. 26, 2021) (granting motion *in limine*, holding that defendant may not use terms "non-practicing entity" or "NPE" or refer to plaintiff as "litigious" or being "in the business of filing lawsuits."); *Lone Star Tech. Innovations, LLC v. Asustek Comput. Inc.*, No. 6:19-cv-00059, Dkt. 196, at 8 (E.D. Tex., May 14, 2021) (granting motion *in limine*, holding that defendant may not use terms "non-practicing entity" or "NPE" or refer to plaintiff as "litigious or in the business of filing lawsuits.").[4]

Due to the prejudicial effect Google's characterizations of such pejorative terms may have on the jury, the Court should preclude their use here.

## VII.   MOTION *IN LIMINE* NO. 6: THIS COURT SHOULD EXCLUDE REFERENCES TO ANY PRIOR ART NOT SPECIFICALLY LISTED IN THE PARTIES' JOINT REPORT FILED ON AUGUST 20, 2021 (DKT. 96)

Contrary to this Court's practice and Scheduling Order (Dkt. 92), and the parties' Joint Report (Dkt. 96), Google intends to broaden its asserted prior art references after the deadline for narrowing such prior art materials by presenting unelected and undisclosed prior art to the jury "as relevant to state of the art and ***other issues***."

---

[4] All cited docket entries other than those from this District are attached to the declaration of William Ellerman filed concurrently herewith.

The Court's Order specifically required the parties to **narrow** the number of prior art references by August 13, 2021, and to file a Joint Report regarding same by August 20, 2021, which the parties did. Despite that agreement, Google now plans to introduce numerous prior art references to improperly infer that the patent-in-suit is invalid, to recapture prior art it did not elect for its invalidity defense, or to use it for any number of other **undisclosed purposes**, including ambushing VideoShare with new invalidity arguments during trial. Indeed, after the parties filed their Joint Report (in which Google narrowed its prior art references to six (6), on September 17, 2021, Google served its pretrial disclosure of prior art pursuant to 35 U.S.C. § 282, which lists seventy-two (72) alleged prior art patents, publications, documents, and products. *See* Ex. 2. Further, based on a cursory review of Google's current exhibit list, at least nine (9) documents relate only to POPCast—a prior art system that is not included in the Joint Report. Based on the number of documents for that prior art system alone and the 35 U.S.C. § 282 disclosure, it is hardly conceivable that Google's intended purpose is to simply show the state of the art.

Because this Court has previously precluded this identical topic, the same result should follow here. *See VLSI Tech. LLC v. Intel. Corp.*, No. 21-cv-00057-ADA, Dkt. 508 at 5 (W.D. Tex. Feb. 19, 2021) (granting motion *in limine* prohibiting references to "Non-Elected Prior Art").

## VIII. MOTION *IN LIMINE* NO. 7: THIS COURT SHOULD EXCLUDE REFERENCES TO HOW OR TO WHOM A DAMAGE AWARD TO VIDEOSHARE MAY BE DISTRIBUTED

VideoShare moves the Court for an order *in limine* excluding any *voir dire* question, argument, evidence, testimony (including expert testimony), insinuation, reference, or assertion regarding how or to whom any damage award to VideoShare might be distributed. First of all, no such evidence has been adduced during discovery in this case, so any suggestion by Google as to how an award to VideoShare might be distributed would amount to pure speculation. Gad Liwerant, VideoShare's sole member, will testify at trial as VideoShare's corporate representative, and the jury

will be able to draw any and all appropriate inferences from that testimony regarding his interest in the outcome of this case. But Google should not be permitted to explore how VideoShare may distribute a damage award, including adducing any evidence that VideoShare's counsel may receive a contingent fee.

Any such references are irrelevant to any issue the jury must decide, will likely confuse and mislead the jury, and could only be offered to prejudice the jury against VideoShare and its counsel. This Court has previously granted *in limine* orders on identical topics. *See MV3 Partners LLC v. Roku, Inc.*, No. 6:18-cv-00308-ADA, (W.D. Tex. Sept. 29, 2020) (Albright, J.), Dkt. 332 at 2 (granting motion *in limine* prohibiting topics of "How or to Whom a Damages Award to [Plaintiff] may be Distributed, including its Members' Ownership Interests" and "[Plaintiff's] Attorney Fee Agreements or Payments and/or Non-Payments to its Counsel"). Google cannot articulate any good reason why the same result should not follow here.

