**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| VIDEOSHARE, LLC, | CIVIL ACTION NO. 6:19-CV-00663-ADA |
| Plaintiff, | |
| v. | |
| GOOGLE LLC and | JURY TRIAL DEMANDED |
| YOUTUBE, LLC, | |
| Defendants. | |

**[PROPOSED] JOINT PRETRIAL ORDER**

## TABLE OF CONTENTS

I.     APPEARANCE OF COUNSEL ..............................................................................3

II.    STATEMENT OF JURISDICTION ......................................................................4

III.   JOINT STATEMENT OF THE CASE ..................................................................5

IV.   CONTENTIONS OF THE PARTIES ...................................................................5

     A.     Plaintiff's Statement of Contentions ...................................................5

     B.     Defendants' Statement of Contentions ................................................6

V.     STIPULATED FACTS ........................................................................................8

VI.    EXHIBIT LIST ...................................................................................................9

VII.   WITNESS LIST ..................................................................................................9

VIII.  DEPOSITION DESIGNATIONS .......................................................................10

IX.    JURY CHARGE ................................................................................................10

X.     VERDICT FORM ..............................................................................................10

XI.    PROPOSED VOIR DIRE QUESTIONS ............................................................10

XII.   MEMORANDA ON DISPUTED ISSUES OF LAW ..........................................10

XIII.  MOTIONS *IN LIMINE* .....................................................................................11

XIV.  LIST OF OTHER PENDING MOTIONS ..........................................................11

XV.   TRIAL DISCLOSURES ....................................................................................12

     A.     Motions ...............................................................................................12

     B.     Juror Research .....................................................................................12

     C.     Exhibits and Demonstratives ..............................................................13

     D.     Witnesses ............................................................................................17

     E.     Deposition Designations .....................................................................17

     F.     Agreed Juror Notebook .......................................................................18

     G.     Confidentiality ....................................................................................19

H.     Order Of Presentation ............................................................................19

XVI.   ESTIMATE OF PROBABLE TRIAL LENGTH ............................................................20

Pursuant to the Joint Notice Regarding Amended Schedule for Pretrial Disclosures (Dkt. 153), and consistent with the Local Rules and this Court's Standing Order on Pre-Trial Procedures and Requirements in Civil Cases, Plaintiff VideoShare, LLC ("Plaintiff" or "VideoShare") and Defendants Google LLC ("Google") and YouTube, LLC ("YouTube", and collectively, "Defendants") submit this Joint Final Pretrial Order in advance of the October 15, 2021 Pretrial Conference and November 8, 2021 jury trial in this case.

## I.     APPEARANCE OF COUNSEL

| Attorneys for Plaintiff | Attorneys for Defendants |
|---|---|
| Charles L. Ainsworth (Texas 00783521)<br>Robert C. Bunt (Texas 00787165)<br>PARKER, BUNT & AINSWORTH P.C.<br>100 E. Ferguson Suite 418<br>Tyler, Texas 75702<br>Tel: (903) 531-3535<br>charley@pbatyler.com<br>rcbunt@pbatyler.com<br><br>Michael W. Shore (Texas 18294915)<br>Alfonso G. Chan (Texas 24012408)<br>William D. Ellerman (Texas 24007151)<br>Ari B. Rafilson (Texas 24060456)<br>Halima Shukri Ndai (Texas 24105486)<br>SHORE CHAN LLP<br>901 Main Street, Suite 3300<br>Dallas, Texas 75202<br>Tel: (214) 593-9110<br>Fax: (214) 593-9111<br>mshore@shorechan.com<br>achan@shorechan.com<br>wellerman@shorechan.com<br>arafilson@shorechan.com<br>hndai@shorechan.com | J. Mark Mann<br>State Bar No. 12926150<br>mark@themannfirm.com<br>G. Blake Thompson<br>State Bar No. 24042033<br>blake@themannfirm.com<br>MANN \| TINDEL \| THOMPSON<br>300 West Main Street<br>Henderson, Texas 75652<br>(903) 657-8540<br>(903) 657-6003 (fax)<br><br>Luann L. Simmons (*Pro Hac Vice*)<br>lsimmons@omm.com<br>David S. Almeling (*Pro Hac Vice*)<br>dalmeling@omm.com<br>Bill Trac (*Pro Hac Vice*)<br>btrac@omm.com<br>Amy K. Liang (*Pro Hac Vice*)<br>aliang@omm.com<br>Sorin Zaharia (*Pro Hac Vice*)<br>szaharia@omm.com<br>Daniel Silverman (*Pro Hac Vice*)<br>dsilverman@omm.com<br>O'MELVENY & MYERS LLP<br>Two Embarcadero Center, 28th Floor<br>San Francisco, CA 94111-3823<br>Tel: 415-984-8700<br>Fax: 415-984-8701 |

