IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **VIDEOSHARE, LLC,**<br>*Plaintiff*<br><br>-v-<br><br>**GOOGLE LLC AND YOUTUBE LLC.,**<br>*Defendants* | 6:19-CV-00663-ADA  |

# ORDER AND MEMORANDUM OPINION REGARDING DEFENDANTS' RULE 50(b) MOTION RENEWED FOR JUDGMENT AS A MATTER OF LAW AND ALTERNATIVEMOTION FOR REMITTITUR OR <u>A NEW TRIAL UNDER RULES 50(b) AND 59</u>

Before the Court is Defendants Google LLC and YouTube LLC's ("Defendants") Rule 50(b) Renewed Motion for Judgment as a Matter of Law and Alternative Motion for Remittitur or a New Trial Under Rules 50(b) and 59 (ECF No. 259), Plaintiff VideoShare's Response (ECF No. 262), and Defendants' Reply (ECF No. 269). The Court **GRANTS-IN-PART** and **DENIES-IN-PART** Defendants' motion for the reasons described herein.

**I.     BACKGROUND**

VideoShare alleged infringement of U.S. Patent No. 10,362,341 (the "'341 Patent"). *See, e.g.*, ECF No. 1. The '341 Patent, which is entitled "Systems and methods for sharing video with advertisements over a network," generally relates to the distribution of video segments and generally to sharing a video in streaming video format over a network. '341 Patent at 1:24–26. The patent describes that one limitation of the prior art was that the entire video file needed to be transmitted and received before the video file could be viewed on the receiving device. *Id.* at 1:33–35. For larger files, the time to transmit and receive the video file may be longer than the runtime of the video file. *Id.* at 1:35–37. To solve this problem, the patent describes that the claimed

1

invention shares video segments—as compared to the entire video file—over a network, such as a internet. *Id.* at 1:58–61.

Claim 1 recites:

1. A method for sharing video over a structured hierarchical network comprising:
   [a] a first server system receiving a first video file in a first format from a first client via the structured hierarchical network;
   [b] the first server system creating a second video file in a second format by converting at least a portion of the first video file from the first format to the second format, independent from receiving a command from the first client to perform such conversion;
   [c] the first server system storing the first video file and the second video file;
   [d] the first server system generating an identifier for video content corresponding to the first video file and the second video file;
   [e] the first server system receiving a request to stream the identified video content to a second server system or a second client via the structured hierarchical network;
   [f] the first server system sending the stored first video file or the stored second video file corresponding to the identified video content to the second server system or the second client via the structured hierarchical network depending on a compatibility of the second server system or a compatibility of the second client with the first format or the second format; and
   [g] the first server system sending an advertisement for display with the identified video content sent in the stored first video file or the stored second video file.

'341 Patent, Claim 1 (annotations added). The Court construed "depending on a compatibility of the second server system or a compatibility of the second client with the first format or the second format" in Limitation [f] to mean "after determining which of the first format or second format is most compatible with the second server system or the second client." ECF No. 69 at 2. In other words, Limitation [f], under the Court's construction, requires that the server send the stored first video file if it determines that the first format is most compatible with the second server system or the second client or that the server send the stored second video file if it determines that the second format is compatible. Defendants' Renewed JMOLs of noninfringement focus on Limitation [f].

2

Under VideoShare's infringement theory, the "first format" is the format of the originally uploaded video file. *See, e.g.*, ECF No. 262 at 4 ("When a video is uploaded in that format, a transcoded video is created in the same format. That means that the first format is offered as an option to the client.") (internal citations omitted), 4 ("The only scenario in which the first format would not appear as one of the second formats is when the video is uploaded in a format so uncommonly used that YouTube does not even offer it as a viewing option."). The "second format" is the format of the transcoded version of the originally uploaded video file. *Id*. at 3 ("The open-ended 'comprising' transition indicates that the claims permit the creation of multiple second video files, each in a different second format. That is precisely what YouTube does when it creates transcodes from the originally uploaded video file.") (internal citations omitted), 4 ("The only scenario in which the first format would not appear as one of the second formats is when the video is uploaded in a format so uncommonly used that YouTube does not even offer it as a viewing option."). YouTube, the accused product, uses six different current format families. *Id.* These formats "likely cover most, if not all, of the upload formats[.]" *Id*.

Under VideoShare's infringement theory, the "first video file" is the video file that was originally uploaded to the server and is in the "first format." ECF No. 269 at 1 (citing Tr. 274:13–275:13, 352:11–14). The "stored second video file" is the video file that was transcoded from the "first video file." ECF No. 262 at 3 (citing Tr. 328:17–329:7).

VideoShare's infringement theory with respect to "depending on a compatibility of the second server system or a compatibility of the second client with the first format or the second format," is that "determination encompasses two steps: ███████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

███████████████     More specifically, with respect to the first step, VideoShare argues that when the first format appears as one of the second formats, █████████████████████████ ██████. *Id.* at 4. On the other hand, when the first format does not correspond to one of the second formats, ████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████

████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████

The jury determined that Defendants directly infringed independent claim 1 and dependent claims 3, 4, 5, 6 and 7. ECF No. 217 at 2. The jury further determined that Defendants failed to prove by clear and convincing evidence that these claims were well-understood, routine, and conventional as of the '341 Patent's priority date. *Id.* at 3.