## IX.   MOTION *IN LIMINE* NO. 8: THIS COURT SHOULD EXCLUDE ANY TESTIMONY OR ARGUMENTS THAT ARE CONTRARY TO AND UNSUPPORTED BY THE COURT'S CLAIM CONSTRUCTION

As a preliminary matter, during the meet and confer between the parties, Google agreed to this motion *in limine*. *See* Ex. 3 at 2 (September 30, 2021, Bill Trac email confirming same). However, on October 5, 2021, the day motions *in limine* were due, Google reneged on that agreement by attempting to condition it upon restrictions on VideoShare's infringement theory. *Id.* at 1 ("[G]iven the parties' agreement, ***please confirm that VideoShare and Dr. Sarhan will not present testimony regarding the theory that there is infringement based solely on the comparison of second formats***.") (emphasis added). As detailed in VideoShare's Response to Google's Motion for Summary on Non-Infringement (Dkt. 120, the "Response"), VideoShare's theory is entirely consistent with the Court's construction, which requires "determining which of ***first format or second format*** is most compatible with the second server system or the second client" Dkt. 69. In attempting to preclude VideoShare

and its expert from asserting that the comparison is based on formats (which is the ***only*** comparison supported by the Court's claim construction), Google is essentially seeking to exclude VideoShare's infringement case. Despite the Court's clear language and use of "formats" in its construction, it is evident that Google intends to attempt to resurrect its rejected claim construction, which is improperly based on a comparison of files, as discussed in VideoShare's Response (Dkt. 120).[5]

VideoShare moves the Court for an order *in limine* excluding any testimony (including expert testimony) and arguments that are contrary to and unsupported by the Court's construction. Indeed, this Court has previously granted *in limine* orders on this identical topic, and the same result should follow here. *See VLSI Tech. LLC v. Intel. Corp.*, No. 21-cv-00057-ADA, Dkt. 508 at 4 (W.D. Tex. Feb. 19, 2021) (granting motion *in limine* prohibiting "[e]vidence or argument contrary to claim constructions"); *MV3 Partners LLC v. Roku, Inc.*, No. 6:18-cv-00308-ADA, Dkt. 332 at 5 (W.D. Tex. Sept. 29, 2020) (Albright, J.) (granting motion *in limine* prohibiting "Testimony or Arguments Contrary to or Unsupported by the Court's Claim Construction Order").

## X.     CONCLUSION

For the forgoing reasons, VideoShare respectfully requests that the Court grant this Motion.

---

[5] Obviously, after originally agreeing to this topic, Google became worried (as it should be) that granting this motion *in limine* will foreclose its attempt to ignore the Court's construction in favor of its own original, failed proposed construction of the term. *See* Dkt. 120 at 7-8 ("The claim construction that Google proposed to the Court thus read as follows: 'after determining which of the first video file or second video file is most compatible with the second server system or the second client' … Despite the prior adjudication of this issue, Google continues to attempt to inject this rejected construction into its filings.").

Dated: October 5, 2021

Respectfully submitted,

By: */s/ William D. Ellerman*
    Charles L. Ainsworth (Texas 00783521)
    Robert C. Bunt (Texas 00787165)
    PARKER, BUNT & AINSWORTH P.C.
    100 E. Ferguson Suite 418
    Tyler, Texas 75702
    Tel: (903) 531-3535
    charley@pbatyler.com
    rcbunt@pbatyler.com

    Michael W. Shore (Texas 18294915)
    Alfonso G. Chan (Texas 24012408)
    William D. Ellerman (Texas 24007151)
    Ari Rafilson (Texas 24060456)
    Halima Shukri Ndai (Texas 24105486)
    SHORE CHAN LLP
    901 Main Street, Suite 3300
    Dallas, Texas 75202
    Tel: (214) 593-9110
    Fax: (214) 593-9111
    mshore@shorechan.com
    achan@shorechan.com
    wellerman@shorechan.com
    arafilson@shorechan.com
    hndai@shorechan.com

    **COUNSEL FOR PLAINTIFF**
    **VIDEOSHARE, LLC.**

## **CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on October 5, 2021, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

    */s/ William D. Ellerman*
    William D. Ellerman