Marc J. Pensabene (*Pro Hac Vice*)
mpensabene@omm.com
O'MELVENY & MYERS LLP
Times Square Tower,
7 Times Square
New York, NY 10036
Tel: 212-326-2000
Fax: 212-326-2061

Bradley N. Garcia (*Pro Hac Vice*)
bgarcia@omm.com
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006
Tel: 202-383-5300
Fax: 202-383-5414

Cameron W. Westin (*Pro Hac Vice*)
cwestin@omm.com
O'MELVENY & MYERS LLP
610 Newport Center Dr., 17th Floor
Newport Beach, CA 92660
Tel: 949-823-6900
Fax: 949-823-6994

Stacy P. Yae (*Pro Hac Vice*)
syae@omm.com
O'MELVENY & MYERS LLP
400 S. Hope Street, 18th Floor
Los Angeles, CA 90071
Tel: 213-430-8212
Fax: 213-430-6407

## II.       STATEMENT OF JURISDICTION

This Court has subject matter jurisdiction of the action under Title 28, U.S.C. §§ 1331 and

1338(a), because this action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et*

*seq.* Subject matter jurisdiction, personal jurisdiction, and venue under 28 U.S.C. §§ 1391(b) and

1400(b) are not disputed in this case.

III.   **JOINT STATEMENT OF THE CASE**

This is a civil action for patent infringement in which Plaintiff accuses Defendants of infringing claims 1, 3, 4, 5, 6, and 7 (collectively, the "Asserted Claims") of U.S. Patent No. 10,362,341 ("'341 Patent") by providing, operating, and otherwise using in the U.S. their online video platform YouTube.  Plaintiff contends that Defendants' infringement was willful.  Plaintiff seeks monetary damages in the form of a reasonable royalty, pre- and post-judgment interest, costs, enhanced damages, and an award of its fees under 35 U.S.C. §§ 284 and 285.

Defendants deny that they have infringed any of the Asserted Claims of the '341 Patent, or that any alleged infringement was willful.  Defendants contend that the Asserted Claims are invalid, including for failure to comply with one or more requirements of 35 U.S.C. §§ 101, 103, and 112.  Defendants further contend that the '341 Patent is unenforceable due to inequitable conduct.  Defendants deny that Plaintiff is entitled to any relief whatsoever.  To the extent Plaintiff establishes both infringement and validity, Defendants dispute the amount of damages to which Plaintiff is entitled and that Defendants' alleged infringement was willful.  Defendants contend that this an exceptional case and will seek their reasonable attorneys' fees under 35 U.S.C. § 285.

IV.   **CONTENTIONS OF THE PARTIES**

A.   **Plaintiff's Statement of Contentions**

Plaintiff is the sole and rightful owner of the '341 Patent titled "Systems and Methods for Sharing Video with Advertisement over a Network," with full rights to pursue recovery of royalties or damages for infringement.

Defendants directly and willfully infringed the Asserted Claims of the '341 Patent under 35 U.S.C. § 271 by providing, operating, and otherwise using in the U.S. their online video platform YouTube, which practices methods covered by the Asserted Claims of the '341 Patent, without authorization in violation of 35 U.S.C. § 271.

Plaintiff seeks the following relief:

1. A judgment that Defendants have infringed the '341 Patent;

2. A judgment and order requiring Defendants to pay Plaintiff damages under 35 U.S.C. § 284, together with pre-judgment and post-judgment interest;

3. A judgment and order requiring Defendants to pay Plaintiff the costs of this action;

4. A judgment and order awarding enhanced damages to Plaintiff, including treble damages for willful infringement, under 35 U.S.C. § 284;

5. A judgment and order declaring this case to be exceptional based on Defendants' infringement and/or litigation conduct; and

6. A judgment and order awarding attorneys' fees to Plaintiff under 35 U.S.C. § 285.

Plaintiff contends that the '341 Patent is valid, eligible, and enforceable and that its claims are not barred or otherwise limited as a result of any of the affirmative defenses raised by Defendants.