---

[1] VideoShare argues that "[t]he open-ended 'comprising' transition indicates that the claims permit the creation of multiple second video files, each in a different second format." *Id.* (citing Tr. 400:1–17, 435:2–436:13; *KCJ Corp. v. Kinetic Concepts, Inc.*, 223 F.3d 1351, 1355–57 (Fed. Cir. 2000)).

4

## II. LEGAL STANDARD

"Judgment as a matter of law is proper when 'a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue.'" *Abraham v. Alpha Chi Omega*, 708 F.3d 614, 620 (5th Cir. 2013) (quoting Fed. R. Civ. P. 50(a)). The non-moving party must identify "substantial evidence" to support its positions. *TGIP, Inc. v. AT&T Corp.*, 527 F. Supp. 2d 561, 569 (E.D. Tex. 2007). "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Eli Lilly & Co. v. Aradigm Corp.*, 376 F.3d 1352, 1363 (Fed. Cir. 2004). "The Fifth Circuit views all evidence in a light most favorable to the verdict and will reverse a jury's verdict only if the evidence points so overwhelmingly in favor of one party that reasonable jurors could not arrive at any contrary conclusion." *Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.*, 880 F.3d 1356, 1361 (Fed. Cir. 2018) (citing *Bagby Elevator Co. v. Schindler Elevator Corp.*, 609 F.3d 768, 773 (5th Cir. 2010)). A court must "resolve all conflicting evidence in favor of [the verdict] and refrain from weighing the evidence or making credibility determinations." *Gomez v. St. Jude Med. Daig Div. Inc.*, 442 F.3d 919, 937–38 (5th Cir. 2006).

## III. LEGAL ANALYSIS

### A. Defendants' Non-Infringement Argument No. 1: YouTube Does Not Send the "First Video File" Even if the "First Format" is determined to be "Most Compatible"

Defendants first argue that it is "undisputed that YouTube *never* sends the 'first video file.'" ECF No. 259 at 2 (citing Tr. 407:8–12) (emphasis in Defendants' brief). More specifically, Defendants contend that "VideoShare's theory at trial was that the 'first video file' need not be sent if the 'first format' is determined to be 'most compatible.'" *Id.* But Defendants contend that that theory is contrary to the claim language and the Court's construction. *Id.* With respect to the

5

claim language, Defendants argue that the claim language requires "sending the stored first video file or the stored second video file … ***depending on*** … a compatibility of the second client with the first format or the second format." *Id.* (emphasis and ellipses in Defendants' brief). With respect to the latter, Defendants' contend that the Court's construction "retains that requirement and provides further clarification: the 'sending' step occurs 'after determining ***which of the first format or second format*** is most compatible….'" *Id.* (citing ECF No. 69 at 2) (emphasis in Defendants' brief). Defendants contend that "[i]f the choice of which file to send is independent of which format is 'most compatible,' as VideoShare has suggested, there is no determination." *Id.* Defendants further contend that sending a video file that is independent of the most compatible format is contrary to the purpose of the invention, which is to determine the most compatible format and send a corresponding file in that format. *Id.* at 2–3 (citing '341 Patent at Figs. 6D, 6E, 21:29–37, 21:48–56).

In its response, VideoShare contends that the claim language does not "require sending the first video file whenever the first format is determined to be the most compatible[,]" rather, the claim language "only requires sending a file that is in the most compatible format." ECF No. 262 at 5 (citing Tr. 300:6–22; Tr. 442:23–443:1). VideoShare argues that "the claims would [also] be met by a system that did send the first video file when the first format is determined to be the most compatible." *Id.*

But VideoShare also argues that "a file in the most compatible format—a format that is both a first format and a second format—is sent, meeting the claim limitation." *Id.* More specifically, VideoShare argues that:

███████████████████████████████████
███████████████████████████████████
███████████████████████████████████

6



*Id.* (internal citations omitted). VideoShare argues that this "makes sense: when there are two video files in the same compatible format, the claims do not require both to be sent." *Id.*

In its reply, Defendants contend that the claim language and the Court's construction "require that the 'first video file' be sent if the 'first format' is 'most compatible.'" ECF No. 269 at 1. Defendants contend that even VideoShare agrees that the first video file—which is the video file that was originally uploaded to the server—is never sent to the client. *Id.* at 1, 3 (citing Tr. 352:11–14, 407:8–12, 432:8–10; Ex. D (trial demonstrative); Tr. 932:22–936:18, 977:1–984:1).