Plaintiff no longer asserts that Defendants indirectly infringe the '341 Patent.

**B.    Defendants' Statement of Contentions**

By providing these contentions, Defendants do not concede that all of these issues are appropriate for trial.  In particular, Defendants do not waive any of their motions *in limine*, motions for summary judgment, motions to strike, or *Daubert* motions, which, if granted, would render some or all of these issues moot.  Defendants' contentions in this case are detailed in part in Defendants' pending motions (see Section XIV below), Defendants' invalidity contentions, and Defendants' expert reports, which are all incorporated by reference herein.  In sum, Defendants contend the following:

Plaintiff does not own the '341 Patent, and Plaintiff lacks standing to bring this lawsuit.

Defendants do not infringe any of the Asserted Claims of the '341 Patent.

Defendants have moved to strike Plaintiff's assertion of infringement under the doctrine of equivalents, and Defendants incorporate that motion by reference herein.

The Asserted Claims of the '341 Patent are entitled to a priority date no earlier than the filing date of the '341 Patent, January 23, 2019, and are not entitled to claim priority to August 3, 1999, the filing date of provisional application No. 60/147,029.

The Asserted Claims of the '341 Patent are directed to patent-ineligible subject matter under 35 U.S.C. § 101 and are therefore invalid.[1]

The Asserted Claims of the '341 Patent are obvious under 35 U.S.C. § 103 and are therefore invalid.

The claims of the '341 Patent are invalid for lack of enablement and written description under 35 U.S.C. § 112.

The '341 Patent is unenforceable due to inequitable conduct.

VideoShare is not entitled to damages on its claims of infringement.  To the extent damages are to be awarded, VideoShare's calculation of a reasonable royalty relies on an improper methodology and improper evidence, and VideoShare has failed to provide a suitable basis on which damages may be properly calculated.  Defendants have not willfully infringed the '341 Patent or any of its Asserted Claims, and VideoShare is not entitled to enhanced damages under 35 U.S.C. § 284.

VideoShare is not entitled to pre-judgment or post-judgment interest or costs.

VideoShare is not entitled to an award of its attorneys' fees.

---

[1] Defendants contend that the asserted claims lack patent eligible subject matter and are therefore invalid under 35 U.S.C. § 101.  Defendants further contend that patent eligibility is a question of law, there are no disputed issues of fact relevant to the patent eligibility of the asserted claims, and any such factual issues would be for the Court, not the jury, to resolve.

Defendants have engaged in all relevant activities in good faith, thereby precluding VideoShare, even if it prevails, from recovering its reasonable attorneys' fees or costs under 35 U.S.C. § 285.

This is an exceptional case entitling Defendants to attorneys' fees, costs, and interest.

## V.     STIPULATED FACTS

1.      VideoShare is a Texas limited liability company with a principal place of business at 605 Austin Avenue, Suite 103, Waco, Texas 76701.

2.      Google is a Delaware limited liability company with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, California 94043.

3.      YouTube is wholly owned by Google and is a Delaware limited liability company with its principal place of business at 901 Cherry Ave, San Bruno, California 94066.

4.      U.S. Patent Application No. 16/254,700 ("'700 Application"), from which the '341 Patent issued, was filed in the United States Patent and Trademark Office (USPTO) on January 23, 2019.

5.      U.S. Provisional Patent Application No. 60/147,029 was filed with the USPTO on August 3, 1999.

6.      The '341 Patent, titled "Systems and Methods for Sharing Video with Advertisements Over a Network," was issued by the USPTO on July 23, 2019.

7.      Gad Liwerant, Christopher Dodge, and Guillaume Boissiere are named as the inventors of the '341 Patent.

8.      Plaintiff filed its original complaint for patent infringement in this action on November 15, 2019.

9.      The '341 Patent expired on February 3, 2020.[2]

10.     Defendants filed their original answer on June 11, 2020.

11.     The following claim constructions apply to this case, either based on the parties'

agreement or the Court's claim construction order.

| Claim Term | Construction |
|---|---|
| "second server system" | "other servers used for video delivery" |
| "first client" | "sharing device or user" |
| "second client" | "viewing device or user" |
| "the identified video content" | Plain and ordinary meaning where plain and ordinary meaning means that the "identified video content" must have a corresponding identifier |
| "depending on a compatibility of the second server system or a compatibility of the second client with the first format or the second format" | "after determining which of the first format or second format is most compatible with the second server system or the second client" |

## VI.    EXHIBIT LIST

Plaintiff's Exhibit List is attached as **Exhibit 1.1**.

Defendants' Exhibit List is attached as **Exhibit 1.2**.

## VII.   WITNESS LIST

Plaintiff's Witness List is attached as **Exhibit 2.1**.

Defendants' Witness List is attached as **Exhibit 2.2**.

Plaintiff's Objections to Defendants' Witness List is attached as **Exhibit 2.3**.

---

[2] As asserted in Defendants' Rule 12(c) Motion Based On Terminal Disclaimer, Defendants filed a motion asserting that VideoShare disclaimed the entire term of the '341 Patent, which the Court denied.  *See* Dkts. 74, 150.  Defendants maintain the assertions stated in their Rule 12(c) motion and do not waive them for purposes of appeal.

Any witness not listed in Exhibits 2.1 or 2.2 will be precluded from testifying, absent good cause shown. However, the parties reserve the right to call any rebuttal witnesses (who are not presently identifiable) as may be necessary, on reasonable notice to the opposing party.

## VIII.   DEPOSITION DESIGNATIONS

Plaintiff's Deposition Designations and Defendants' Counter-Designations are attached as **Exhibit 3.1**.

Defendants' Deposition Designations and Plaintiff's Counter-Designations are attached as **Exhibit 3.2**.

Any deposition testimony may be used at trial for purposes of impeachment regardless of whether a party identified that testimony on its list of deposition designations if the testimony is otherwise competent for such purposes.

## IX.   JURY CHARGE

The parties' Requested Proposed Jury Charge is attached as **Exhibit 4.1**.

The parties' Charge and Interrogatories Proposed Jury Charge is attached as **Exhibit 4.2**.

## X.   VERDICT FORM

Plaintiff's proposed verdict form is attached as **Exhibit 5.1**.

Defendants' proposed verdict form is attached as **Exhibit 5.2**.

## XI.   PROPOSED VOIR DIRE QUESTIONS

The parties' agreed Proposed Voir Dire Questions are attached as **Exhibit 6**.

## XII.   MEMORANDA ON DISPUTED ISSUES OF LAW

The parties have disputed issues of law and/or fact regarding infringement, invalidity, willfulness, and the exceptional nature of this case; however, the parties agree that these are not unique issues of law and fact that require memoranda to the Court at this time, other than the papers already before the Court.

## XIII.   MOTIONS *IN LIMINE*

Plaintiff's Motions *in Limine* are attached as **Exhibit 7.1**.

Google's Motions *in Limine* are attached as **Exhibit 7.2**.

The parties' agreed Motions *in Limine* are attached as **Exhibit 7.3**.

## XIV.   LIST OF OTHER PENDING MOTIONS

**Plaintiff's Pending Motions:**

1.      Motion for Partial Summary Judgment on Infringement and Validity, filed on August 25, 2021 (Dkts. 104, 118, and 130).

2.      Motion for Summary Judgment of No Inequitable Conduct, filed on September 1, 2021 (Dkts. 114, 135, and 140).

3.      Motion to Exclude Certain Testimony of Defendants' Expert Dr. Dan Schonfeld, filed on August 25, 2021 (Dkts. 102, 119, and 129).

**Defendants' Pending Motions:**

1.      Motion for Summary Judgment of No Infringement, filed on August 25, 2021 (Dkts. 99, 120, and 136).

2.      Motion for Summary Judgment of Invalidity for Lack of Patentable Subject Matter Under 35 U.S.C. § 101, filed on August 25, 2021 (Dkts. 103, 121, and 133).

3.      Motion to Exclude Damages Opinions of Mr. Stephen Holzen Under Daubert and Federal Rule of Evidence 702, filed on August 25, 2021 (Dkts. 98, 117, and 137).

4.      Motion to Exclude Opinions of Gregory J. Gonsalves, Ph.D., J.D. Under Daubert and Federal Rule of Evidence 702, filed on August 25, 2021 (Dkts. 101, 116, and 138).

5.      Motion to Strike Plaintiff's Doctrine of Equivalents Theory, filed on September 15, 2021 (Dkts. 134, 151, and 158).

6.      Motion to Exclude Plaintiff's Untimely Deposition Transcripts and Designations, filed on October 1, 2021 (Dkt. 152).

## XV.    TRIAL DISCLOSURES

The parties agree to the following procedures which will govern the disclosure of witnesses, exhibits, deposition testimony and demonstratives to use at trial and the process to identify any objections remaining between the parties with regard to these disclosures:

### A.      Motions

All motions for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(a) may be brought to the Court orally or in writing.  Unless the Court sets alternative deadlines, all oppositions to motions filed pursuant to Fed. R. Civ. P. 50(b) must be filed within 28 days of the filing of the Motion.  All replies in support of the motions must be filed within 21 days of service of any oppositions.  The parties reserve their right to seek reasonable extensions of these deadlines, subject to the Court's approval.

### B.      Juror Research

The parties agree that before and during the trial, the parties to this case, and their respective employees, attorneys, and agents, including jury consultants shall not access nonpublic user data or other information maintained by an online content provider or electronic social media platform regarding any juror or potential juror.  For clarity, this includes nonpublic user data and information maintained by Google and/or YouTube, including but not limited to user activity, search and browsing history, YouTube watch history, e-mail messages and chat conversations, calendar appointments, device information and usage, location history, phone and smart speaker audio recordings, documents stored on a cloud storage platform, tracking cookies, purchase histories, etc.  This nonpublic user information further includes profiles, summaries, and/or compilations of data about any users based wholly or partially on other nonpublic user information.

Nothing in this paragraph shall prevent the parties from accessing information about jurors and potential jurors that is available to members of the general public without any access restrictions, including information on social media accounts.

### C.     Exhibits and Demonstratives

Plaintiff's trial exhibits are identified with the prefix "PX," starting with PX-1 and Defendants' trial exhibits are identified with the prefix "DX," starting with DX-1. Joint trial exhibits are identified with the prefix "JX," starting with JX-1.

The Exhibit Lists set forth the parties' exhibits for their respective cases-in-chief.  The maximum universe of exhibits to be used in any party's case-in-chief and all objections to the admission of such exhibits shall be identified in each party's exhibit list to be submitted to the Court, neither of which shall be supplemented without approval of all parties or leave of the Court, on good cause shown.  Exhibits not listed will not be admitted unless good cause is shown. However, exhibits to be used or offered into evidence solely for impeachment need not be included on the list of trial exhibits or disclosed in advance of being used or offered at trial.

No exhibit will be admitted unless offered into evidence through a witness, who must at least be shown the exhibit.  Exhibits with noted objections may not be published, displayed, or otherwise shown to the jury until after they have been admitted into evidence.

The parties agree that any description of a document on an exhibit list is provided for convenience only and shall not be used as an admission or otherwise as evidence regarding the listed document or any other listed document.

The parties may use each other's exhibits listed on the parties' respective exhibit lists attached hereto to the same effect as though it were on its own exhibit list, subject to all evidentiary objections.  Any exhibit, once admitted at trial, may be used by either party with any witness, including an expert witness, for any proper purpose in accordance with the Federal Rules of

Evidence.  However, the listing of a document on a party's exhibit list is not an admission that such document is relevant or admissible when offered by the opposing party for what the listing party contends is an improper purpose.  This agreement does not waive any party's objection to the admissibility of that exhibit.

No party will remove a document from its exhibit list without agreement from the other party, unless it provides the other party the opportunity to add the document to its exhibit list.

Subject to all foundational requirements and other objections that might be made to the admissibility of the original, a legible copy of any exhibit may be offered into evidence in lieu of the original.  Legible photocopies of United States patent applications, patents, and file histories, including the asserted patent and its file history, may be offered and received in evidence in lieu of certified copies thereof, subject to all other objections which might be made to the admissibility of certified copies.  The parties may use electronic versions of exhibits.  A party may replace poor print or digital quality copies of exhibits with improved or higher resolution print or digital quality copies.

The parties agree that any exhibit listed on a party's own exhibit list as to which no objection remains pending at the time of opening statements may be shown to the jury by that party during opening statements if the exhibit will be the subject of testimony and explained to the jury by a witness at trial.

The parties stipulate to the authenticity and business-record status of each document listed in the Exhibit Lists that on its face appears to have been generated by:

> 1.     Plaintiff, AllCam Communications Inc. and VideoShare, Inc. (including documents generated by their employees and agents during the course of their

employment or agency) and produced in this case by Plaintiff, Christopher Dodge, and Guillaume Boissiere, and

2.       Google and YouTube (including documents generated by their employees and agents during the course of their employment or agency) and produced in this case by Defendants

subject to the caveat that a party may object to the admissibility of any specific statement in a document to the extent it can show that such statement does not fall within Fed. R. Evid. 803(6) or should otherwise not be admitted (*e.g.,* pursuant to Fed. R. Evid. 402 or 403 or other rules).

Plaintiff stipulates to the authenticity of DX-291, the Declaration of Rick Lyon on Behalf of Dovel & Luner, dated June 30, 2021, and does not object to this Declaration on hearsay grounds.

None of the foregoing stipulations shall serve as a waiver of any other objections a party may have to any trial exhibits or abrogate the requirement that the party offering an exhibit into evidence satisfy any other rules governing the admissibility of evidence set forth in the Federal Rules of Evidence, the Federal Rules of Civil Procedure, this Court's Local Rules, the Court's practices, or any other applicable rule or regulation.  The parties agree to meet and confer in good faith to resolve objections to trial exhibits prior to their introduction at trial.

The parties agree that the demonstratives that the parties intend to use at trial do not need to be included on their respective exhibit lists that are part of this Joint Final Pretrial Order. Plaintiff's demonstratives will be identified with the prefix "PD," starting with PD-1. Defendants' demonstratives will be identified with the prefix "DD," starting with DD-1.

The parties further agree that, unless otherwise ordered by the Court, demonstrative exhibits will not be admitted as evidence and will not be made available to the jury during deliberations.

Plaintiff's Proposal: The parties will exchange demonstratives to be used on direct examinations (whether live or by deposition), opening statements, and closing arguments by 7:00 p.m. the night before the session in which they will be used.  Any objections to such demonstratives will be served by 9:00 p.m.  The parties will attempt to resolve objections through a meet and confer to begin on or before 10:00 p.m. on the day the objections are served.  If good-faith efforts to resolve objections to demonstratives fail, the objecting party shall bring its objections to the Court's attention no later than the morning of the day the demonstratives will be used, before trial begins or resumes.

Defendants' Proposal: The parties will provide the other side with notice of specific identification of exhibits and exchange demonstratives to be used on direct examination for each individual witness (whether live or by deposition), opening statements, and closing arguments by 7:00 p.m. the night before the session in which they will be used.  Any objections to such exhibits and demonstratives will be served by 9:00 p.m.  The parties will attempt to resolve objections through a meet and confer to begin on or before 10:00 p.m. on the day the objections are served. If good-faith efforts to resolve objections to the exhibits and demonstratives fail, the objecting party shall bring its objections to the Court's attention no later than the morning of the day the exhibits and demonstratives will be used, before trial begins or resumes.

Demonstratives exchanged will not be used by an opposing party prior to being used by the disclosing party.  Any demonstrative that has been disclosed and shown to the jury may be used again without requiring further disclosure.

This provision does not apply to demonstrative exhibits created during testimony and demonstrative exhibits to be used for cross examination, adverse direct examination, or redirect examination, which need not be provided to the other side in advance of their use.  In addition,

enlargements, highlighting, ballooning, or other annotations of exhibits or parts of exhibits or trial testimony are not required to be provided to the other side in advance of their use.

For closing arguments, the parties agree that a party need not provide advance notice regarding its intent to use demonstratives previously used during the course of trial or enlargements, highlighting, ballooning, or other annotations of admitted trial exhibits or trial testimony.

### D.    Witnesses

No later than 7:00 p.m. the day before a party presents its case-in-chief, that party shall provide a good faith list of all witnesses it expects to call live or by deposition during the trial in the order in which it expects to call them.  During trial, unless otherwise agreed to by the parties, each party shall provide notice by email no later than 7:00 p.m. of all witnesses intended to be presented live or by deposition during direct examination the next day at trial.  Such notice shall indicate the intended order of call of live and deposition witnesses for the following day.  All disclosures identified pursuant to this procedure are final unless unexpected circumstances necessitate a change in the order of witness and/or the dropping of a witness.

### E.    Deposition Designations

Each party shall provide notice by email no later than 7:00 p.m. each day of all witnesses intended to be presented by deposition two (2) days later at trial, designating the specific pages and lines of transcript, along with estimated run-times for video, from the witness's deposition that it proposes to read or play during trial.  For example, if a witness will testify by deposition on a Wednesday, the witness must be identified by 7:00 p.m. on the previous Monday.  The receiving party shall provide objections and identify, in page and line format along with estimated run-times for video, counter-designations to such witnesses by 7:00 p.m. the following day.  The offering party shall then identify any objections it intends to assert to the counter designations by 9:00 p.m.

the day before the designations will be offered.  The parties shall then meet and confer by 10:00 p.m. that evening regarding all objections.  To the extent deposition objections are not resolved at the Pretrial Conference or subsequent meet and confer, the objecting party will raise the objections with the Court no later than the morning of the day the witness is to be called, before trial begins, or resumes.  The time available for each side's trial presentation shall be reduced by the length of its designations or counter-designations actually played or read at trial.  If played, such time shall be measured by the amount of time of each party's designation.  If read, such time shall be measured by the lines of testimony each party designates as a percentage of the total number of lines read.  If deposition testimony is to be played, the party that seeks to play the deposition testimony must also provide the opposing party, by 9:00 p.m. one day before the deposition testimony is to be played, a workable copy of the actual recording to be played (or testimony to be read), including all designations and counter-designations.  Affirmative and counter-designations will be played in chronological order.  No objections, preambles, or exchanges between counsel will be played or read as a part of deposition testimony.  The parties shall cooperate in good faith to prepare the designated portions of the depositions for presentation at trial.

Plaintiff's Proposal: If any designated portions of deposition testimony to be presented at trial have been amended or corrected via errata, the party presenting the deposition testimony must present the corresponding portions of the errata immediately after presenting such testimony.

Defendants' Proposal: If any designated portions of deposition testimony to be presented at trial have been amended or corrected via errata, the party offering the errata must present the corresponding portions of the errata immediately after such deposition testimony is presented.

**F.    Agreed Juror Notebook.**

Twelve (12) copies of an agreed juror notebook containing (1) the asserted patent, (2) a listing of each asserted claim and the Court's or parties' agreed claim constructions relevant

thereto, dependent claims to be shown with the relevant limitations of the base claims incorporated, and (3) a single page for each witness expected to be called at trial that includes a color photograph of that witness, provided by the party who will be offering the witness, and space for the juror to take notes will be delivered to the Court by the day before jury selection at noon.

### G.      Confidentiality

The provisions of the Protective Order (Dkt. 47) shall govern the use at trial of information designated confidential, except as modified herein.  The Parties will not oppose any reasonable request by the Producing Party that the courtroom be sealed, if allowed by the Court, during the presentation of any testimony, evidence, or argument relating to or involving the use of any Protected Material, nor will they oppose a reasonable motion to seal or redact transcripts containing Protected Material.  The restrictions of the Protective Order notwithstanding, the parties' corporate representatives, in-house counsel, experts, and members of the parties' trial teams may remain in the courtroom when and to the extent the courtroom is sealed.

### H.      Order Of Presentation

The order of presentations at trial shall be as described in this subsection.

1.      **Opening Statements**:  The trial presentations shall begin with opening statements by each party.  Plaintiff shall present its opening statements first, followed by Defendants' opening statements.

2.      **Evidence**:  After opening statements, the parties shall present their evidence. Plaintiff shall go first on the issues of infringement and damages.  Defendants shall next present their case on non-infringement, invalidity, and damages.  Plaintiff may then present its rebuttal case.

3.      **Closing Arguments**:  After Plaintiff presents its rebuttal case, the parties shall conclude with closing arguments.  Plaintiff shall present its closing argument on all issues.  Next, Defendants will present its closing argument on all issues.

4.      **Notice of Intent to Rest**:  A party will provide to the Court and the other party a good-faith notice that it expects to rest by 5:00 p.m. or before leaving court, whichever is later, the day before that party expects to rest and a good-faith estimate of how much additional trial time the party expects to use before resting.

## XVI.   ESTIMATE OF PROBABLE TRIAL LENGTH

Plaintiff's proposal: The probable length of trial is five (5) days, with each side to be allotted twenty (20) hours, exclusive of jury selection, opening statements, and closing arguments.[3]

Defendants' Proposal: The probable length of trial is five (5) days, with each side to be allotted fourteen (14) hours, exclusive of jury selection, opening statements, and closing arguments.  This time is inclusive of a bench trial of any issues to be brought to the Court instead of a jury.

The parties propose a voir dire length of 45 minutes each, opening statements of 40 minutes each, and closing arguments of 45 minutes each.

---

[3] In the event Defendants' inequitable conduct claim is not decided on summary judgment, the probable length of a bench hearing on the issue of is 4 hours.

Dated: October 12, 2021

Respectfully submitted,

/s/ *William D. Ellerman*
Charles L. Ainsworth (Texas 00783521)
Robert C. Bunt (Texas 00787165)
PARKER, BUNT & AINSWORTH P.C.
100 E. Ferguson Suite 418
Tyler, Texas 75702
Tel: (903) 531-3535
charley@pbatyler.com
rcbunt@pbatyler.com

Michael W. Shore (Texas 18294915)
Alfonso G. Chan (Texas 24012408)
William D. Ellerman (Texas 24007151)
Ari B. Rafilson (Texas 24060456)
Halima Shukri Ndai (Texas 24105486)
SHORE CHAN LLP
901 Main Street, Suite 3300
Dallas, Texas 75202
Tel: (214) 593-9110
Fax: (214) 593-9111
mshore@shorechan.com
achan@shorechan.com
wellerman@shorechan.com
arafilson@shorechan.com
hndai@shorechan.com

**Attorneys for Plaintiff VideoShare, LLC**

/s/ *J. Mark Mann*
J. Mark Mann
State Bar No. 12926150
mark@themannfirm.com
G. Blake Thompson
State Bar No. 24042033
blake@themannfirm.com
MANN | TINDEL | THOMPSON
300 West Main Street
Henderson, Texas 75652
(903) 657-8540
(903) 657-6003 (fax)

Luann L. Simmons (*Pro Hac Vice*)
lsimmons@omm.com
David S. Almeling (*Pro Hac Vice*)
dalmeling@omm.com
Bill Trac (*Pro Hac Vice*)
btrac@omm.com
Amy K. Liang (*Pro Hac Vice*)
aliang@omm.com
Sorin Zaharia (*Pro Hac Vice*)
szaharia@omm.com
Daniel Silverman (*Pro Hac Vice*)
dsilverman@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center
28th Floor
San Francisco, CA 94111-3823
Tel: 415-984-8700
Fax: 415-984-8701

Marc J. Pensabene (*Pro Hac Vice*)
mpensabene@omm.com
O'MELVENY & MYERS LLP
Times Square Tower,
7 Times Square
New York, NY 10036
Tel: 212-326-2000
Fax: 212-326-2061

Bradley N. Garcia (*Pro Hac Vice*)
bgarcia@omm.com
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006
Tel: 202-383-5300
Fax: 202-383-5414

Cameron W. Westin (*Pro Hac Vice*)
cwestin@omm.com
O'MELVENY & MYERS LLP
610 Newport Center Dr., 17th Floor
Newport Beach, CA 92660
Tel: 949-823-6900
Fax: 949-823-6994

Stacy P. Yae (*Pro Hac Vice*)
syae@omm.com
O'MELVENY & MYERS LLP
400 S. Hope Street, 18th Floor
Los Angeles, CA 90071
Tel: 213-430-8212
Fax: 213-430-6407

**Attorneys for Defendants Google LLC and YouTube, LLC**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing via the Court's CM/ECF system per Local Rule CV-5(b)(1) on October 12, 2021.

/s/ *William D. Ellerman*
William D. Ellerman