Defendants argue that "[u]nable to dispute the facts, VideoShare instead simply ignores the claims' express requirement that the first video file itself be sent if it is the most compatible." *Id.* at 2. Defendants argue that VideoShare, instead, contends that "[t]he claim language does not … require sending the first video file whenever the first format is determined to be the most compatible," but rather that "the claim language only requires sending *a file* that is in the most compatible format." *Id.* (citing ECF No. 262 at 5) (emphasis in Defendants' brief). Defendants argue that VideoShare's interpretation rewrites the claim as follows:

| '341 Patent Claim Language: | VideoShare's Rewritten Claim Language: |
|---|---|
| the first server system sending the stored *first video file or the stored second video file* … *depending on* … a compatibility of the second client with the first format or the second format; | the first server system sending ~~the stored first video file or the stored second~~ a video file … depending on … a compatibility of the second client with the first format or the second format; |

*Id.* But Defendants contend that VideoShare previously argued, in the context of a § 101 motion, that the '341 Patent sends the "stored *first or second video file* after determining which of the first format or the second format is most compatible with second server system or the second client[]." *Id.* (citing ECF No. 121 at 12) (emphasis and alterations in Defendants' brief). Defendants contend

7

that VideoShare also previously "repeatedly emphasized that the determination step was the key distinction between the '341 patent and the invalidated '302 patent and specifically argued it was 'tied to the sending limitation,' i.e., 'sending the stored first video file or the stored second video file.'" *Id.* (citing *Id.*, ECF No. 121 at 10–13, 15).

Defendants contend that VideoShare's argument that because "a second file may be in the same format as the first file[,]" "the system will send *a file* in the most compatible format (i.e., a second file) if the first format is determined to be most compatible," fails for two independent reasons. *Id.* (citing ECF No. 262 at 5) (emphasis original). Defendants first contend that VideoShare's argument "incorrectly reads the '*first* format' as referring to the format of a '*second* video file.'" *Id.* at 3 (emphases original). Defendants next contend that:

> VideoShare's argument that the claims are satisfied by always sending one of multiple "second video files" ignores the claims' "depending" limitation. The claims require "sending the … *first video file or* the … second video file … *depending on*" which format is most compatible; if the "first format" is most compatible, the "first video file" is sent.

*Id.* (emphases original).

After reviewing the applicable law and the parties' arguments, the Court concludes that Defendants do not infringe independent Claim 1—and by extension dependent claims 3, 4, 5, 6 and 7—as a matter of law for at least the following reasons. ***First***, the only reasonable interpretation of the claim language, under the Court's construction, is that the server sends the first video file when the first format is most compatible or it sends the second video file when the second format is most compatible. But VideoShare does not allege—let alone provide evidence for—that the server ever sends the "first video file," which was the originally uploaded file, to the client, even if the first format is most compatible. Rather, VideoShare only argues that "a file in the most compatible format—a format that is both a first format and a second format—is sent,

8

meeting the claim limitation." ECF No. 262 at 5.  But the claim language does not support such an interpretation.  Instead, the claim language requires "sending the stored first video file or the stored second video file … depending on a compatibility … with the first or second format." '341 Patent, Claim 1, Limitation [f].  This claim language plainly requires that the first video *file* is sent when the first format is most compatible (and that the second video file is sent when the second format is most compatible); it does not, as VideoShare argues, only require that *a file in a format that is most compatible* is sent.  Simply stated, the claim language requires that a specific file be sent depending on the compatibility determination, and not that any file that has the same format as the most compatible format.

**Second**, VideoShare's infringement theory improperly rewrites or otherwise ignores claim language.  One potential improper rewrite is as follows: "the first server system sending ~~the stored first video file or the stored second~~ [a] video file … depending on … a compatibility of the second client with the first format or the second format."  Because VideoShare's infringement theory ignores certain claim language, VideoShare has (obviously) not provided evidence for the claim language it ignores.

**Third**, the Court agrees with Defendants that VideoShare's infringement theory "incorrectly reads the '*first* format' as referring to the format of a '*second* video file.'" ECF No. 269 at 3 (emphases original).  Based on the structure of the claim language, there is no support for interpreting the claim language in that way, nor does VideoShare provide any explanation that would justify such an interpretation.

Therefore, for the reasons described above, the Court **GRANTS** Defendants' Renewed JMOL of noninfringement.

### B. Defendants' Remaining Motions

Defendants also move for renewed JMOL or, in the alternative, remittitur or new trial for the following reasons:

- JMOL of noninfringement or, in the alternative, new trial:
    - The accused YouTube "first server system" does not determine which format is most compatible
    - YouTube does not consider the "first format"
- Renewed JMOL of no damages or, in the alternative, remittitur or a new trial:
    - VideoShare's damages evidence was disconnected from its untimely infringement theory
    - Videoshare's damages evidence also includes non-infringing views of videos uploaded outside the United States
- Renewed JMOL that the asserted claims are invalid under § 101
- Renewed JMOL that the asserted claims are invalid on claim preclusion grounds
- Renewed JMOL of unenforceability because the '341 patent expired due to terminal disclaimer

The Court has reviewed these motions, and after considering the applicable law and the parties' arguments, and concludes that they should be **DENIED**.

### IV.  CONCLUSION

In conclusion, for the reasons described, the Court **GRANTS-IN-PART** Defendants' Renewed JMOL of noninfringement (that YouTube does not send the "first video file" even if the "first format" is determined to be "most compatible") and **DENIES-IN-PART** Defendants' remaining motions for JMOL, or, in the alternative, remittitur or new trial.

**SIGNED** this 6th day of May, 2025.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE